1  VICTOR JIH, State Bar No. 186515
   Email: vjih@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  1900 Avenue of The Stars, 28th Floor
   Los Angeles, CA 90067
4  Telephone: (424) 446-6900
   Facsimile: (866) 974-7329
5
   ANTHONY J WEIBELL, State Bar No. 238850
6  Email: aweibell@wsgr.com
   WILSON SONSINI GOODRICH & ROSATI
7  Professional Corporation
   650 Page Mill Road
8  Palo Alto, California 94304-1050
   Telephone: (650) 493-9300
9  Facsimile: (866) 974-7329

10 *Attorneys for Defendants*
   *TikTok Inc. and ByteDance Inc.*
11
                 UNITED STATES DISTRICT COURT
12
        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
13

14
   BERNADINE GRIFFITH,                ) Case No.:  5:23-cv-00964-SB-E
15                                     )
              Plaintiff,               ) **DEFENDANTS TIKTOK INC.**
16                                     ) **AND BYTEDANCE INC.'S**
         v.                            ) **REQUEST FOR JUDICIAL**
17                                     ) **NOTICE IN SUPPORT OF THE**
   TIKTOK INC., et al,                 ) **MOTION TO DISMISS THE**
18                                     ) **COMPLAINT**
              Defendants.              )
19                                     ) Judge: Hon. Stanley Blumenfeld, Jr.
                                       ) Date: October 20, 2023
20                                     ) Time: 8:30 a.m.
                                       ) Place: Courtroom 6C
21                                     )
                                       ) Action Filed: May 26, 2023
22                                     ) Trial Date: None
                                       )
23                                     )
                                       )
24                                     )
                                       )
25                                     )
                                       )
26 _____ )

27

28

1    **I.      INTRODUCTION**

2            Defendants TikTok Inc. and ByteDance Inc. respectfully request that the

3    Court consider Exhibits A through J attached to the Declaration of Victor Jih ("Jih

4    Decl.") in Support of Defendants' Request for Judicial Notice, in connection with

5    Defendants' Motion to Dismiss Complaint, filed concurrently herewith.  These

6    Exhibits are properly before the Court under the incorporation by reference

7    doctrine.  This doctrine allows courts to consider documents that are "referenced

8    extensively" or "form the basis" of the claims, as long as there is no issue of

9    authenticity.  *Yoon v. Lululemon United States*, 549 F. Supp. 3d 1073, 1078 (C.D.

10   Cal. 2021).  These Exhibits include TikTok's Business Help Center referenced

11   throughout the Complaint, the Consumer Reports article that Plaintiff quotes, and

12   the three websites Plaintiff visited that give rise to her claims of disclosure.

13           In addition to the Exhibits incorporated by reference, Defendants ask the

14   Court to take judicial notice of Exhibit K of the Jih Decl., which contains sections

15   of the Legislative Counsel's Digest for AB 1671, as amended on March 17,

16   2016.  Legislative history is an appropriate candidate for judicial notice and can

17   thus be considered on a motion to dismiss.

18           Federal courts may take judicial notice of documents that are "not subject to

19   reasonable dispute because [they] . . . can be accurately and readily determined

20   from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid.

21   201(b).  Courts may consider documents incorporated by reference and matters of

22   judicial notice on a Rule 12(b)(6) motion to dismiss.  *United States v. Ritchie*, 342

23   F.3d 903, 908 (9th Cir. 2003).  Judicial notice is warranted because these Exhibits

24   are from publicly available websites and sources and their contents are not subject

25   to reasonable dispute.

26

27

28

## II. THE COURT CAN TAKE JUDICIAL NOTICE OF TIKTOK'S BUSINESS HELP CENTER

Plaintiff relies on and cites to TikTok's Business Help Center website to explain how the piece of code provided by TikTok operates. *See, e.g.*, Compl. ¶ 36 ("According to TikTok's own documentation, TikTok Pixel collects the following information . . . ."). Where a plaintiff proffers portions of a website, that entire website may be incorporated by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) ("[A] computer user necessarily views web pages in the context of the links through which the user accessed those pages.").

Here, the Court may consider two pages on TikTok's Business Help Center website. **Exhibit A** of the Jih Decl., is a true and accurate copy of the webpage titled, "*About TikTok Pixel*," which is publicly available at: https://ads.tiktok.com/help/article/tiktok-pixel?redirected=2, (last visited July 19, 2023). This page is specifically quoted in the Complaint. *See* Compl. ¶ 36. Plaintiff relies on the content of this page to support her allegations throughout the Complaint. *See e.g.*, *id.* ¶¶ 26, 30. **Exhibit B** of the Jih Decl. is a true and accurate copy of a webpage within TikTok's Business Help Center titled, "*About Events API*," which is publicly available at: https://ads.tiktok.com/help/article/events-api?lang=en, (last visited July 19, 2023). While not specifically referenced in the Complaint, this webpage is viewable and under the same section of TikTok's website as **Exhibit A** of the Jih Decl., the webpage that is referenced in the Complaint.

Courts routinely take judicial notice of publicly available websites and their contents. *See, e.g.*, *Wallster, Inc. v. Redbubble, Inc*., No. 2:22-cv-02958, 2022 WL 17371051, at *1 n.1 (C.D. Cal. Oct. 21, 2022) (judicially noticed defendant's online User Agreement and Intellectual Property Policy and User Agreement); *Yoon*, 549 F. Supp. 3d at *1079 (finding entire website proper for judicial

notice).  As the Business Help Center webpages are publicly available, and Plaintiff relies on their contents such that they cannot be subject to reasonable dispute, the webpages are proper for judicial notice.

## III.  THE COURT CAN TAKE JUDICIAL NOTICE OF THE CONSUMER REPORTS ARTICLE

A court may judicially notice news articles and Internet publications on a motion to dismiss "to prove the availability of information contained in the publications."  *See Lifeway Foods, Inc. v. Millenium Prods., Inc.*, No. 16-cv-7099-R, 2016 WL 7336721, at *1 (C.D. Cal. Dec. 14, 2016).

Plaintiff cites a September 29, 2022 Consumer Reports article to support her theory of how she was harmed by TikTok.  *See* Compl. ¶ 40.  **Exhibit C** of the Jih Decl. is a true and accurate copy of the CONSUMER REPORTS article titled, "*How TikTok Tracks You Across the Web, Even If You Don't Use the App*," published September 29, 2022, and is publicly available at: https://www.consumerreports.org/electronics-computers/privacy/tiktok-tracks-you-across-the-web-even-if-you-dont-use-app-a4383537813/, (last visited July 21, 2023).  The article is proper for judicial notice.

## IV.  THE COURT CAN TAKE JUDICIAL NOTICE OF THE WEBSITES PLAINTIFF ALLEGEDLY VISITED

Courts take notice of pages on publicly available websites, including sign-up flow and privacy policies or notices on websites.  *See, e.g.*, *Lacoste v. Keem*, No. 2:20-cv-02323-RGK (JPR), 2020 WL 5239110, at *2 n.2 (C.D. Cal. June 23, 2020) (judicial notice of the terms of service pages for Youtube, Twitter, Instagram, and Snapchat); *Roley v. Google LLC*, No. 18-cv-07537-BLF, No. 18-cv-07537-BLF, 2019 WL 1779974, at *1 n.2 (N.D. Cal. Apr. 23, 2019) (judicial notice of sign-up page); *Yuksel v. Twitter, Inc.*, No. 22-cv-05415-TSH, 2022 WL 16748612, at *2-3 (N.D. Cal. Nov. 7, 2022) (judicial notice of sign-up page and

terms of service); *Javier v. Assurance IQ, LLC*, No. 4:20-cv-02860-JSW, 2021 WL 940319, at *2 (N.D. Cal. Mar. 9, 2021) (judicial notice of privacy policy); *Evo Brands, LLC v. Al Khalifa Grp. LLC*, No. 2:22-cv-03909, 2023 WL 2768743, at *4-5 (judicial notice of archival images of a website on Wayback Machine).

  Plaintiff's Complaint is premised on the theory that her data was unlawfully collected, specifically on the websites Hulu, Etsy, and Build-a-Bear.  *See* Compl. ¶¶ 76-78.  Plaintiff alleges that the alleged sharing of her data on these websites was not disclosed.  *See id.* ¶¶ 42, 75-78.

- **Exhibit D** of the Jih Decl. is a true and correct copy of Hulu's Privacy Policy as linked from its website, via its parent company The Walt Disney Company, which is publicly available at: https://privacy.thewaltdisneycompany.com/en/current-privacy-policy/, (last visited July 19, 2023);

- **Exhibit E** of the Jih Decl. is a true and accurate copy of Hulu's Privacy Policy captured by the Internet Archive's Wayback Machine on January 21, 2017, and is publicly available at: https://web.archive.org/web/20170121010234/https://www.hulu.com/privacy, (last visited July 19, 2023); Plaintiff alleges that she visited the Hulu website from "time to time" since 2017.  Compl. ¶ 76;

- **Exhibit F** of the Jih Decl. is a true and accurate copy of a Hulu webpage titled, *Create Your Account*, which is publicly available at: https://signup.hulu.com/account, (last visited July 19, 2023);

- **Exhibit G** of the Jih Decl. is a true and accurate copy of Etsy's Privacy Policy which is publicly available at: https://www.etsy.com/legal/privacy-archived/, (last visited July 19, 2023);

- **Exhibit H** of the Jih Decl. is a true and accurate copy of a screenshot of a portion of Etsy's sign-in prompt, which is publicly available at: https://www.etsy.com/, (last visited July 19, 2023);
- **Exhibit I** of the Jih Decl. is a true and accurate copy of Build-a-Bear Workshop's Privacy Policy, which is publicly available at: https://www.buildabear.com/privacy-policy.html#k, (last visited July 19, 2023);
- **Exhibit J** of the Jih Decl. is a true and correct copy of a screenshot of a notice on Build-a-Bear Workshop's homepage titled, *This Websites Uses Cookies*, which is publicly available at: https://www.buildabear.com, (last visited July 19, 2023).

These websites and the webpages cited are proper for judicial notice.

## V.   THE COURT CAN TAKE JUDICIAL NOTICE OF THE LEGISLATIVE HISTORY OF CAL. PENAL CODE § 632

Courts in this District routinely take notice of legislative history as such documents fit squarely within Federal Rule of Evidence 201.  *See Gonzales v. Marriott Int'l, Inc.*, 142 F. Supp. 3d 961, 968 (C.D. Cal. 2015) (collecting cases).

The legislative history of Cal. Penal Code § 632 is appropriately the subject of judicial notice.  **Exhibit K** of the Jih Decl. is a true and correct copy of Assemb. Bill No. 1671 (2015-2016 Reg. Sess.) as amended March 17, 2016, which is publicly available at: http://www.leginfo.ca.gov/pub/15-16/bill/asm/ab_1651-1700/ab_1671_bill_20160317_amended_asm_v98.html, (last visited July 19, 2023).

## VI.   CONCLUSION

For these reasons, Defendants respectfully request that the Court consider **Exhibits A-J** as incorporated by reference, deem **Exhibits A-K** as judicially noticeable, and consider these Exhibits in connection with Defendants' Motion.

1

2    Dated: July 24, 2023                    WILSON SONSINI GOODRICH & ROSATI

3                                            Professional Corporation

4
                                            By:    /s/ Victor Jih
5                                                   Victor Jih

6                                            *Attorney for Defendants*

7                                            TIKTOK INC. and BYTEDANCE INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28