VICTOR JIH, State Bar No. 186515
Email: vjih@wsgr.com
SOPHIA M. MANCALL-BITEL, State Bar No. 337002
Email: smancallbitel@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of The Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Facsimile: (866) 974-7329

ANTHONY J WEIBELL, State Bar No. 238850
Email: aweibell@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329

*Attorneys for Defendants*
*TikTok Inc. and ByteDance Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BERNADINE GRIFFITH,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK INC., et al.,<br><br>Defendants. | Case No.: 5:23-cv-00964-SB-E<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY REGARDING WEBSITES WITH TIKTOK SDK INSTALLED, DAMAGES CALCULATION, AND CUSTODIANS**<br><br>Magistrate Judge: Hon. Charles Eick<br>Date/Time: Oct. 20, 2023 at 9:30 AM<br>Place: Courtroom 750<br>255 East Temple St., Los Angeles, CA 90012<br><br>Discovery Cutoff Date: 5/10/24<br>Pretrial Conference Date: 9/13/24<br>Trial Date: 9/30/24 |

Defendants TikTok Inc. and ByteDance Inc. respectfully submit this Supplemental Memorandum in Opposition to Plaintiff's Motion to Compel Discovery (the "Motion," ECF No. 50). This Supplemental Memorandum is supported by the Declaration of Sophia M. Mancall-Bitel submitted herewith.

## I. INTRODUCTION AND STATEMENT OF UPDATED FACTS

Plaintiff's Motion was premature when filed on September 28, and is now largely moot. Defendants have always been on track to produce the requisite discovery as soon as they could practicably do so, yet Plaintiff chose to file her Motion anyway despite these assurances. The basis for Plaintiff's urgency was unclear at the time, and is now all the more puzzling in light of Plaintiff's newly-stated intention to move to amend her complaint. Declaration of Sophia M. Mancall-Bitel, October 6, 2023 ("Mancall-Bitel Dec."), Ex. 7. With the content of Plaintiff's pleading up in the air, there is no way for the parties to know the scope of the case (and thus discovery) now.

In any event, the Court should reject this Motion as moot because Defendants have now produced, and are in the process of producing, substantive documents that reasonably cover each of the three categories described in Plaintiff's Motion. Defendants informed Plaintiff they were making best efforts to do so before she filed. Mancall-Bitel Dec. Ex. 5. The remainder of what Plaintiff asks this Court to compel (1) does not exist, (2) is unreasonably burdensome and disproportionate to the needs of this case, or (3) TikTok is looking into the request. *See* ECF No. 50-2 at 16-17, 24–25, 31–32.

The Motion requests that the Court compel three overarching categories of documents: (1) "the comprehensive list of websites" that use or used the Pixel (as well as any specially-negotiated contractual terms between *any* website and TikTok), (2) TikTok's alleged use of and value derived from data that cannot be matched to a TikTok user, and (3) individuals at TikTok with relevant knowledge.

With respect to the first category, on September 29, Defendants produced a list of 100,000 advertiser accounts that used the Pixel and/or Events API at some time during this year-to-date, with an explanation that Defendants were hitting export limitations beyond 100,000 entries and working to address those limitations. Mancall-Bitel Dec. Ex. 3. Defendants have also produced all data-related agreements between TikTok and the three websites Plaintiff alleges she visited. This includes the general Business Products (Data) Terms, produced on August 18, as well as individually-negotiated contracts with the three websites she visited, produced on October 6. Mancall-Bitel Dec. ¶¶ 2, 8. Defendants also notified Plaintiff on October 6 that TikTok has entered into 2,390 agreements with advertisers that deviate from the standard online TikTok For Business Commercial Terms of Service that TikTok typically requires advertisers to accept. An individual review of each agreement for bespoke data terms is unduly burdensome and disproportionate to the needs of this case. Mancall-Bitel Dec. Ex. 6.

With respect to the second category, Defendants produced on September 29 and October 6, and are in the process of producing, documents sufficient to show the limited ways in which TikTok uses aggregated and deidentified unmatched user data. Mancall-Bitel Dec. Exs. 3–5. This includes sample reports as well as numerous documents explaining how advertisers can run the reports and the various metrics they may implement. Mancall-Bitel Dec. ¶¶ 6, 8.

With respect to the third category, Defendants produced their Amended Responses and Objections to Plaintiff's First Set of Interrogatories on September 29 (the "Amended R&Os"). Those Amended R&Os identified eight individuals with unique, relevant knowledge of the subject matter of this litigation, as well as their current titles and the categories of information they possess.

## II. ARGUMENT

Since the Motion was filed, Defendants have produced documents that squarely address Plaintiff's purported concerns (as Defendants represented they would before Plaintiff filed). To the extent the Motion is premised on the production of these documents, the motion is of course moot. *See, e.g., S. Cal. Edison Co. v. Greenwich Ins. Co.*, No. 2:22-cv-05984-JFW-JC, 2023 WL 5506018, at *11 (C.D. Cal. July 17, 2023) (denying motion to compel because defendant responded to RFPs at issue); *Taylor v. Stave, Inc.*, No. CV15-04190-FMO (ASx), 2016 WL 7626439, at *2 (C.D. Cal. Feb. 18, 2016) (because defendant responded to RFPs, motion to compel moot); *Jones v. United States*, No. CV 11-2242-DOC (SP), 2014 WL 12853504, at *1 (C.D. Cal. Mar. 10, 2024) (motion to compel moot because "it appear[ed] that defendant ha[d] agreed to produce—and [. . .] should have produced—all, or substantially all, of the documents it ha[d] that [we]re responsive").

**List of Advertisers (RFP 1) and Agreements with Advertisers (RFP 23).** Much of the Motion focuses on Plaintiff's request for a list of all advertisers that use or have used the Pixel. *See* ECF No. 50-2 at 7-9. As Defendants have now produced a list of 100,000 advertiser accounts using the Pixel and/or Events API, Plaintiff's objections to the previously-produced list, *see* ECF No. 50-2 at 9, are irrelevant. Plaintiff has not identified any reason as to why she needs more than the extensive list Defendants produced on September 29. As explained in the Joint Stipulation, there is no need to identify every putative class member before a class is certified. ECF No. 50-2 at 16. Regardless, TikTok is actively investigating whether it is possible to identify legacy data from before the calendar year-to-date period, as well as whether it is possible to export information about more than 100,000 advertiser accounts from the database. Mancall-Bitel Dec. Ex. 5.

Defendants have also produced all relevant agreements between the websites Plaintiff visited and TikTok, as well as the general public terms covering Pixel use by third-party websites. Mancall-Bitel Dec. ¶¶ 2, 8; *id.* Exs. 1, 4. To the extent that Plaintiff's Motion seeks *all* negotiated terms with *all* advertisers using the Pixel, it should be denied. Setting aside serious burden concerns, *see* Mancall-Bitel Dec. Exs. 5, 6, Plaintiff is not entitled to these documents. Where a plaintiff seeks classwide discovery prior to class certification, she has the burden of showing that Rule 23's requirements are satisfied or that the discovery is likely to produce "substantiation of the class allegations." *Mantolete v. Berger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *see also AdTrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF (VKD), 2019 WL 93504, at *3 (N.D. Cal. Jan. 3, 2019) (denying motion to compel precertification discovery from defendant regarding putative class members). Plaintiff demands production of individually-negotiated terms with advertisers whose websites she did not visit. ECF No. 50-2 at 13. These documents are irrelevant to her individual claims. But Plaintiff has not come close to the requisite showing, as articulated in *Mantolete*. For the reasons explained in the parties' Joint Rule 26(f) Report and Discovery Plan, her proposed class is not certifiable. ECF No. 27 at 19. And individually-negotiated agreements with advertisers would not substantiate class allegations; they can only undermine them by demonstrating the extent to which individualized issues pervade.

**Documents Regarding TikTok's Use or the Value of Non-TikTok User Data (RFPs 18, 44, 49, 50, 54, 56).** Defendants' recent productions include documents that address all identified ways that TikTok "uses" unmatched data. Plaintiff has not identified what else she reasonably needs, so this portion of the Motion should be denied as moot. *See Taylor*, 2016 WL 762439, at *2.

Plaintiff complains in the Joint Stipulation about Defendants' offer to provide a sample report. ECF No. 50-2 at 22. But Defendants also produced (as

they informed Plaintiff they would prior to filing) a number of documents explaining these reports, including the types of reports advertisers can run and the metrics, dimensions and filters that can be applied to the reports. Mancall-Bitel Dec. ¶ 6. As these documents show, the purpose of the reports is to understand the results of an advertiser's ad campaign on the TikTok platform. ECF No. 50-3 at 26. Unmatched data is thus "used," if at all, to show advertisers how much of their website data even matched to a TikTok user. Plaintiff does not, and cannot, explain why she needs *every report ever run* to test this simple proposition. Nor would Defendants be in a position to produce all of those reports, as they are typically run by and belong to the advertisers themselves. ECF No. 50-3 at 26.

In a show of good faith and transparency, Defendants also produced on October 6, and are in the process of producing, documents identifying the limited ways TikTok may use aggregated and deidentified unmatched data, even though such uses cannot support any of her claims. *See, e.g.*, *Cahen v. Toyota Motor Corp.*, 717 F. App'x 720, 724 (9th Cir. 2017) (collection of "non-individually identifiable" data insufficient to "cause an actual injury"). Plaintiff has not identified any other information about these "uses" that she reasonably needs to pursue her claims.

As to the alleged "value" of the unmatched data, the Motion should be denied for the reasons explained in the Joint Stipulation. ECF No. 50-2 at 23–25.

**Individuals with Relevant Knowledge (RFPs 14, 15, 17, 46).** Plaintiff asserts in the Joint Stipulation that she "must know the relevant personnel in Defendants' organization who have knowledge on the interception and collection of Non-TikTok User Data." ECF No. 50-2 at 29. She now has that information. This portion of the Motion should be denied as moot. *See, e.g., S. Cal. Edison Co*, 2023 WL 5506018, at *11.

Dated: October 6, 2023

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Sophia M. Mancall-Bitel
Sophia M. Mancall-Bitel

*Attorney for Defendants*
TIKTOK INC. and BYTEDANCE INC.