Y. Gloria Park (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1301 Ave. of the Americas
32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
gpark@susmangodfrey.com

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BERNADINE GRIFFITH, PATRICIA SHIH, RHONDA IRVIN, MATTHEW RAUCH, JACOB WATTERS, individually and on behalf of all others similarly situated,

          Plaintiffs,

vs.

TIKTOK, INC., a corporation; BYTEDANCE, INC., a corporation

          Defendants.

Case No. 5:23-cv-00964-SB-E

**DECLARATION OF Y. GLORIA PARK**

I, Y. Gloria Park, hereby declare under penalty of perjury that the following is true and correct:

1.   I am over the age of twenty-one (21) years and employed as an associate at Susman Godfrey L.L.P. and counsel of record of Plaintiffs in the above-captioned litigation. I submit this Declaration in support of Plaintiffs' Motion to Compel Discovery Regarding the Data Collected on Non-TikTok Users and Changes Made to the TikTok SDK.

2.   I am competent to testify to the matters stated in this Declaration and have personal knowledge of the facts and statements in this Declaration.

3.   Attached as Exhibit 1 is a true and correct copy of the Court's Case Management Order, dated September 8, 2023.

4.   Attached as Exhibit 2 is a true and correct copy of an August 25, 2023 letter sent by Plaintiffs' counsel Michael Gervais to Defendants' counsel.

5.   Attached as Exhibit 3 is a true and correct copy of an August 30, 2023 letter sent by Defendants' counsel Sophia Mancall-Bitel to Plaintiff's counsel.

6.   Attached as Exhibit 4 is a true and correct copy of a September 6, 2023 letter sent by Plaintiffs' counsel Michael Gervais to Defendants' counsel.

7.   Attached as Exhibit 5 is a true and correct copy of a September 19, 2023 letter sent by Defendants' counsel Sophia Mancall-Bitel to Plaintiff's counsel.

8.   Attached as Exhibit 6 is a true and correct copy of an October 24, 2023 letter sent by Plaintiffs' counsel Michael Gervais to Defendants' counsel.

9.   Attached as Exhibit 7 is a true and correct copy of e-mail correspondence between Plaintiffs' counsel and Defendants' counsel, with the most recent e-mail in the chain dated October 19, 2023.

10.   Attached as Exhibit 8 is a true and correct copy of e-mail correspondence between Plaintiffs' counsel and Defendants' counsel, with the most recent e-mail in the chain dated October 27, 2023.

11.   Attached as Exhibit 9 is a true and correct copy of an August 28, 2023

letter sent by Plaintiffs' counsel Greg Linkh to Defendants' counsel.

12. Attached as Exhibit 10 is a true and correct copy of a September 6, 2023 letter sent by Defendants' counsel Sophia Mancall-Bitel to Plaintiff's counsel.

13. Attached as Exhibit 11 is a true and correct copy of e-mail correspondence between Plaintiffs' counsel and Defendants' counsel, with the most recent e-mail in the chain dated September 15, 2023.

14. Attached as Exhibit 12 is a true and correct copy of e-mail correspondence between Plaintiffs' counsel and Defendants' counsel, with the most recent e-mail in the chain dated September 28, 2023.

15. Attached as Exhibit 13 is a true and correct copy of e-mail correspondence between Plaintiffs' counsel and Defendants' counsel, with the most recent e-mail in the chain dated October 27, 2023.

Executed in New York, New York, on the 1st day of November, 2023.

*/s/ Gloria Park*
Gloria Park

DECLARATION OF Y. GLORIA PARK

EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADINE GRIFFITH, | Case No. 5:23-cv-00964-SB-E |
| Plaintiff, | |
| v. | CASE MANAGEMENT ORDER |
| TIKTOK, INC. et al., | |
| Defendants. | |

## PLEASE READ THIS ORDER (AND ATTACHMENT) CAREFULLY

The complaint was filed on May 26, 2023; and Defendants moved to dismiss on July 24, 2023.

The Court has reviewed the Joint Rule 26(f) Report and sets the pretrial and trial dates noted in the table below based on an evaluation of the complexity of the case. The deadlines below will *not* be continued absent *a timely showing of good cause*. **Good cause** requires a specific, detailed, timely, and non-conclusory showing of diligence from the outset of the case, describing: (i) all relevant work previously done (including when each item was completed), (ii) all relevant work that remains to be done, (iii) why the remaining work could not previously have been done (including efforts made to complete each remaining item), and (iv) why the amount of time requested is needed to complete the remaining work. *The **Attachment to this Order** describes the requirements in more detail, and failure to comply with them will result in denial of the request with prejudice.*

| Trial ☐ Court ☒ Jury (Mon., 8:30 a.m.) | September 30, 2024 |
|---|---|
| **Pretrial Conference** (Fri., 10:00 a.m.) (including hearing on motions in limine) | September 13, 2024 |
| **Motion to Amend Pleadings/Add Parties** (Hearing Deadline) | November 13, 2023 |
| **Class Certification[1]** | |
| Motion for Class Certification | February 9, 2024 |
| Opposition to Motion for Class Certification | February 23, 2024 |
| Reply Brief in Support of Class Certification | March 1, 2024 |
| Motion for Class Certification Hearing | March 15, 2024 |
| **Discovery Deadline – Nonexpert** | May 10, 2024 |
| **Discovery Deadline – Expert** | June 7, 2024 |
| Initial Expert Disclosure | April 26, 2024 |
| Rebuttal Expert Disclosure | May 10, 2024 |
| **Discovery Motion Hearing Deadline[2]** | June 7, 2024 |
| **Non-Discovery Motion Hearing Deadline** | June 21, 2024 |
| **Settlement Conference Deadline** ☐ 1. Mag. J. ☐ 2. Panel ☒ 3. Private | July 5, 2024 |
| **Post-Settlement Status Conf.** (Fri., 8:30 a.m.): | July 19, 2024 |
| Status Report Due (7 days before *by 9:00 a.m.*): | July 12, 2024 |
| **Trial Filings (First Set) Deadline** | August 16, 2024 |
| **Trial Filings (Second Set) Deadline** | August 30, 2024 |

[1] If the parties prefer a more extended briefing schedule, they are free to agree—without seeking leave of Court—to earlier deadlines for the motion and opposition.

[2] A motion seeking or opposing further nonexpert discovery must be heard on or before the nonexpert discovery deadline.

2

All motion deadlines reflect *the last day when a motion may be heard*, and a hearing must be set on *an open hearing date*.  Consult the Court's website before scheduling a hearing to determine availability.  A party that waits until the last day to have a motion heard on a date that turns out to be unavailable risks having the motion stricken and not heard.

The parties should plan to complete discovery far enough in advance of the discovery deadline to allow for the filing of a discovery motion if necessary and for completion of the discovery allowed if relief is granted.  Delaying discovery (e.g., a deposition) until receiving other discovery (e.g., written discovery)—or deciding not to conduct a deposition remotely—generally does not constitute good cause to continue the discovery or other deadlines.  The parties should take this risk into account when deciding whether to engage in strategic ordering of discovery or to conduct in-person depositions.

The parties, their counsel, and their witnesses should be prepared to trail for up to 30 days from the trial date if needed.

**cc:  ADR**

Date: September 8, 2023

_____

Stanley Blumenfeld, Jr.
United States District Judge

**ATTACHMENT**

The parties should prepare this case without expecting an extension of any pretrial or trial deadline, even if the extension request is by stipulation. The Court applies the same standard of good cause for all requests (whether opposed or unopposed).

A continuance will be granted only for good cause as defined in the Order above. The showing shall be placed in a table in chronological order and shall include *all* discovery and significant procedural events from the outset of the case in the format illustrated below.

| Date | Pty | Event | Explanation |
|------|-----|-------|-------------|
| | | **Completed Work** | |
| __/__/__ | Π | Complaint | |
| __/__/__ | Δ | Answer | |
| __/__/__ | Π | Initial Disclosures | |
| __/__/__ | Δ | Initial Disclosures | |
| __/__/__ | Π | Interrog., RFPs, RFAs (Set #1)[3] | |
| __/__/__ | Δ | Interrog., RFPs, RFAs (Set #1) | |
| __/__/__ | Π | Smith Depo | |
| | | **Remaining Work[4]** | |
| __/__/__ | Π | Jones Depo | Detail: (1) why it was not already done; (2) prior efforts to complete it; and (3) why the amount of time requested is necessary. |

The requesting party/parties also must submit a proposed order *in Word format* using the exact "CMO Continuance Order template" provided on the Court's website.

> ### *Failure to comply with the above requirements will result in the denial of the request with prejudice.*

[3] Each discovery item (e.g., RFAs) must be separately listed *unless* they all occurred on the same date.

[4] Each remaining discovery item must be listed separately with a proposed date for completion in the first column, the party taking the discovery in the second column, a description of the discovery in the third column, and an explanation in the fourth column of (1) why the discovery was not already done, (2) the prior efforts to complete it, and (3) why the amount of time requested is necessary.

# EXHIBIT 2

SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100
FAX (310) 789-3150
WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 3000 | 32ND FLOOR |
|---|---|---|
| 1000 LOUISIANA STREET | 401 UNION STREET | 1301 AVENUE OF THE AMERICAS |
| HOUSTON, TEXAS 77002-5096 | SEATTLE, WASHINGTON 98101-2683 | NEW YORK, NEW YORK 10019-6023 |
| (713) 651-9366 | (206) 516-3880 | (212) 336-8330 |

MICHAEL GERVAIS
DIRECT DIAL (310) 789-3130

E-MAIL MGERVAIS@SUSMANGODFREY.COM

August 25, 2023

VIA ELECTRONIC MAIL
PROVIDED THROUGH COUNSEL

TikTok, Inc.
ByteDance, Inc.
c/o Victor Jih
Wilson Sonsini Goodrich & Rosati, P.C.
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067

RE:   *Bernadine Griffith v. TikTok, Inc., et al.*, Case No. 5:23-cv-009640-SB-E (C.D. Cal.).

Dear Counsel:

    We write to confirm that Defendants are taking all necessary steps and precautions to preserve all electronically stored information ("ESI") that relate in any way to the litigation between the parties. Defendants should already have issued instructions to directors, managers, committees, boards, supervisors, employees, IT personnel, attorneys, and anyone else acting on behalf of or within the control of the Defendants to preserve evidence and to suspend destruction of ESI during the pendency of this lawsuit. Nonetheless, Plaintiff writes this letter out of an abundance of caution in light of Defendants' inconsistent statements about what ESI they consider within the scope of discovery in this litigation.[1] In light of concerning statements by Defendants' counsel on the parties' August 24, 2023 conference that Defendants periodically "purge" non-TikTok user data collected through the TikTok SDK (including the

---

[1] *Compare* Rule 26(f) Report, Dkt. 27, at 14 ("Defendants maintain their position that discovery will be limited and discrete. The only third-party websites from which the parties need discovery are the three websites alleged in the Complaint."), *with* Defendants' Responses and Objections to Plaintiff's First Set of RFPs (Aug. 10, 2023), at 7 ("TikTok will produce non-privileged documents sufficient to show all third-party websites that use or have used the Pixel or Events API").

TikTok Pixel and TikTok Events API), Plaintiff also seeks to ensure that there is no misunderstanding about certain categories of ESI that Defendants must preserve.

Defendants are obligated to preserve, and cause their employees, agents, and affiliates to preserve, all documents, tangible things, and ESI potentially relevant to this litigation. Defendants' preservation should include, at a minimum, three categories of ESI: (1) ESI to identify class members, (2) ESI to identify the information Defendants collected from class members, and (3) ESI to identify the ways in which Defendants used the information they collected, including Defendants' enrichment.

Data relating to the above three categories are indisputably relevant to this litigation, and Plaintiff will seek this data in connection with her class certification motion and expert work. It is our understanding from the parties' August 24, 2023 conference that Defendants periodically "purge" non-TikTok user data collected through the TikTok SDK (including the TikTok Pixel and TikTok Events API). Defendants should have suspended that data-purging cycle to preserve all non-TikTok user data falling in the above three categories during the pendency of this lawsuit. If Defendants have not already done so, they should immediately do so now to prevent further spoliation of relevant data.

This preservation obligation is limited to data of non-TikTok users, which preempts any potential objection from Defendants about overbreadth and undue burden. In fact, Defendants have already represented to the Court that it can and does "separate[] data about its users from non-users like Plaintiff." Defendants' Motion to Dismiss (Dkt. 24), at 1.

Please confirm that Defendants have taken all necessary steps to preserve data relating to the above three ESI categories and that they have suspended their standard data-purging process to prevent the spoliation of that data. Plaintiff is available to meet and confer on Defendants' data preservation obligations.

Sincerely,

Michael Gervais

CC: Counsel of Record

# EXHIBIT 3

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1900 Avenue of the Stars
Suite 2800
Los Angeles, California 90067-4301

O: 424.446.6900
F: 866.974.7329

Sophia M. Mancall-Bitel
Email:  smancallbitel@wsgr.com
Direct dial:  (424) 446-6921

August 30, 2023

Michael Gervais
Susman Godfrey L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067

> **Re:**  *Bernadine Griffith v. TikTok, Inc., et al.*, Case No. 5:23-cv-00964-SB-E (C.D. Cal.)

Dear Counsel:

We write in response to Plaintiff's letter dated August 25, 2023 regarding data preservation in the above-referenced matter.

As explained on the parties' August 24, 2023, meet-and-confer, Defendants have taken all necessary steps to preserve all documents and electronically stored information ("ESI") relevant to this litigation.  This includes documents sufficient to show the types of data that are collected via the Pixel and Events API relating to TikTok users or others.

With respect to the actual data received from third-party websites that does *not* pertain to TikTok users, such data would not have been retained in the ordinary course of business beyond a limited amount of time after TikTok has determined that the data cannot be matched to a TikTok user.  This practice was put in place well before the commencement of this litigation due to its irrelevance, to avoid the collection of data pertaining to non-TikTok users, and to avoid the enormous cost of storing such an immense amount of data.  Consequently, TikTok is not in possession of any such data except for a limited ongoing period.  Because we understand that such data is not associated with any specific person, it is not practical for TikTok to attempt to separate out what data, if any, would have come from Plaintiff or the class members.

If Plaintiff would nonetheless like to preserve the data in TikTok's possession that falls into this category, the parties will need to meet and confer regarding appropriate cost-shifting,

**WILSON
SONSINI**

Michael Gervais
August 30, 2023
Page 2

as it would be outside of Defendants' normal course of business practices and unduly
burdensome and costly for TikTok to attempt to store such a huge amount of data.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Sophia M. Mancall-Bitel*

Sophia M. Mancall-Bitel

cc:     Counsel of Record

EXHIBIT 4

SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100
FAX (310) 789-3150
WWW.SUSMANGODFREY.COM

---

SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366

---

SUITE 3000
401 UNION STREET
SEATTLE, WASHINGTON 98101-2683
(206) 516-3880

---

32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330

---

MICHAEL GERVAIS
DIRECT DIAL (310) 789-3130

E-MAIL MGervais@susmangodfrey.com

September 6, 2023

VIA ELECTRONIC MAIL
PROVIDED THROUGH COUNSEL

TikTok, Inc.
ByteDance, Inc.
c/o Sophie Mancall-Bitel
Wilson Sonsini Goodrich & Rosati, P.C.
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067

> Re: *Bernadine Griffith v. TikTok, Inc., et al.,*
> Case No.: 5:23-cv-009640-SB-E (C.D. Cal.)

Dear Counsel:

We write in response to Defendants' August 30, 2023, letter regarding data preservation. Defendants' letter confirms that only documents "sufficient to show the **types of data**" collected through the TikTok SDK are being preserved. Yet, the underlying data collected on non-TikTok users continues to be purged. It is highly concerning to Plaintiff that Defendants appear to be deleting evidence relevant to her claims.

We also do not understand how TikTok can, on the one hand, identify, for the purposes of deleting on an ongoing basis, "data received from third-party websites that does not pertain to TikTok users" and, on the other, claim that "it is not practical for TikTok to attempt to separate out what data, if any, would have come from Plaintiff or the class members." Those appear to be the same thing.

Further illustrating the inconsistencies in your letter, TikTok spokesperson Melanie Bosselait told *Consumer Reports* in or about September 2022 that TikTok uses non-TikTok user data to create "aggregated reports" that TikTok sends to advertisers about their websites. This admission suggests that TikTok can and does segregate non-TikTok user data from TikTok user data, and

September 6, 2023
Page 2

that TikTok stores such non-TikTok user data for some period of time sufficient to create the aggregated reports. Moreover, this admission suggests that TikTok may still retain such non-TikTok user data to the extent TikTok retains copies of the aggregated reports.

As explained in Plaintiff's letter dated August 25, 2023, Defendants should, at a minimum, be preserving (1) ESI to identify class members, (2) ESI to identify the information Defendants collected from class members, and (3) ESI to identify the ways in which Defendants used the information they collected, including Defendants' enrichment. This data is critical for identifying class members at class certification, as well as determining the amount of damages owed to Plaintiff and class members.

Defendants' ongoing destruction of relevant data is even more concerning in light of Plaintiff's June 27, 2023, RFPs—including RFP Nos. 7, 8, 10, 11, 13, 18, 20, 50—that requested the production of this very data.

By September 18, 2023, please provide the following information so that Plaintiff can better understand and assess the implication of Defendants' data destruction:

- Identify the specific data logs that contain data on non-TikTok users collected through the TikTok SDK.

- Identify exactly what data Defendants are deleting and provide a sample of that data comprising all such data received, generated, or processed on September 11, 2023.

- Identify the duration for which the data identified in response to the above question is in Defendants' possession before being deleted.

- Identify the process of creating the aggregated reports sent to advertisers about their websites, including the amount of time between the initial collection of non-TikTok user data and the completion of such reports, as well as TikTok's practices concerning retention of copies of such reports.

Sincerely,

*/s/ Michael Gervais*
Michael Gervais

CC: Counsel of Record

EXHIBIT 5

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1900 Avenue of the Stars
Suite 2800
Los Angeles, California 90067-4301

O: 424.446.6900
F: 866.974.7329

Sophia M. Mancall-Bitel
Email:  smancallbitel@wsgr.com
Direct dial:  (424) 446-6921

September 19, 2023

Michael Gervais
Susman Godfrey L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067

Re:     ***Bernadine Griffith v. TikTok, Inc., et al.***, Case No. 5:23-cv-00964-SB-E (C.D. Cal.)

Dear Counsel:

We write in response to Plaintiff's letter dated September 6, 2023 regarding data preservation in the above-referenced matter.

First, we must correct the record.  Defendants are not, as Plaintiff alleges, "deleting evidence relevant to [Plaintiff's] claims."  Plaintiff misrepresents Defendants' August 30 letter in claiming that it "confirms that <u>only</u> documents 'sufficient to show the types of data'" are being retained.  Sept. 6 Ltr. at 1 (emphasis added).  In that letter, Defendants were clear: "Defendants have taken all necessary steps to preserve *all documents and electronically stored information* ('ESI') relevant to this litigation."  Ltr. from S. Mancall-Bitel to M. Gervais, Aug. 30, 2023, at 1 (emphasis added).

Plaintiff characterizes as inconsistent Defendants' statements that (1) Defendants do not retain in the ordinary course of business beyond a limited amount of time "data received from third-party websites that does not pertain to TikTok users" and (2) "it is not practical for TikTok to attempt to separate out what data, if any, would have come from Plaintiff or the class members."  But these statements are entirely consistent in the context of TikTok's matching process, as described during the September 8 hearing.  When TikTok receives data from an advertiser via the Pixel, it may attempt to match that data to a specific user.  If the data does not match, then TikTok does not retain it beyond a limited period of time (less than one month).  That is what the first statement describes.  The second statement pertains to a different issue, which is the possibility of parsing the unmatched data to determine whether any specific event shared by an advertiser came from Plaintiff or another purported class member (i.e., another non-TikTok user who resides in the United States).  Without a match to a specific TikTok user, TikTok simply does not know who that data comes from.  Because the email addresses and phone numbers that TikTok receives via the Pixel are hashed before receipt,

**WILSON SONSINI**

Michael Gervais
September 19, 2023
Page 2

TikTok cannot search for a specific email or phone number.[1]  TikTok often does not even know whether the data came from the United States.  Nor does all of the unmatched data belong to non-TikTok users.  The websites themselves decide what data to share (by configuring the Pixel), and the events and parameters they set often lead to those sites' sharing data without enough information to even determine if the person is a TikTok user.

 For the same reason, the statement in the September 2022 *Consumer Reports* article does not "suggest[] that TikTok can and does segregate non-TikTok user data from TikTok user data."  *See* Sept. 6 Ltr. at 1.  And, of course, an aggregated report that informs an advertiser about how many of its events matched to TikTok users would be useless in attempting to identify non-users.  In any event, Defendants will search for information in their possession, custody or control about the type of reports created.

 Put simply, Defendants have <u>never</u> been in possession of "ESI to identify class members" or "ESI to identify the information Defendants collected from class members."  This is one of many problems with Plaintiff's desire to proceed with this case as a class action.

 Plaintiff also demands that Defendants provide several categories of information.  Defendants provide the information below in the hopes that the parties can put this issue to rest.

- <u>Identify the specific data logs that contain data on non-TikTok users collected through the TikTok SDK.</u>  Data received from third-party websites via the Pixel and Events API that cannot be matched to a TikTok user and comes from the U.S. or cannot be traced to a specific location goes through several databases for processing in real time, which is typically accomplished in a matter of hours (if not less), and then is retained for a limited amount of time (less than one month) in the Texas server.

- <u>Identify exactly what data Defendants are deleting and provide a sample of that data comprising all such data received, generated, or processed on September 11, 2023.</u>  Defendants will look for and provide relevant information in their possession, custody or control.  Information on the types of data that Defendants receive and eventually destroy following the matching process and retention period is publicly available.[2]

- <u>Identify the duration for which the data identified in response to the above question is in Defendants' possession before being deleted.</u>  As Defendants explained during the

---

 [1] *See* https://ads.tiktok.com/help/article/advanced-matching-web?lang=en ("As per standard industry practice, customer emails and phone numbers will be hashed with SHA256 before reaching TikTok servers for matching.").

 [2] *See* https://business-api.tiktok.com/portal/docs?id=1741601162187777.

**WILSON SONSINI**

Michael Gervais
September 19, 2023
Page 3

hearing on September 8 and above, if the data cannot be matched to a TikTok user, it is deleted in less than one month.

- Identify the process of creating the aggregated reports sent to advertisers about their websites, including the amount of time between the initial collection of non-TikTok user data and the completion of such reports, as well as TikTok's practices concerning retention of copies of such reports. After an advertiser decides to use and installs the Pixel on its website, the advertiser would then set up its ads to run on TikTok. Shortly after, the advertiser can set up reports to see the results of its ad campaign. Advertisers typically create their own aggregated reports to view, organize, and analyze their data.[3] Advertisers select the dimensions and metrics they would like to see in their reports. Advertisers can either set a schedule to receive automatically generated reports that are delivered via email or run their report for immediate export and download. For scheduled reports, advertisers will receive the scheduled email immediately after data processing is completed, which typically takes a matter of hours, depending on the volume of data. The aggregated reports belong to the advertisers.

Defendants will make best efforts to provide information relevant to this letter that is in Defendants' possession, custody or control by September 29. Should Plaintiff have questions about the information provided in this letter, Defendants are happy to meet and confer.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Sophia M. Mancall-Bitel*

Sophia M. Mancall-Bitel

cc:     Counsel of Record

---

[3] *See* https://ads.tiktok.com/help/article/create-manage-reports?lang=en.

# EXHIBIT 6

SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100
FAX (310) 789-3150
WWW.SUSMANGODFREY.COM

| | | |
|---|---|---|
| Suite 5100 | Suite 3000 | 32nd Floor |
| 1000 Louisiana Street | 401 Union Street | 1301 Avenue of the Americas |
| Houston, Texas 77002-5096 | Seattle, Washington 98101-2683 | New York, New York 10019-6023 |
| (713) 651-9366 | (206) 516-3880 | (212) 336-8330 |

Michael Gervais
Direct Dial (310) 789-3130

E-Mail MGervais@susmangodfrey.com

October 24, 2023

VIA ELECTRONIC MAIL
PROVIDED THROUGH COUNSEL

TikTok, Inc.
ByteDance, Inc.
c/o Sophie Mancall-Bitel
Wilson Sonsini Goodrich & Rosati, P.C.
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067

> Re:  *Bernadine Griffith, et al. v. TikTok, Inc., et al.,*
> Case No.: 5:23-cv-009640-SB-E (C.D. Cal.)

Dear Counsel,

We write regarding to Defendants' ongoing deletion of data relevant to this case. In previous correspondence between the parties and before Judge Blumenfeld, Defendants represented that Non-TikTok User Data collected through the TikTok SDK is deleted less than one month after collection. Troublingly, during the October 20, 2023 hearing before Magistrate Judge Eick, Defendants stated that this data is actually deleted approximately every 14 days. Rather than preserving data that is relevant to this litigation, it appears that Defendants may be accelerating its deletion.

In our September 6, 2023 correspondence, we requested that Defendants "identify exactly what data Defendants are deleting and provide a sample of that data comprising all such data received, generated, or processed on September 11, 2023." In Defendants' September 19, 2023 response, Defendants agreed to "look for and provide relevant information in their possession, custody or control." To date, Defendants still have not produced the requested and agreed sample data. Defendants' unwillingness to or delay in providing this data further hampers Plaintiffs' ability to test the assertions Defendants have made concerning this data and utilize it for necessary case activity including class certification and damages analysis.

October 24, 2023
Page 2


Please confirm that Defendants will provide the sample data, which Plaintiffs first requested over a month ago, by Thursday, October 26, 2023. If Defendants do not do so, we will seek relief from the Court.


Sincerely,

*/s/ Michael Gervais*

Michael Gervais

# EXHIBIT 7

| | |
|---|---|
| **From:** | Gloria Park |
| **To:** | Mancall-Bitel, Sophie; Campbell, Evan; Yin, Kelly; Hsu, Sarah; Torrez, Shallen; Weibell, Tony; Jih, Victor |
| **Cc:** | Christopher J. Lee; Ekwan E. Rhow; Greg Fisk; Gregory B. Linkh; Houston Davidson; Jessica D. Kinsey; Jonathan Rotter; K. Wolke; Kalpana Srinivasan; Marc E. Masters; Michael Gervais; Nicholas Loaiza; Steven Sklaver; Gloria Park |
| **Subject:** | RE: TikTok - Defendants" Outstanding Discovery Deficiencies |
| **Date:** | Thursday, October 19, 2023 11:19:00 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

---

Sophie,

Please see below in blue.

---

**From:** Mancall-Bitel, Sophie <smancallbitel@wsgr.com>
**Sent:** Thursday, October 19, 2023 6:50 PM
**To:** Gloria Park <GPark@susmangodfrey.com>; Campbell, Evan <ecampbell@wsgr.com>; Yin, Kelly <kyin@wsgr.com>; Hsu, Sarah <sarah.hsu@wsgr.com>; Torrez, Shallen <storrez@wsgr.com>; Weibell, Tony <aweibell@wsgr.com>; Jih, Victor <vjih@wsgr.com>
**Cc:** Christopher J. Lee <clee@birdmarella.com>; Ekwan E. Rhow <erhow@birdmarella.com>; Greg Fisk <GFisk@susmangodfrey.com>; Gregory B. Linkh <glinkh@glancylaw.com>; Houston Davidson <HDavidson@susmangodfrey.com>; Jessica D. Kinsey <jkinsey@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; K. Wolke <kwolke@glancylaw.com>; Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>; Marc E. Masters <mmasters@birdmarella.com>; Michael Gervais <MGervais@susmangodfrey.com>; Nicholas Loaiza <NLoaiza@susmangodfrey.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>
**Subject:** RE: TikTok - Defendants' Outstanding Discovery Deficiencies

<mark>EXTERNAL Email</mark>
Gloria,

Please see our responses inline below in red.

Kind regards,
Sophie

## WILSON SONSINI

### Sophia (Sophie) Mancall-Bitel

**(she/her)**
**direct: 323.210.2993**
**mobile: 310.709.6432**
smancallbitel@wsgr.com

---

**Wilson Sonsini Goodrich & Rosati**
1900 Avenue of the Stars, 28th Floor

Los Angeles, CA 90067

www.wsgr.com



**From:** Gloria Park <GPark@susmangodfrey.com>
**Sent:** Friday, October 13, 2023 11:38 AM
**To:** Campbell, Evan <ecampbell@wsgr.com>; Yin, Kelly <kyin@wsgr.com>; Hsu, Sarah
<sarah.hsu@wsgr.com>; Torrez, Shallen <storrez@wsgr.com>; Mancall-Bitel, Sophie
<smancallbitel@wsgr.com>; Weibell, Tony <aweibell@wsgr.com>; Jih, Victor <vjih@wsgr.com>
**Cc:** Christopher J. Lee <clee@birdmarella.com>; Ekwan E. Rhow <erhow@birdmarella.com>; Gloria
Park <GPark@susmangodfrey.com>; Greg Fisk <GFisk@susmangodfrey.com>; Gregory B. Linkh
<glinkh@glancylaw.com>; Houston Davidson <HDavidson@susmangodfrey.com>; Jessica D. Kinsey
<jkinsey@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; K. Wolke
<kwolke@glancylaw.com>; Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>; Marc E. Masters
<mmasters@birdmarella.com>; Michael Gervais <MGervais@susmangodfrey.com>; Nicholas Loaiza
<NLoaiza@susmangodfrey.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>
**Subject:** TikTok - Defendants' Outstanding Discovery Deficiencies

EXT - gpark@susmangodfrey.com

Counsel,

We write with regard to numerous outstanding deficiencies with Defendants'
productions notwithstanding numerous follow-ups from Plaintiff. Please
produce the following documents and provide updates on the following issues
by COB Monday, October 16.

- To date, Defendants produced a list of only 100,000 "advertisers" who
have used the Pixel in 2023. Please produce the remainder of websites that
used the Pixel in 2023. Please also provide an update on Defendants'
investigation into producing the "legacy data" on websites who used the
Pixel prior to 2023. Defendants have identified a way to export legacy
data, to the extent it remains in TikTok's systems, and are in the process
of exporting that data for **production tomorrow**, despite the fact that the
request for information beyond the 100,000 advertisers we have already
identified is disproportionate to the needs of the case.  This is a complex
and time-consuming process because the information is highly
confidential and competitively sensitive and therefore the systems were

not designed for it to be exported in large quantities.

Please confirm that the production tomorrow will contain all websites that have used the Pixel, Events API, or both starting from the date on which both trackers were first released. Please also confirm that the list will identify whether each identified website uses or used the Pixel, Events API, or both. Further, Defendants continue to use the term "advertisers" although RFP No. 1 was not limited to "advertisers." Please confirm that the *database* from which Defendants are pulling this data includes websites that use the Pixel, Events API, or both but do not advertise on TikTok. Finally, please confirm whether the production tomorrow is meant to be a supplement to TIKTOK-BG-000001948, or whether it will be inclusive of the "advertisers" listed in TIKTOK-BG-000001948.

- Notwithstanding Defendants' commitment to produce the list of "advertisers" who use or have used the Events API by October 6, Defendants have failed to produce that list. Please produce it. This is incorrect. TIKTOK-BG-000001948 includes both Pixel and Events API data. We explained this via email on October 6; please see attached.

Defendants' October 6 email was not at all clear on this point. We had asked for clarification on the time period encompassed in the data reflected in TIKTOK-BG-000001948. Defendants' email clarified that the time period is not the previous six months, as Defendants earlier represented, but rather 2023 year to date. The use of "and/or" also didn't help matters. In any event, to the extent that the data that Defendants say they will produce tomorrow is a supplement to TIKTOK-BG-000001948, please confirm that Defendants are producing an amended spreadsheet that identifies which advertiser used the Pixel, the Events API, or both.

- In Defendants' September 6 letter, Defendants agreed to "produce a sample report of the type mentioned in the [Consumer Reports] article." To date, Defendants have failed to do so. While Plaintiff maintains that production of only one sample report is grossly inadequate and all such reports should be produced, at minimum, Defendants should produce the sample report that they have committed to producing. Please do so. This is also incorrect. Defendants produced two sample attribution reports relating to Hulu on October 6: TIKTOK-BG-000002631 and TIKTOK-BG-000002632. Defendants have also produced numerous documents explaining how advertisers can run the reports and the various metrics

they may implement. *See, e.g.*, TIKTOK-BG-000000811.

Those Excel files were provided with no parent or family members to provide context on what they are. We continue to disagree with Defendants' assertion that Plaintiff is not entitled to all reports provided to advertisers using non-TikTok user data collected through the TikTok SDK.

- Please confirm whether Defendants have completed production of documents responsive to RFP Nos. 10 and 11. If not, please explain what categories of responsive documents remain to be investigated and/or produced. Defendants have completed their production of documents responsive to RFP Nos. 10 and 11. *See, e.g.*, TIKTOK-BG-000000104-TIKTOK-BG-000000113, TIKTOK-BG-000000126-TIKTOK-BG-000000127, TIKTOK-BG-000000128-TIKTOK-BG-000000137, TIKTOK-BG-000000138-TIKTOK-BG-000000154, TIKTOK-BG-000000155-TIKTOK-BG-000000157, TIKTOK-BG-000000158-TIKTOK-BG-000000161, TIKTOK-BG-000000162-TIKTOK-BG-000000169, TIKTOK-BG-000000174-TIKTOK-BG-000000180, TIKTOK-BG-000000185-TIKTOK-BG-000000205, TIKTOK-BG-000000206-TIKTOK-BG-000000214, TIKTOK-BG-000000224-TIKTOK-BG-000000231, TIKTOK-BG-000000236-TIKTOK-BG-000000244, TIKTOK-BG-000000289-TIKTOK-BG-000000292, TIKTOK-BG-000000293-TIKTOK-BG-000000301, TIKTOK-BG-000000302-TIKTOK-BG-000000322, TIKTOK-BG-000000330-TIKTOK-BG-000000359, TIKTOK-BG-000000365-TIKTOK-BG-000000378, TIKTOK-BG-000000379-TIKTOK-BG-000000385, TIKTOK-BG-000000386-TIKTOK-BG-000000387, TIKTOK-BG-000000388-TIKTOK-BG-000000395, TIKTOK-BG-000000396-TIKTOK-BG-000000398, TIKTOK-BG-000000408-TIKTOK-BG-000000411, TIKTOK-BG-000000417-TIKTOK-BG-000000423, TIKTOK-BG-000000427-TIKTOK-BG-000000437, TIKTOK-BG-000000445-TIKTOK-BG-000000469, TIKTOK-BG-000000471-TIKTOK-BG-000000473, TIKTOK-BG-000000474-TIKTOK-BG-000000478.

- In Defendants' September 6 letter, Defendants agreed to "search for release notes or update descriptions regarding the TikTok Pixel, and TikTok Events API, as well as related internal software that is used to process non-TikTok user data." Please provide an update on the

investigation and produce responsive documents.  Defendants have already produced these documents.  Defendants' August 18, 2023, production included (among other things) the Pixel Release Notes page (available at https://ads.tiktok.com/help/article/pixel-release-notes?lang=en) (TIKTOK-BG-000000245-TIKTOK-BG-000000256), a Changelog for Events API page (available at https://business-api.tiktok.com/portal/docs?id=1771101231937537) (TIKTOK-BG-000000286), and a TikTok for Business Developers page titled "What's New," that includes "product or doc changes in TikTok API for Business" (available at  https://business-api.tiktok.com/portal/docs?id=1740029165513730&rid=gm7ye53gj793) (TIKTOK-BG-000000743-TIKTOK-BG-000000780).

We have already reviewed these publicly available webpages, which appear to be incomplete. As a nonexhaustive example, the Pixel Release Notes webpage goes back only to December 2020. Please identify the date on which Defendants released the Pixel and confirm that no releases or updates have been made between that date and December 2020. The Changelog for Events API webpage only lists the deprecation date for Events API v. 1.0. We will expect to meet and confer on Monday about what investigation Defendants have done since September 6 to search for internal documents responsive to this request.

- In Defendants' September 19 letter, Defendants stated that they will "look for and provide relevant information" in response to Plaintiff's request for "exactly what data Defendants are deleting and provide a sample of that data comprising all such data received, generated, or processed on September 11, 2023." Further, Defendants agreed to do so by September 29. To date, Defendants have failed to provide an update or produce relevant documents. Please provide an update and produce relevant documents.  As Defendants explained in the September 19 letter, information on the types of data that Defendants receive and eventually destroy following the matching process and retention period is publicly available.  See Sept. 19, 2023 Letter from S. Mancall-Bitel to M. Gervais; *see, e.g.*, TIKTOK-BG-000000445-TIKTOK-BG-000000469.  That said, Defendants are working to provide a sample of the types of data that are deleted and will produce it as soon as reasonably possible.

The request for sample data has been outstanding for over a month. Please confirm that you will produce the sample data by Monday, October 23.

- In Defendants' September 20 email, Defendants stated that they will produce documents regarding TikTok's document retention policies. To date, Plaintiff has not received any such documents. Please produce them. If Defendants believe they've produced it, please identify the Bates number (RFP 22). As previously stated, Defendants will produce these documents to the extent that they exist and are not privileged.

Please confirm that you will produce the documents by Monday, October 23.

- In Defendants' September 20 email, Defendants stated that they "are looking into whether there are informal documents that would include the information a formal org chart would contain." Please provide an update on this investigation and by when Defendants will produce responsive documents (RFP 14, 15, 17, 46). Defendants have made a number of inquiries internally about the existence of informal org charts. We have found none. Should Plaintiff wish to serve an interrogatory asking about the responsibilities and supervisory relationships of individuals with relevant knowledge, Defendants will provide a substantive response (subject to any relevant objections).

Defendants' representation that they do not keep formal or informal organizational charts does not absolve them of their responsibility to produce other documents responsive to these four RFPs. While Plaintiff agreed to start with org charts to facilitate document production, to the extent that Defendants don't keep org charts, they should produce other documents responsive to the requests. Please confirm a date certain by which Defendants will produce responsive documents.

- In Defendants' September 28 email, Defendants stated that it will produce by October 6 "documents sufficient to show the aggregated, deidentified and non-monetary uses of the data, which are used for machine learning and to improve certain algorithms." To date, Plaintiff has not received any such documents. Please produce them. If Defendants believe they've produced it, please identify the Bates number (RFP Nos. 18, 44, 49, 50, 54, 56). As explained in the same email, such documents are not relevant to this litigation because Plaintiff cannot state a privacy- or property-based claim based on aggregated and deidentified data. In any event, Defendants have engaged in a time-consuming and cumbersome process to identify whether such documents exist. They have found no

such documents.

We will raise this issue with the Court tomorrow.

- In Defendants' September 28 email, Defendants stated that they will produce by October 6 the Compliance team's policies regarding (1) protecting unmatched user data from bad actors and (2) compliance with legal/regulatory data protection regimes. To date, Plaintiff has not received any such documents. Please produce them. If Defendants believe they've produced it, please identify the Bates number (RFP Nos. 29, 30). This will be included in Defendants' production tomorrow.

- In Defendants' September 28 email, Defendants stated that they are "inquiring as to whether there is a single-source location for" information on compiling the Pixel settings every advertiser had at a specific time. Please provide an update on Defendants' investigation (RFP No. 37). Defendants have not been able to identify any single-source location for historical Pixel settings across advertisers.

We expect to meet and confer on Monday on any multi-source locations for the Pixel settings that every website had at a specific time.

- In Defendants' October 6 email, Defendants stated that they will look into a way in which it can provide decipherable website or advertiser names for thousands of entries in TIKTOK-BG-000001948 that have indecipherable names. Please provide an update. This will be produced tomorrow alongside the legacy data mentioned in the first bullet above.

In addition to the above topics, Defendants have failed to produce responsive "go-get" documents responsive to Plaintiff's First Set of RFPs. In light of this failure, Plaintiff requests that the parties negotiate custodians and search terms to facilitate the production of responsive documents. Please provide availability for a meet and confer to discuss the terms for this protocol. This is plainly inaccurate. Defendants have made four productions, and are preparing a fifth, all of which are comprised solely of go-get documents. It is neither appropriate nor necessary to undertake a custodian- and search term-based collection of documents, and nothing in Defendants' productions to date is reason to renege on the parties' prior agreement to focus on go-get documents for these RFPs,

and then identify (*if necessary*) limited areas for targeted searching that are not covered by the go-gets.  Defendants have demonstrated time and again their willingness to provide answers to follow-up questions and specific additional documents (such as locating pre-2023 advertiser data, which has required significant time and energy from many company employees) when requested.

We strongly disagree that the substance and timing of Defendants' production of documents to date have been sufficient. Let's please discuss on Monday's meet and confer.

Best,
Gloria

**Gloria Park | Susman Godfrey**
o. 212.729.2029 | c. 917.340.3695
1301 Avenue of the Americas, 32nd Fl. | New York, NY 10019
gpark@susmangodfrey.com

This e-mail may contain privileged and confidential information.  If you received this message in error, please notify the sender and delete it immediately.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

EXHIBIT 8

| From: | Hsu, Sarah |
|---|---|
| To: | Gloria Park; Yin, Kelly; Torrez, Shallen; Mancall-Bitel, Sophie; Weibell, Tony; Jih, Victor |
| Cc: | Christopher J. Lee; Ekwan E. Rhow; Greg Fisk; Gregory B. Linkh; Houston Davidson; Jessica D. Kinsey; Jonathan Rotter; K. Wolke; Kalpana Srinivasan; Marc E. Masters; Michael Gervais; Nicholas Loaiza; Steven Sklaver |
| Subject: | RE: TikTok - Plaintiffs" Letter re Data Preservation |
| Date: | Friday, October 27, 2023 7:49:14 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

EXTERNAL Email

Gloria,

Defendants have every intention of producing a snapshot of the data table of unmatched data.  As previously stated, Defendants are working in good faith and as expeditiously as possible to respond to Plaintiff's questions.

That said, given Plaintiff's privacy concerns in this litigation, our client is taking extra steps to ensure we can provide the information consistent with data sharing controls.  Thus, our client is working diligently to address those concerns while still providing Plaintiff with the data she has requested. This requires time.  Defendants will provide an update as soon as reasonably possible.

Kind regards,
Sarah

**From:** Hsu, Sarah
**Sent:** Thursday, October 26, 2023 8:57 PM
**To:** 'Gloria Park' <GPark@susmangodfrey.com>; Yin, Kelly <kyin@wsgr.com>; Torrez, Shallen <storrez@wsgr.com>; Mancall-Bitel, Sophie <smancallbitel@wsgr.com>; Weibell, Tony <aweibell@wsgr.com>; Jih, Victor <vjih@wsgr.com>
**Cc:** Christopher J. Lee <clee@birdmarella.com>; Ekwan E. Rhow <erhow@birdmarella.com>; Greg Fisk <GFisk@susmangodfrey.com>; Gregory B. Linkh <glinkh@glancylaw.com>; Houston Davidson <HDavidson@susmangodfrey.com>; Jessica D. Kinsey <jkinsey@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; K. Wolke <kwolke@glancylaw.com>; Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>; Marc E. Masters <mmasters@birdmarella.com>; Michael Gervais <MGervais@susmangodfrey.com>; Nicholas Loaiza <NLoaiza@susmangodfrey.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>
**Subject:** RE: TikTok - Plaintiffs' Letter re Data Preservation

Gloria,

As previously stated, Defendants are working in good faith and as expeditiously as possible to respond to Plaintiff's questions.  Our client is currently tied up, so Defendants will need to respond tomorrow.

Kind regards,

Sarah



**Sarah Hsu (she/her) | Associate | Wilson Sonsini Goodrich & Rosati**
1900 Avenue of the Stars, Floor 28 | Los Angeles, CA 90067
direct: 424.446.6931 | sarah.hsu@wsgr.com

**From:** Gloria Park <GPark@susmangodfrey.com>
**Sent:** Tuesday, October 24, 2023 3:00 PM
**To:** Campbell, Evan <ecampbell@wsgr.com>; Yin, Kelly <kyin@wsgr.com>; Hsu, Sarah <sarah.hsu@wsgr.com>; Torrez, Shallen <storrez@wsgr.com>; Mancall-Bitel, Sophie <smancallbitel@wsgr.com>; Weibell, Tony <aweibell@wsgr.com>; Jih, Victor <vjih@wsgr.com>
**Cc:** Christopher J. Lee <clee@birdmarella.com>; Ekwan E. Rhow <erhow@birdmarella.com>; Gloria Park <GPark@susmangodfrey.com>; Greg Fisk <GFisk@susmangodfrey.com>; Gregory B. Linkh <glinkh@glancylaw.com>; Houston Davidson <HDavidson@susmangodfrey.com>; Jessica D. Kinsey <jkinsey@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; K. Wolke <kwolke@glancylaw.com>; Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>; Marc E. Masters <mmasters@birdmarella.com>; Michael Gervais <MGervais@susmangodfrey.com>; Nicholas Loaiza <NLoaiza@susmangodfrey.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>
**Subject:** TikTok - Plaintiffs' Letter re Data Preservation

EXT - gpark@susmangodfrey.com

Counsel,

Please see attached.

Best,
Gloria

**Gloria Park | Susman Godfrey**
o. 212.729.2029 | c. 917.340.3695
1301 Avenue of the Americas, 32nd Fl. | New York, NY 10019
gpark@susmangodfrey.com

This e-mail may contain privileged and confidential information.  If you received this message in error, please notify the sender and delete it immediately.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended

recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

EXHIBIT 9



230 Park Avenue
Suite 358
New York, NY 10169

August 28, 2023

Sophia Mancall-Bitel
Wilson Sonsini Goodrich & Rosati
1900 Avenue of the Stars
Los Angeles, CA 90067
smancallbitel@wsgr.com

Re: *Bernadine Griffith v. TikTok Inc., et al.*, No. 5:23-cv-009640-SB-E (C.D. Cal.)

Dear Sophie,

Thank you for meeting and conferring with us on August 24, 2023 regarding Defendants' Responses and Objections to Plaintiff's First Set of RFPs. Below is our understanding of the issues discussed and follow-up items we expect from Defendants.

**Temporal Scope:** Based on Defendants' representation that the TikTok Pixel was released in 2020 and the TikTok Events API was released after the Pixel, the parties agreed, absent special circumstances, to limit the temporal scope of the requests to start on **January 1, 2020** and extend to the present. For those RFPs that request documents concerning or related to the development of the TikTok Pixel and/or TikTok Events API, however, the start date must be earlier than January 1, 2020 to account for the pre-release development period. If Defendants believe this time period to be unduly burdensome, Defendants will provide the date on which Defendants began developing the TikTok Pixel and/or TikTok Events API for the parties to further discuss an appropriate time frame. RFPs that request documents concerning or related to the development of the TikTok SDK (including the TikTok Pixel and TikTok Events API) include but are not limited to RFP Nos. 17, 19, 30, 51, 54.

**User vs. Non-User Data:** While reserving Plaintiff's rights to seek user data, for the first sets of documents to be produced in response to Plaintiff's First Set of RFPs, Plaintiff agrees to limit the requests to non-user data collected through the TikTok SDK. Also, to the extent a non-privileged responsive document generally discusses "data," that document should be produced even though it may encompass user data as well.

**"TikTok SDK":** Based on the Defendants' representations, the parties understand that the phrase "TikTok SDK" refers to TikTok Software Development Kits; the TikTok Pixel, the TikTok Events API; and all similar TikTok software installed on websites. Defendants have agreed to inquire whether any application of the "TikTok for Developers" program collects data from non-users, including for example those who view TikTok videos embedded on a non-TikTok website.

Sophia Mancall-Bitel
August 28, 2023
Page 2

**Priority Requests (RFP Nos. 1, 23):** Defendants' offer to produce a "sampling" of websites that
have the TikTok SDK installed or a "ballpark number" of how many websites have the TikTok
SDK installed is inadequate and inconsistent with their own written response to RFP No. 1 that
"TikTok will produce non-privileged documents sufficient to show **all** third-party websites that
use or have used the Pixel or Events API" (emphasis added). In response to Defendants' statement
that the data sought in these requests are "commercially sensitive," Plaintiff reminded Defendants
that a court-ordered Protective Order is in place and the information may be produced under the
appropriate confidentiality designation pursuant to the Protective Order. As to Defendants'
statement that the data is "technically difficult" to pull, Plaintiff requested, and Defendants agreed,
to provide more detail on why that is the case. Plaintiff does not understand how it could
conceivably be the case that Defendants do not have the ability to readily determine who their
business partners who use the TikTok SDK are. Plaintiff further noted that these requests
encompass information on whether the websites and/or related servers (1) had either the Pixel,
Events API, or both installed and (2) the settings of each Pixel and Events API that was installed.
Given that Defendants received Plaintiff's First Set of RFPs over two months ago in June 2023,
Plaintiff urged Defendants to produce documents responsive to these requests ***immediately*** and
certainly well before the September 8 mandatory scheduling conference before the Court. If
Defendants fail to comply with this request, Plaintiff will notify the Court during the September 8
hearing, as the ongoing delay in producing important documents that should be readily available
to Defendants directly pertains to Plaintiff's request for a longer discovery period than what
Defendants have requested.

**Requests Concerning the Value of Data Collected Through the TikTok SDK (RFP Nos. 18,
44, 49, 50, 54, 56):** Defendants asserted that they do not sell or use non-user data, and that such
data is "purged" after a short period of time. Plaintiff pointed out that this representation is
contradicted by public statements made by Defendants' own executives and provided, as an
example, the Consumer Reports article that quotes Melanie Bosselait, a TikTok spokesperson,
as saying, "[i]f TikTok receives data about someone who doesn't have a TikTok account, the
company only ***uses that data for aggregated reports*** that they send to advertisers about their
websites" (emphasis added). There are likely other uses of such non-user data. Defendants agreed
to consider the issue further, including producing go-get documents (i.e., documents to be obtained
by counsel via a targeted collection, apart from the custodian/search term process) first, and report
back. Please provide an update no later than September 6.

**Relevant People and Meeting Requests (RFP Nos. 14, 15, 17, 46):** Defendants agreed to
consider producing organizational charts for all departments or divisions within their companies
whose work relates to the TikTok SDK and/or Plaintiff's claims. For the avoidance of doubt,
Plaintiff understands this request to encompass organizational charts for the subsets within all of
Defendants' departments or divisions—including but not limited to Operations, R&D, Corporate
Functions, Marketing, Sales, Design, and Product—who in any way work on the TikTok SDK.
Please provide an update on whether Defendants will do so no later than September 6.

Sophia Mancall-Bitel
August 28, 2023
Page 3

**Laws, Privacy Protections, Standards**

- **RFP No. 19:** In response to Defendants' complaint that documents responsive to this category will all be privileged, Plaintiff provided several non-exhaustive examples of responsive documents that would not be privileged, including communications with regulators or legislators, communications with non-TikTok websites, and communications with business or advertising partners. Defendants stated that it will investigate whether it has non-privileged documents that are responsive to this request and report back. Please provide an update no later than September 6.
- **RFP No. 24:** Defendants agreed to produce go-get documents on this issue, and Plaintiff agreed to assess what more discovery is required after reviewing those documents. Please provide an update by September 6 on the date by which Defendants will produce the first set of responsive documents.
- **RFP No. 29 and 30:** Plaintiff clarified that these requests concern non-user data but to the extent that the documents are non-specific to user or non-user data, the documents should be produced. Defendants agreed to inquire as to the divisions within their organizations that are responsible for these issues in order to ascertain the extent to which non-privileged documents exists.

**RFP Nos. 47, 59:** Defendants acknowledged the relevance of these requests at least with respect to Plaintiff's jurisdictional hook to California. Plaintiff explained the relevance of these requests to her CIPA and CFAA claims and urged Defendants to produce responsive documents identifying the location of *all* servers (not just those in California) where non-user data is stored. Please confirm that Defendants will produce documents responsive to these requests and provide a date by September 6 by which they will do so.

**RFP Nos. 10, 11:** The parties agreed that Defendants would provide go-gets discussing the data collected from both (1) TikTok for Business and (2) TikTok for Developers.

**RFP Nos. 51, 52**:

- **RFP No. 51:** Plaintiff explained that this request concerns documents regarding the reasoning or decision to circumvent cookie blocking. Defendants agreed to consider this explanation, including the possibility of producing go-get documents, and report back. Please provide an update no later than September 6.
- **RFP No. 52:** Plaintiff explained that she sought any analysis by Defendants about the reasons that users might want to block cookies. Defendants agreed to consider this explanation, including the possibility of producing go-get documents, and report back. Please provide an update no later than September 6.

**RFP No. 12:** The parties agreed to start with Defendants' production of go-get documents on this issue. Once Defendant produces those documents, the parties will further meet and confer on whether targeted keyword searching is necessary. Please provide a date by September 6 by which Defendants will produce the first set of responsive documents.

Sophia Mancall-Bitel
August 28, 2023
Page 4

**RFP No. 28:** The parties agreed to start with Defendants' production of go-get documents on this issue. Once Defendant produces those documents, the parties will further meet and confer on whether targeted keyword searching is necessary. Please provide a date by September 6 by which Defendants will produce the first set of responsive documents.

**RFP No. 33:** Defendants agreed to contact their database personnel to determine if Defendants have data regarding non-users' choice to disallow the use of third-party cookies. Please provide an update no later than September 6.

**RFP No. 37:** Defendants agreed to investigate further the feasibility of compiling which data collection settings websites agreed to and when. Please provide an update no later than September 6.

**RFP No. 38:** Defendants agreed to provide release notes or update descriptions on the TikTok Pixel, TikTok Events API, and any internal software that processed or processes Plaintiff's and class members' data. Plaintiff requests the same for the TikTok SDK as defined above. Defendants also agreed to provide information identifying the departments and employees involved in making changes to the Pixel, Events API, or internal software that processes data collected through the Pixel and Events API. Plaintiff requests the same for the TikTok SDK as defined above. Once Defendants produce this information, the parties agreed to further meet and confer on this request. Please provide a date by September 6 by which Defendants will produce the release notes or update descriptions.

**RFP No. 58:** Defendants agreed to produce go-get documents discussing "user flow." By September 6, please provide a date by which Defendants will produce these documents.

**RFP No. 22:** Defendants agreed to provide information about document retention. By September 6, please provide a date by which Defendants will provide this information.

       We look forward to hearing from you on the above issues.

                              Regards,

                              */s/ Greg Linkh*
                              Greg Linkh

EXHIBIT 10

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1900 Avenue of the Stars
Suite 2800
Los Angeles, California 90067-4301

O: 424.446.6900
F: 866.974.7329

SOPHIA M. MANCALL-BITEL
Email: SMANCALLBITEL@WSGR.COM@wsgr.com
Direct dial:  424.446.6921

September 6, 2023

**BY EMAIL**
Greg Linkh
Glancy Prongay & Murray LLP
230 Park Avenue, Suite 358
New York, NY 10169

> **Re:**   ***Bernadine Griffith v. TikTok Inc., et al.***, No. **5:23-cv-009640-SB-E**
> **(C.D. Cal.)**

Greg:

We have received your letter dated August 28, 2023 and need to provide clarification on several points.

As an initial matter, in the August 28 letter, Plaintiff requests that Defendants respond to certain follow-up items by today (September 6). Although we did not discuss any such deadline during our meet and confer, Defendants will endeavor to respond as soon as is reasonably practical and will continue to move discovery forward as quickly as practicable.

**"TikTok SDK":** You state that "the parties understand that the phrase 'TikTok SDK' refers to TikTok Software Development Kits; the TikTok Pixel, the TikTok Events API; and all similar TikTok software installed on websites." As explained on the meet-and-confer (as well as in Defendants' motion to dismiss), the only tools that are even potentially relevant are the TikTok Pixel and Events API. Moreover, as Defendants also explained on the August 24 call, the "TikTok Open SDK" generally refers to a developer-side set of tools that are not used by third-party websites to collect data and/or share data with TikTok.  That said, Defendants did agree to confirm that no other software offered by TikTok allows third-party websites to collect user data and share it with TikTok.

**Temporal Scope**: Defendants will "provide the date on which Defendants began developing the TikTok Pixel and/or TikTok Events API" only if that date is reasonably ascertainable.

**Priority Requests (RFP Nos. 1, 23):** Plaintiff continues to demand that Defendants rush to produce certain categories of documents immediately for purposes of the September 8

**WILSON SONSINI**

Greg Linkh
September 6, 2023
Page 2

hearing. But that hearing is focused merely on "explaining the function of the program at issue in this case, the data that is collected, and Defendants' role in the challenged conduct." ECF 32, at 1. The Court has expressed no need to determine the entire list of websites that have used the tools at issue—and certainly not the dates that each site began and (if relevant) stopped using those tools, the agreements between those websites and Defendants, or any such other extraneous information. If there are any specific websites that Plaintiff wishes to raise with the Court at that time, Plaintiff can easily inspect the public code for those websites to identify the Pixel base code (which is publicly available and was included in Defendants' first production of documents).

In support of her unilateral demand, Plaintiff once again states that Defendants received Plaintiff's RFPs "over two months ago," in June 2023. That date is irrelevant. As you know, no discovery requests are deemed served until the parties' Rule 26(f) conference. *See* July 5, 2023, Email from S. Mancall-Bitel to M. Masters (citing Fed. R. Civ. P. 26(d)(2)(B)). Accordingly, Plaintiff's Requests for Production were not served until July 11, 2023. And while Plaintiff asserted on the August 24 meet-and-confer that Defendants' productions are "late," Plaintiff represented to the Court that "there is little likelihood that Defendants will produce all responsive documents—or even any responsive documents for that matter—by [August 10]. Instead, August 10 will be the date on which the parties likely start negotiating search terms and custodians . . ." ECF 27, Ex. B at 3. Moreover, *Plaintiff* proposed—and Defendants agreed with—a substantial completion deadline of December 15, 2023. *See* ECF 27, Ex. A at 1.

While Defendants are continuing to work towards providing a representative sampling or list of websites that use the Pixel and Events API in short order, nothing in the parties' proposed schedule or the Federal Rules requires Defendants to prioritize certain of Plaintiff's 59 document requests.

**Requests Concerning the Value of Data Collected Through the TikTok SDK (RFP Nos. 18, 44, 49, 50, 54, 56):** Plaintiff referenced during the meet-and-confer and letter a September 2022 *Consumer Reports* article, which is also cited to in the Complaint. Assuming the article accurately represented the TikTok spokesperson's paraphrased statement, Defendants disagree with Plaintiff's view that the statement contradicts the notion that Defendants do not sell or use non-user data. To this end, Defendants will produce a sample report of the type mentioned in the article.

**Relevant People and Meeting Requests (RFP Nos. 14, 15, 17, 46):** Defendants agreed to look into whether there are organizational charts for those individuals that work on the TikTok Pixel or Events API, and not the TikTok SDK.

By way of update, we have inquired with our client and learned that TikTok does not keep official organizational charts.

**WILSON SONSINI**

Greg Linkh
September 6, 2023
Page 3

**Laws, Privacy Protections, Standards (RFP No. 19):** The parties agreed that any communications with third-party websites should be limited to instances where those websites inquired about the legality of the tools at issue.

**RFP Nos. 47, 59:** With respect to the location of all TikTok servers, TikTok previously stored all U.S. user data at TikTok's data centers in the United States (Virginia) and Singapore. *See* Ltr. from TikTok Inc. to Sen. Richard Blumenthal and Sen. Marsha Blackburn, June 16, 2023, available at https://www.blackburn.senate.gov/services/files/A4595D03-689A-43FF-ADBA-32C557DE3685. As of June 2022, all U.S. user traffic is routed to servers in Texas, and as of January 2023, all new U.S. data is stored exclusively within that environment. *Id.* We have confirmed with our client that non-user data that is received via the Pixel and Events API and comes from the U.S. or cannot be traced to a specific location remains stored in the Texas server.

**RFP Nos. 10, 11:** While Defendants agreed to look for documents that explain the data collected via the Events API and Pixel, Defendants cannot justify going beyond the obligations under Rule 26 to search for or produce documents regarding TikTok for Developers for the reasons explained on the August 24 call and the start of this letter.

**RFP No. 38:** Defendants will search for release notes or update descriptions regarding the TikTok Pixel and TikTok Events API, as well as related internal software that is used to process non-TikTok user data. Defendants will not search for such documents with respect to the "TikTok SDK," as that term refers to something entirely irrelevant to this litigation.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Sophia M. Mancall-Bitel*

Sophia M. Mancall-Bitel

cc:     Counsel of Record

# EXHIBIT 11

| From: | Greg Linkn |
|---|---|
| To: | Mancall-Bitel, Sophie; erhow@birdmarella.com; mmasters@birdmarella.com; clee@birdmarella.com; Jonathan Rotter; Kara Wolke; Kalpana Srinivasan; Steven Sklaver; Michael Gervais; Gloria Park; Greg Fisk |
| Cc: | Weibell, Tony; Jih, Victor; Hsu, Sarah; Yin, Kelly; Campbell, Evan |
| Subject: | RE: Griffith v. TikTok Inc., et al., No. 5:23-cv-009464-SB-E |
| Date: | Friday, September 15, 2023 8:08:24 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |
| | image010.png |
| | image011.png |
| | image012.png |

==EXTERNAL Email==

Sophie,

Please provide an update on the below, which we discussed on our August 24 meet and confer but were unaddressed in your September 6 letter:

Defendants agreed to produce go-get documents on the following RFPs: 12, 24, 28, 51, 52, and 58. It has now been over three weeks since Defendants agreed to produce the documents. Yet no documents have been produced.

We also have received no update on the following RFPs on which Defendants agreed to investigate and provide information:

•      RFP No. 22: Defendants agreed to provide information about document retention.
•      RFP Nos. 29 and 30: Plaintiff clarified that these requests concern non-user data but to the extent that the documents are non-specific to user or non-user data, the documents should be produced. Defendants agreed to inquire as to the divisions within their organizations that are responsible for these issues in order to ascertain the extent to which non-privileged documents exists.
•      RFP No. 33: Defendants agreed to contact their database personnel to determine if Defendants have data regarding non-users' choice to disallow the use of third-party cookies.
•      RFP No. 37: Defendants agreed to investigate further the feasibility of compiling which data collection settings websites agreed to and when.

Please respond by September 20, 2023, and please provide a date certain by which Defendants will produce responsive documents.

Regards,

Greg

Greg Linkh
Glancy Prongay & Murray LLP

230 Park Avenue, Suite 358
New York, New York 10169
Tel: 212.682.5340

This email message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product, or exempt from disclosure under applicable law.  If you have received this message in error, or not a named recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited.  If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer.  Thank you.

---

**From:** Mancall-Bitel, Sophie <smancallbitel@wsgr.com>
**Sent:** Wednesday, September 6, 2023 8:46 PM
**To:** Greg Linkh <GLinkh@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; clee@birdmarella.com; Jonathan Rotter <JRotter@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; ksrinivasan@susmangodfrey.com; ssklaver@susmangodfrey.com; mgervais@susmangodfrey.com; gpark@susmangodfrey.com; gfisk@susmangodfrey.com
**Cc:** Weibell, Tony <aweibell@wsgr.com>; Jih, Victor <vjih@wsgr.com>; Hsu, Sarah <sarah.hsu@wsgr.com>; Yin, Kelly <kyin@wsgr.com>; Campbell, Evan <ecampbell@wsgr.com>
**Subject:** RE: Griffith v. TikTok Inc., et al., No. 5:23-cv-009464-SB-E

Greg:  Please see attached.

Kind regards,
Sophie

## WILSON SONSINI

### Sophia (Sophie) Mancall-Bitel

**(she/her)**
**direct: 323.210.2993**
**mobile: 310.709.6432**

smancallbitel@wsgr.com

**Wilson Sonsini Goodrich & Rosati**
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067

www.wsgr.com

---

**From:** Greg Linkh <GLinkh@glancylaw.com>
**Sent:** Monday, August 28, 2023 5:00 PM
**To:** Mancall-Bitel, Sophie <smancallbitel@wsgr.com>; erhow@birdmarella.com; mmasters@birdmarella.com; clee@birdmarella.com; Jonathan Rotter <JRotter@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; ksrinivasan@susmangodfrey.com;

ssklaver@susmangodfrey.com; mgervais@susmangodfrey.com; gpark@susmangodfrey.com; gfisk@susmangodfrey.com
**Cc:** Weibell, Tony <aweibell@wsgr.com>; Jih, Victor <vjih@wsgr.com>; Hsu, Sarah <sarah.hsu@wsgr.com>; Yin, Kelly <kyin@wsgr.com>; Campbell, Evan <ecampbell@wsgr.com>
**Subject:** RE: Griffith v. TikTok Inc., et al., No. 5:23-cv-009464-SB-E

EXT - glinkh@glancylaw.com

Sophie et al.,

Please see the attached.

Regards,

Greg Linkh
Glancy Prongay & Murray LLP
230 Park Avenue, Suite 358
New York, New York 10169
Tel: 212.682.5340

This email message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product, or exempt from disclosure under applicable law.  If you have received this message in error, or not a named recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited.  If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer.  Thank you.

**From:** Mancall-Bitel, Sophie <smancallbitel@wsgr.com>
**Sent:** Monday, August 21, 2023 12:36 PM
**To:** Greg Linkh <GLinkh@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; clee@birdmarella.com; Jonathan Rotter <JRotter@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; ksrinivasan@susmangodfrey.com; ssklaver@susmangodfrey.com; mgervais@susmangodfrey.com; gpark@susmangodfrey.com; gfisk@susmangodfrey.com
**Cc:** Weibell, Tony <aweibell@wsgr.com>; Jih, Victor <vjih@wsgr.com>; Hsu, Sarah <sarah.hsu@wsgr.com>; Yin, Kelly <kyin@wsgr.com>; Campbell, Evan <ecampbell@wsgr.com>
**Subject:** RE: Griffith v. TikTok Inc., et al., No. 5:23-cv-009464-SB-E

Greg,

We are available to meet and confer regarding TikTok's R&Os on Wednesday between 10 a.m. - 1 p.m., and on Thursday from 1 p.m. – 4:30 p.m. (all times PT).  Does Plaintiff still intend to send a letter with topics for the meet-and-confer in advance of the call?

Kind regards,

Sophie

# WILSON SONSINI

**Sophia (Sophie) Mancall-Bitel (she/her) | Wilson Sonsini Goodrich & Rosati**
1900 Avenue of the Stars | Los Angeles, CA 90067
direct: 424.446.6921 | mobile: 310.709.6432 | smancallbitel@wsgr.com

🌐 👤 in 🐦 f

**From:** Greg Linkh <GLinkh@glancylaw.com>
**Sent:** Friday, August 18, 2023 12:40 PM
**To:** Mancall-Bitel, Sophie <smancallbitel@wsgr.com>; erhow@birdmarella.com; mmasters@birdmarella.com; clee@birdmarella.com; Jonathan Rotter <JRotter@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; ksrinivasan@susmangodfrey.com; ssklaver@susmangodfrey.com; mgervais@susmangodfrey.com; gpark@susmangodfrey.com; gfisk@susmangodfrey.com>
**Cc:** Weibell, Tony <aweibell@wsgr.com>; Jih, Victor <vjih@wsgr.com>; Hsu, Sarah <sarah.hsu@wsgr.com>; Yin, Kelly <kyin@wsgr.com>; Campbell, Evan <ecampbell@wsgr.com>
**Subject:** RE: Griffith v. TikTok Inc., et al., No. 5:23-cv-009464-SB-E

EXT - glinkh@glancylaw.com

Sophie,

Thank you for your production. Would you all be available for a meet-and-confer on TikTok's responses and objections, perhaps Wednesday or Thursday of next week? If so, does 10am-1pm on Wednesday work, or Thursday after 11am?

Greg

Greg Linkh
Glancy Prongay & Murray LLP
230 Park Avenue, Suite 358
New York, New York 10169
Tel: 212.682.5340

This email message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product, or exempt from disclosure under applicable law.  If you have received this message in error, or not a named recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited.  If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer.  Thank you.

**From:** Mancall-Bitel, Sophie <smancallbitel@wsgr.com>
**Sent:** Friday, August 18, 2023 3:07 PM

**To:** erhow@birdmarella.com; mmasters@birdmarella.com; clee@birdmarella.com; Jonathan Rotter
<JRotter@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Greg Linkh
<GLinkh@glancylaw.com>; ksrinivasan@susmangodfrey.com; ssklaver@susmangodfrey.com;
mgervais@susmangodfrey.com; gpark@susmangodfrey.com; gfisk@susmangodfrey.com
**Cc:** Weibell, Tony <aweibell@wsgr.com>; Jih, Victor <vjih@wsgr.com>; Hsu, Sarah
<sarah.hsu@wsgr.com>; Yin, Kelly <kyin@wsgr.com>; Campbell, Evan <ecampbell@wsgr.com>
**Subject:** Griffith v. TikTok Inc., et al., No. 5:23-cv-009464-SB-E

Counsel:

Please see attached.  The production can be accessed at the Box link below:

https://wsgr.app.box.com/folder/222325991009

We will send the password for the production under separate cover.

Kind regards,
Sophie

# WILSON
# SONSINI

**Sophia (Sophie) Mancall-Bitel (she/her) | Wilson Sonsini Goodrich & Rosati**
1900 Avenue of the Stars | Los Angeles, CA 90067
direct: 424.446.6921 | mobile: 310.709.6432 | smancallbitel@wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

EXHIBIT 12

| From: | Hsu, Sarah |
|---|---|
| To: | Gloria Park; Mancall-Bitel, Sophie; Jih, Victor; Yin, Kelly; Weibell, Tony; Campbell, Evan; Torrez, Shallen |
| Cc: | Christopher J. Lee; Ekwan E. Rhow; Greg Fisk; Gregory B. Linkh; Houston Davidson; Jessica D. Kinsey; Jonathan Rotter; K. Wolke; Kalpana Srinivasan; Marc E. Masters; Michael Gervais; Nicholas Loaiza; Steven Sklaver; Tommy Leo |
| Subject: | RE: Griffith v. TikTok - Joint Stipulation re Plaintiff's Motion to Compel |
| Date: | Thursday, September 28, 2023 2:51:05 AM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | 2023-09-27 Griffith v. TikTok - Joint Stipulation re Pltf's MTC_with Defs Edits.docx |
| | Griffith v. TikTok - Mancall-Bitel Declaration ISO Joint Stipulation.pdf |
| | Exhibits to Decl. of Mancall-Bitel.zip |

EXTERNAL Email

Counsel:

Please find attached the Joint Stipulation and Declaration of Sophia M. Mancall-Bitel regarding Plaintiff's proposed Motion to Compel, which we continue to believe is premature. To that end, as discussed on the parties' September 22 meet-and-confer, Defendants have been looking into Plaintiff's questions. In the interest of time, please see below for responses to several of your questions. Our client is working diligently to find answers to your other questions, which require additional time, including for reasons explained below. Defendants are also making a production responsive to Plaintiff's other requests that are not subject to this email.

If Plaintiff still intends to file the Motion to Compel and makes any revisions to her portions of the Joint Stipulation, Defendants will need time to review and respond accordingly.

- **List of Advertiser Accounts (RFP No. 1)**
  - **Legacy Data**: As an initial matter, it will be difficult to identify legacy data, as TikTok has a 6-month retention policy for individual data TikTok receives from the advertisers. The database from which any list is pulled does not retain data beyond that six-month period. That said, Defendants are investigating whether any legacy data for advertiser accounts who used the Pixel and/or Events API exists. Due to a national holiday in China that lasts from September 29 through October 6, that investigation may continue into the week of October 9.
  - **Pixel**: Defendants are working on compiling a list of the advertiser accounts that used the Pixel in the past six months and will produce it by Friday, September 29. Defendants are experiencing technical difficulties exporting more than a certain number of advertiser accounts from the database and are investigating this issue as fast as reasonably possible. In the interest of providing as much transparency as possible as soon as possible, Defendants plan to produce the largest list possible, while investigating the possibility of exporting additional data from the database (given export limitations). Accordingly, the list may not be complete, but Defendants will continue to investigate as quickly as reasonably possible.
  - **Events API**: Plaintiff requested a list of advertisers who previously used or currently use the Events API. Defendants are working on compiling a list of advertiser accounts subject to the investigation into legacy data mentioned above and are making best efforts to produce it by Friday, October 6, subject to the technical difficulties described above.

- **Terms of Use (RFP No. 23).**  Plaintiff requested an estimate of how many advertisers have "bespoke data terms" with TikTok, outside of the Business Products (Data) Terms Defendants have already produced, and what terms are typically changed.  It will be difficult and time-consuming to determine how many advertisers have "bespoke data terms" because this process necessarily requires a manual review of all of the negotiated agreements TikTok has with its advertisers to identify what provisions were negotiated (i.e., whether they even pertain to website user data).  Defendants are looking into this question further and will produce such terms for the three websites Plaintiff alleges she visited by Friday, October 6, if they exist.

- **Unmatched Data (RFP Nos. 18, 44, 49, 50, 54, 56)**
    - Defendants' investigation has confirmed there is no monetization of or economic value placed on the data.  TikTok does not sell individual data, or use it beyond the matching process (which includes scanning for indices of fraud, like "bot farms" that use algorithms to interact with websites and other security processing).
    - Although it does not belong to, identify or otherwise refer to any class member, Defendants will produce by Friday, October 6 documents sufficient to show the aggregated, deidentified and non-monetary uses of the data, which are used for machine learning and to improve certain algorithms that do not pertain to ad delivery.
    - **Lookalike Audience**:  Plaintiff asked whether Lookalike Audience is an example of how TikTok allegedly uses data that cannot be matched to a user.  The purpose of Lookalike Audience is for an advertiser to look for users *on TikTok* that are not already in the advertiser's audience but behave like the users who already belong to that advertiser's audience on TikTok.  Accordingly, Lookalike Audience does not incorporate non-user data.

- **Policies (RFP Nos. 29 and 30).**  You asked in your September 15 email what teams are in charge of policies regarding (1) protecting unmatched user data from bad actors and (2) compliance with legal/regulatory data protection regimes.  There is a Compliance team that handles policies and procedures for data security and compliance with privacy laws.  Defendants are reviewing and will produce any non-privileged responsive policies by Friday, October 6.

- **Non-TikTok Users' Cookie-blocking (RFP No. 33).**  You asked in your September 15 email whether Defendants have data about whether non-TikTok users blocked third-party cookies on their end.  Defendants' investigation has confirmed Defendants do not have this data.

- **Historical Pixel Settings (RFP No. 37).**  You asked in your September 15 email about the feasibility of compiling the Pixel settings every advertiser had at a specific time.  Defendants have identified only one way to find historical Pixel settings, but it is highly burdensome, as it requires an individual Pixel-by-Pixel review which would number in the thousands at least.  Defendants are inquiring as to whether there is a single-source location for this information.

- **ByteDance Ltd. Subpoena.**  Plaintiff asked whether there would be responsive communications that are internal to BDL only.  BDL has no employees, so there are no

"internal BDL communications."  If there are any relevant communications, they would necessarily involve Defendants' employees.  Of course, we may have proportionality, relevance and burden objections depending on the type of communications you intend to seek, particularly in light of Plaintiff's agreement to focus on "go-gets" for the time being.

Kind regards,
Sarah



**Sarah Hsu (she/her) | Associate | Wilson Sonsini Goodrich & Rosati**
1900 Avenue of the Stars, Floor 28 | Los Angeles, CA 90067
direct: 424.446.6931 | sarah.hsu@wsgr.com

**From:** Gloria Park <GPark@susmangodfrey.com>
**Sent:** Wednesday, September 20, 2023 5:05 PM
**To:** Mancall-Bitel, Sophie <smancallbitel@wsgr.com>; Jih, Victor <vjih@wsgr.com>; Hsu, Sarah <sarah.hsu@wsgr.com>; Yin, Kelly <kyin@wsgr.com>; Weibell, Tony <aweibell@wsgr.com>; Campbell, Evan <ecampbell@wsgr.com>; Torrez, Shallen <storrez@wsgr.com>
**Cc:** Christopher J. Lee <clee@birdmarella.com>; Ekwan E. Rhow <erhow@birdmarella.com>; Gloria Park <GPark@susmangodfrey.com>; Greg Fisk <GFisk@susmangodfrey.com>; Gregory B. Linkh <glinkh@glancylaw.com>; Houston Davidson <HDavidson@susmangodfrey.com>; Jessica D. Kinsey <jkinsey@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; K. Wolke <kwolke@glancylaw.com>; Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>; Marc E. Masters <mmasters@birdmarella.com>; Michael Gervais <MGervais@susmangodfrey.com>; Nicholas Loaiza <NLoaiza@susmangodfrey.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>; Tommy Leo <TLeo@susmangodfrey.com>
**Subject:** Griffith v. TikTok - Joint Stipulation re Plaintiff's Motion to Compel

EXT - gpark@susmangodfrey.com

Counsel,

Pursuant to Local Rule 37-2.2, please see attached a joint stipulation regarding Plaintiff's Motion to Compel, as well as a supporting declaration and exhibits. Please send the stipulation with Defendants' statements inserted no later than September 27.

Best,
Gloria

**Gloria Park | Susman Godfrey**
o. 212.729.2029 | c. 917.340.3695

1301 Avenue of the Americas, 32nd Fl. | New York, NY 10019
gpark@susmangodfrey.com

This e-mail may contain privileged and confidential information.  If you received this message in error, please notify the sender and delete it immediately.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

EXHIBIT 13

| From: | Gloria Park |
|---|---|
| To: | Hsu, Sarah |
| Cc: | Mancall-Bitel, Sophie; Yin, Kelly; Torrez, Shallen; Weibell, Tony; Jih, Victor; Christopher J. Lee; Ekwan E. Rhow; Greg Fisk; Gregory B. Linkh; Houston Davidson; Jessica D. Kinsey; Jonathan Rotter; K. Wolke; Kalpana Srinivasan; Marc E. Masters; Michael Gervais; Nicholas Loaiza; Steven Sklaver |
| Subject: | Re: TikTok - Oct 23 Meet and Confer Summary and Follow Up |
| Date: | Friday, October 27, 2023 10:01:24 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |
| | image010.png |
| | image011.png |
| | image012.png |

Please confirm whether Defendants are going to produce the historical Pixel settings for the websites identified in the FAC and, if so, by when.

Please also confirm whether Defendants will produce sample reports for advertisers other than Hulu.

We will follow up on Defendants' changed position with regard to advertisers that use the Events API.

Best,
Gloria

Gloria Park | Susman Godfrey
o. (212) 729-2029
c. (917) 340-3695


On Oct 27, 2023, at 8:06 PM, Hsu, Sarah <sarah.hsu@wsgr.com> wrote:


EXTERNAL Email
Gloria,

With respect to the remaining items below (Pixel and/or Events API updates and retention policies), TikTok will be producing responsive documents in their next production on or before November 6.

Kind regards,
Sarah

<image007.png>

**Sarah Hsu (she/her) | Associate | Wilson Sonsini Goodrich & Rosati**
1900 Avenue of the Stars, Floor 28 | Los Angeles, CA 90067
direct: 424.446.6931 | sarah.hsu@wsgr.com

<u>image008.png</u>   <image009.png>   <u>image010.png</u>   <u>image011.png</u>   <u>image012.png</u>

---

**From:** Mancall-Bitel, Sophie <smancallbitel@wsgr.com>
**Sent:** Tuesday, October 24, 2023 1:30 PM
**To:** Gloria Park <GPark@susmangodfrey.com>; Campbell, Evan <ecampbell@wsgr.com>; Yin, Kelly <kyin@wsgr.com>; Hsu, Sarah <sarah.hsu@wsgr.com>; Torrez, Shallen <storrez@wsgr.com>; Weibell, Tony <aweibell@wsgr.com>; Jih, Victor <vjih@wsgr.com>
**Cc:** Christopher J. Lee <clee@birdmarella.com>; Ekwan E. Rhow <erhow@birdmarella.com>; Greg Fisk <GFisk@susmangodfrey.com>; Gregory B. Linkh <glinkh@glancylaw.com>; Houston Davidson <HDavidson@susmangodfrey.com>; Jessica D. Kinsey <jkinsey@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; K. Wolke <kwolke@glancylaw.com>; Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>; Marc E. Masters <mmasters@birdmarella.com>; Michael Gervais <MGervais@susmangodfrey.com>; Nicholas Loaiza <NLoaiza@susmangodfrey.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>
**Subject:** RE: TikTok - Oct 23 Meet and Confer Summary and Follow Up

Gloria,

Thank you for your email.  We understand that sometimes different people hear or remember things differently, but we are concerned that our continuing need to correct the record in this case arises from something other than a good faith misunderstanding.  Please see below for our corrections to your latest email.  With respect to the remaining items, as mentioned, we will get you an update by the end of the week.  As we have stated multiple times, we are doing everything we can to satisfy our obligations here in a good-faith and timely fashion.

Kind regards,
Sophie

<u>image001.png</u>

## Sophia (Sophie) Mancall-Bitel

**(she/her)**
**direct: 323.210.2993**
**mobile: 310.709.6432**
<u>smancallbitel@wsgr.com</u>

---

**Wilson Sonsini Goodrich & Rosati**
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067

<u>www.wsgr.com</u>

<u>image002.png</u>   <image003.png>   <u>image004.png</u>   <u>image005.png</u>   <u>image006.png</u>

**From:** Gloria Park <GPark@susmangodfrey.com>
**Sent:** Monday, October 23, 2023 7:18 PM
**To:** Campbell, Evan <ecampbell@wsgr.com>; Yin, Kelly <kyin@wsgr.com>; Hsu, Sarah <sarah.hsu@wsgr.com>; Torrez, Shallen <storrez@wsgr.com>; Mancall-Bitel, Sophie <smancallbitel@wsgr.com>; Weibell, Tony <aweibell@wsgr.com>; Jih, Victor <vjih@wsgr.com>
**Cc:** Christopher J. Lee <clee@birdmarella.com>; Ekwan E. Rhow <erhow@birdmarella.com>; Gloria Park <GPark@susmangodfrey.com>; Greg Fisk <GFisk@susmangodfrey.com>; Gregory B. Linkh <glinkh@glancylaw.com>; Houston Davidson <HDavidson@susmangodfrey.com>; Jessica D. Kinsey <jkinsey@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; K. Wolke <kwolke@glancylaw.com>; Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>; Marc E. Masters <mmasters@birdmarella.com>; Michael Gervais <MGervais@susmangodfrey.com>; Nicholas Loaiza <NLoaiza@susmangodfrey.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>
**Subject:** TikTok - Oct 23 Meet and Confer Summary and Follow Up

EXT - gpark@susmangodfrey.com

Counsel,

We write to memorialize and follow up on Plaintiff's outstanding discovery requests to Defendants discussed on the parties' October 23, 2023 conference.

- **RFP 1 (Events API)**: On August 10, 2023, Defendants agreed in writing that they would produce "non-privileged documents sufficient to show all third-party websites that use or have used the Pixel or Events API." In an October 6, 2023 email, Defendants promised that "lists produced in the future will include fields identifying whether the advertiser account used Pixel and/or Events API." During the October 20, 2023 hearing, Defendants represented to Magistrate Judge Eick that they would produce documents responsive to RFP 1. Then, during the parties' October 23, 2023 conference, in response to my question about certain columns in the lists produced to date, Defendants represented for the first time that they have no way to identify which websites used the Events API. Please explain why Defendants made the representations that they did on August 10, October 6, and October 20 when Defendants now claim they cannot identify websites that use or have used the Events API. Please also explain why

Defendants' capabilities on the data that they can pull on the users of the Pixel and Events API have seemingly changed over time. We further note that the Court has ordered Defendants to produce documents responsive to RFP 1, which includes documents identifying all websites that have used the Events API. Gloria, this misstates what was said yesterday in our meet-and-confer. I confirmed on the call that the lists that have been produced include all websites that use the Pixel and Events API. Therefore, **Defendants have fully complied with RFP No. 1**, which seeks "documents sufficient to identify all third party **websites** that use or previously use the 'TikTok SDK.'" As we have explained numerous times, Events API is not installed on any website, and no website "uses" Events API. Thus, a list of Events API-only advertisers is not responsive to RFP No. 1. What I did say on the call is that, due to the complexity of the database, we will confirm that there is no reasonably accessible way to identify, among the complete list of advertisers that use these tools on their websites, which used Events API in addition to the Pixel.

- **RFP 1 (time period)**: On August 10, 2023, Defendants agreed in writing that they would produce "non-privileged documents sufficient to show all third-party websites that use or have used the Pixel or Events API." After investigating for weeks whether Defendants can pull "legacy data" dating back before 2023, Defendants notified us on October 19 that they "have identified a way to export legacy data, to the extent it remains in TikTok's systems" without expressly identifying what data does not remain in TikTok's systems. During the parties' October 23 conference, Defendants noted that they do not have data on which websites used the Pixel or Events API going back further in time than the past 900 days. Please explain why Defendants made the representations that they did on August 10 when Defendants now claim they cannot identify websites that used the Pixel or Events API earlier in time than the past 900 days. Defendants agreed to produce such documents subject to their Specific and General Objections, which included (1) lack of temporal scope; and (2) an objection to the extent documents are not within TikTok's possession, custody or control or cannot be found after a reasonable search. After a more-than-reasonable search (which included finding the answers to numerous follow-up requests from Plaintiff) TikTok could not find data going back further than 900 days. In

any event, Plaintiff has never identified why she needs data going back further than almost three years, particularly when no class has been certified, and Defendants have already identified hundreds of thousands of advertisers using these tools.

- **Sample reports of the type described in *Consumer Reports* article**: On the parties' October 23 conference, Defendants represented that TIKTOK-BG-000002631 and TIKTOK-BG-000002632 are representative of the sole type of reports provided to advertisers using non-TikTok user data and that they are the sole type of reports that Ms. Bosselait referenced in the *Consumer Reports* article. Defendants further represented that non-Hulu advertisers' reports would be substantially similar to TIKTOK-BG-000002631 and TIKTOK-BG-000002632 and, if anything, would contain *fewer* columns or *less* information than that contained in these two produced reports. So that Plaintiff can assess Defendants' burden objections to producing all reports that Defendants provide to advertisers that use or reflect non-TikTok user data, please let us know the answers to the following questions no later than Thursday, October 26: TikTok has no way to identify how many reports there are and what number reflect, in some way, percentages of unmatched event data, without going into the interface for each individual advertiser.  This is unquestionably overburdensome and disproportionate to the needs of this case because, as you know, there are hundreds of thousands of advetisers.  Nor has Plaintiff demonstrated any need for such repetitive discovery.

  - Approximately how many such reports are there?

  - Of that number, approximately what percentage have non-TikTok user data in them?

- **RFP 22**: We look forward to Defendants' update no later than this week on the date by which Defendants will produce their document retention policies as Defendants previously agreed to do.

- **Sample non-user data that was received, generated, and/or processed on September 11**: We look forward to Defendants' update no later than this week on the date by which Defendants will produce this data, which Plaintiff first requested almost two months ago in order to assess the impact of Defendants' ongoing destruction of non-TikTok user data being collected through the

TikTok SDK.

- **Historical Pixel Settings**: Defendants agreed to produce the historical Pixel settings for all websites referenced in the First Amended Complaint. Please provide a date certain by when Defendants will do so. For the avoidance of doubt, the websites referenced in the FAC are as follows: Girl Scouts, WebMD, Rite Aid, Recovery Centers of America, Cerebral, The Vitamin Shoppe, Weight Watchers, Planned Parenthood Federation of America, SmartAsset, Happy Money, United Methodist Church, COVID-19 information page of the Maryland Department of Health, Arizona Department of Economic Security, Hulu, Etsy, Build-a-Bear Workshop, Upwork, and Feeding America. Plaintiff reserves the right to seek historical Pixel settings for additional websites.  This also misstates my representation on our meet-and-confer, which is that I would take this issue back to the client and see whether this would be feasible.

- **ESI Protocol**: In response to Plaintiff's request that the parties negotiate custodians and search terms for the production of relevant documents and communications, Defendants agreed to consider producing communications, including emails and chat history, responsive to certain RFPs. We will follow up with those specific RFPs.  However, to be clear, we note that Defendants have the responsibility to produce these materials regardless of the methodology used to find them and, to date, Defendants have failed to produce any emails or chat histories.

- **Release Notes**: I forgot to ask Defendants about the investigation done to date to locate *internal* release notes and update descriptions regarding the Pixel, Events API, and related internal software that is used to process non-TikTok user data. Please provide an update on that investigation no later than this week.

Best,
Gloria

**Gloria Park | Susman Godfrey**
o. 212.729.2029 | c. 917.340.3695
1301 Avenue of the Americas, 32nd Fl. | New York, NY 10019
gpark@susmangodfrey.com

This e-mail may contain privileged and confidential information.  If you received this message in error, please notify the sender and delete it immediately.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.