VICTOR JIH, State Bar No. 186515
Email: vjih@wsgr.com
SOPHIA M. MANCALL-BITEL, State Bar No. 337002
Email: smancallbitel@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of The Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Facsimile: (866) 974-7329

ANTHONY J WEIBELL, State Bar No. 238850
Email: aweibell@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329

*Attorneys for Defendants*
*TikTok Inc. and ByteDance Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BERNADINE GRIFFITH; PATRICIA SHIH; RHONDA IRVIN; MATTHEW RAUCH; JACOB WATTERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TIKTOK INC., et al.,<br><br>Defendants. | Case No.:  5:23-cv-00964-SB-E<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY REGARDING THE DATA COLLECTED ON NON-TIKTOK USERS AND CHANGES MADE TO THE TIKTOK SDK**<br><br>Magistrate Judge: Hon. Charles Eick<br>Date/Time: Dec. 8, 2023 at 9:30 AM<br>Place: Courtroom 750<br>255 East Temple St., Los Angeles, CA 90012<br><br>Discovery Cutoff Date: 5/10/24<br>Pretrial Conference Date: 9/13/24<br>Trial Date: 9/30/24 |

1   Defendants TikTok Inc. and ByteDance Inc. respectfully submit this
2   Supplemental Memorandum in Opposition to Plaintiffs' Motion to Compel
3   Discovery (the "Motion," ECF No. 74).
4   **I.**      **INTRODUCTION AND STATEMENT OF UPDATED FACTS**
5           Plaintiffs' Motion should be denied as frivolous, moot, and premature.  The
6   Motion is frivolous because it seeks to compel the production of documents not
7   even covered by the document requests asserted in the Motion.  The Motion is also
8   mostly moot because Defendants have now produced, or are in the process of
9   producing, the documents that cover two of the three categories of documents
10  described in Plaintiffs' Motion (even though these documents were not covered by
11  the document requests asserted in the Motion).  *See* ECF No. 74-1 at 3-4.  Indeed,
12  Defendants have repeatedly expressed their willingness to cooperate and engage in
13  good-faith efforts to identify relevant information, even outside of the scope of
14  Plaintiffs' discovery requests.  Yet Plaintiffs chose to file their Motion
15  anyway.  And finally, the Motion is premature because the remaining documents it
16  seeks are the subject of a newly-served discovery request for which Defendants'
17  time to respond has not yet passed.
18          Specifically, the Motion requests that the Court compel three categories of
19  documents: (1) a sample of the unmatched, event-level data that TikTok receives
20  from websites, (2) documents concerning changes to the TikTok Pixel and Events
21  API, and (3) historical Pixel settings for the 18 websites identified in the First
22  Amended Complaint.
23          With respect to the first category, the requested data is not responsive to any
24  of the document requests identified in Plaintiffs' Motion.  Some of these requests
25  ask for documents about TikTok's process for collecting data, but not the
26  underlying data itself.  The remainder of the requests ask for documents that can be
27  used to identify putative class members and their data, but the unmatched data
28

1   Plaintiffs seek cannot be used to identify a specific individual because by
2   definition it is "unmatched" to any person and lacks sufficient information to
3   match it to a specific person.  *See id.* at 3, 19-20.  Even so, Defendants have agreed
4   to produce the snapshot of unmatched data Plaintiffs demand and have been
5   making good-faith efforts to produce the data as soon as reasonably practicable, as
6   explained below.  Defendants anticipate being able to do so by December 8.

7         With respect to the second category, Defendants already produced both
8   publicly available and internal documents regarding changes to the Pixel and
9   Events API.  *See id.* at 4, 25-26.  Defendants also timely identified for Plaintiffs on
10  November 20 these documents in response to Plaintiffs' Second Set of
11  Interrogatories, which sought updates, version releases, and/or substantive changes
12  made to the Pixel and Events API.  Defendants further agreed to produce, in
13  response to one of Plaintiffs' Second Set of Requests for Production covering the
14  same category, any responsive, non-privileged documents that TikTok can locate
15  after a reasonable search, to the extent such information has not been produced.

16        With respect to the third category of documents, Defendants' time to
17  respond has not yet passed.  Although Plaintiffs have tried to distort one of their
18  earlier document requests to cover this category, Plaintiffs recognized the futility
19  of their argument and served a new request that expressly asks for this exact
20  category of documents on October 31.  *See id.* at 4, 30.  Defendants' response to
21  the new request is not due until November 30.  Defendants have been using this
22  time to search for and identify responsive documents.  Accordingly, the Motion is
23  premature on this point.

24        The Court should therefore deny Plaintiffs' Motion in its entirety.

25  **II.**   **ARGUMENT**

26        Defendants have already produced, or agreed to produce, documents that
27  Plaintiffs seek in their Motion (as Defendants have represented to Plaintiffs).  To

28

1  the extent the Motion is premised on the production of these documents, the Court

2  should deny the Motion as moot.  *See, e.g.*, *S. Cal. Edison Co. v. Greenwich Ins.*

3  *Co.*, No. 2:22-cv-05984-JFW-JC, 2023 WL 5506018, at *11 (C.D. Cal. July 17,

4  2023) (denying motion to compel because defendant responded to RFPs); *Taylor v.*

5  *Stave, Inc.*, No. CV15-04190-FMO (ASx), 2016 WL 7626439, at *2 (C.D. Cal.

6  Feb. 18, 2016) (motion to compel moot because defendant responded to RFPs);

7  *Jones v. United States*, No. CV 11-2242-DOC (SP), 2014 WL 12853504, at *1

8  (C.D. Cal. Mar. 10, 2024) (motion to compel moot because "it appear[ed] that

9  defendant ha[d] agreed to produce—and [. . .] should have produced—all, or

10  substantially all, of the documents it ha[d] that [we]re responsive").

11  **Sample of Unmatched, Event-Level Data.**  As explained in the Joint

12  Stipulation, Plaintiffs' Motion to compel on nine document requests is frivolous, as

13  the data sought is *not* responsive to those requests (despite Plaintiffs' attempts to

14  stretch those requests beyond their plain meaning).  *See* ECF No. 74-1 at 18-

15  20.  Contrary to Plaintiffs' arguments, as a matter of fact, the unmatched data does

16  not identify putative class members or any other specific person.  *See id.* at 19-20.

17  But in any event, this dispute is moot because TikTok has already agreed to

18  produce what Plaintiffs seek, and is preparing to produce a snapshot of the

19  requested data.  Because the data is incomprehensibly voluminous, Defendants

20  have offered to produce a one-hour snapshot for Plaintiffs' review so that they can

21  see that it does not identify any specific putative class members.  Anything more

22  would require the export of data that is unduly burdensome and disproportionate to

23  the needs of this case, particularly in light of the fact that this data is not relevant or

24  useful to Plaintiffs.  *See id.*  Over the past week, Defendants have run the query to

25  target the right information, and are actively working on navigating TikTok's

26  significant controls over access to the data.

27

28

DEFS.' SUPPL. MEM. IN OPP'N TO PLS.' MOT. TO COMPEL
CASE NO.: 5:23-CV-00964-SB-E
-3-

1    Because this portion of Plaintiffs' Motion is thus moot, it should be

2    denied.  *See Burmayan v. Garfield Beach CVS, LLC*, No. CV 23-01788-FMO

3    (AGRx), 2023 WL 6783288, at *3 (C.D. Cal. Aug. 28, 2023); *Mass. Mut. Life Ins.*

4    *Co v. Reingold*, No. 2:19-cv-5428-GW (SKx), 2020 WL 12016704, at *1 (C.D.

5    Cal. Jan. 31, 2020).

6    **Documents Concerning Changes to the Pixel and Events API.**  For this

7    category, Plaintiffs agreed during the meet-and-confer process that Defendants

8    could produce "go-get" documents consisting of release notes and update

9    descriptions.  *See* ECF No. 74-1 at 25.  Defendants did precisely that.  *See id.* at

10   25-26.  That the documents happened to be publicly available does not make them

11   any less responsive.  Yet Plaintiffs then demanded that TikTok search for *internal*

12   documents.  In a show of good faith, TikTok did so and produced responsive

13   internal documents on November 6, as promised.  *See id.* at 26.

14   Defendants have thus produced documents that squarely address Plaintiffs'

15   purported concerns.  Furthermore, they have directed Plaintiffs to these documents

16   in their Responses and Objections to Plaintiffs' Second Set of Interrogatories on

17   November 20.  Specifically, Plaintiffs' Interrogatory No. 4 sought "each update,

18   version release, and/or substantive change that Defendants have made to the

19   TikTok Pixel and the TikTok Events API since their release[.]"  In response to this

20   interrogatory, Defendants identified by Bates number the already-produced

21   documents that detail the updates, version releases and substantive changes that

22   TikTok has made to the Pixel and Events API, in addition to other documents

23   describing at length updates, releases and changes made to the tools at

24   issue.  Similarly, Plaintiffs' Request for Production No. 61 ("DOCUMENTS

25   sufficient to identify the DATES on which Defendants released ALL UPDATES

26   and/or CHANGES to the TikTok Pixel and the TikTok Events API.") covered the

27   same category.  Defendants timely responded on November 20 that TikTok will

28

1   produce responsive, non-privileged documents that it can locate after a reasonable
2   search, to the extent such information is not already in Defendants' productions.

3        This portion of the Motion should thus be denied as moot.  *See Burmayan*,
4   2023 WL 6783288, at *3; *Mass. Mut. Life Ins. Co*, 2020 WL 12016704, at *1.

5        **<u>Historical Pixel Settings for the 18 Websites Identified in the First</u>**
6   **<u>Amended Complaint.</u>**  As Defendants explained in the Joint Stipulation, *see* ECF
7   No. 74-1 at 30, Plaintiffs' attempt to contort one of their document requests to
8   cover documents concerning historical Pixel settings for the 18 websites identified
9   in the First Amended Complaint is ill-fated.  Plaintiffs of course recognized the
10   futility of trying to shoehorn these documents into the prior request, as they served,
11   the day before serving their portion of the Joint Stipulation, a new request that asks
12   for the exact category of documents they sought in this Motion.  Defendants'
13   response to this new request is not due until November 30.  TikTok has been
14   working on investigating and collecting responsive documents.  This portion of
15   Plaintiffs' Motion should therefore be denied as premature.  *See Garces v. Pickett*,
16   No. 2:17-cv-0319 JAM AC P, 2021 WL 978540, at *1 (E.D. Cal. Mar. 16, 2021).

20   Dated: November 22, 2023       WILSON SONSINI GOODRICH & ROSATI
21                                    Professional Corporation

22                                    By:  *<u>/s/ Sophia M. Mancall-Bitel</u>*
23                                        Sophia M. Mancall-Bitel

24                                   *Attorney for Defendants*
25                                   TIKTOK INC. and BYTEDANCE INC.