VICTOR JIH, State Bar No. 186515
Email: vjih@wsgr.com
SOPHIA M. MANCALL-BITEL, State Bar No. 337002
Email: smancallbitel@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of The Stars, 28th Floor
Los Angeles, CA 90067
Telephone:(424) 446-6900
Facsimile: (866) 974-7329

ANTHONY J WEIBELL, State Bar 238850
Email: aweibell@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (866) 974-7329

*Attorneys for Defendants*
*TikTok Inc. and ByteDance Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BERNADINE GRIFFITH, PATRICIA SHIH, RHONDA IRVIN, AND JACOB WATTERS,<br><br>Plaintiffs,<br><br>v.<br><br>TIKTOK INC., et al.,<br><br>Defendants. | Case No. 5:23-cv-00964-SB-E<br><br>**DEFENDANTS' STATEMENT OF NON-OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT ORDER DEADLINES**<br><br>Date: January 19, 2024<br>Time: 8:30 a.m.<br>Courtroom: 6C<br><br>Judge: Hon. Stanley Blumenfeld Jr.<br>Filed: May 26, 2023<br>Amended Complaint Served: October 20, 2023<br>Trial Date: September 30, 2024 |

Defendants TikTok Inc. and ByteDance Inc. do not oppose Plaintiffs' Motion to Modify the Court's Case Management Order (ECF No. 40) and Continue Deadlines (the "Motion," ECF No. 82) but respectfully submit this Statement of Non-Opposition to provide the Court with proper context regarding Defendants' discovery efforts. This Statement of Non-Opposition is supported by the Declaration of Sophia M. Mancall-Bitel submitted herewith.

As a general matter, Plaintiffs have requested types of data that TikTok does not use in the ordinary course of business. Declaration of Sophia M. Mancall-Bitel, December 29, 2023 ("Mancall-Bitel Dec.") ¶¶ 4, 10. The discovery Plaintiffs sought must be generated or created from immense data sets. *Id.* In order to provide Plaintiffs with this discovery, Defendants have been required to develop novel queries to compile the requested information from those data sets. *Id.* This has been a complex process involving extensive discussions with TikTok employees, the need to exercise judgment and discretion about how best to identify and export what Plaintiffs requested, and time-intensive efforts by a number of TikTok employees. *Id.*

First, Defendants produced on October 20, 2023,[1] a list of every website Defendants could identify that has used the TikTok Pixel. *Id.* ¶ 6. The list contained over 500,000 websites. As explained above, the creation and production of this list was complex and time-consuming. *Id.* ¶¶ 4-5. As Plaintiffs note, they identified in mid-December two websites that they cannot find in that large list. *Id.* ¶ 8. While Defendants produced, to the best of their knowledge, a complete list of websites that have used the Pixel, they are actively investigating Plaintiffs' questions. *Id.*

Second, Defendants produced on December 11 a snapshot of the unmatched data collected over 24 hours by the Pixel. *Id.* ¶ 12. TikTok typically does not use

---

[1] While Plaintiffs stated in their Motion that Defendants produced this list on November 6, Mot. at 7, the correct date of production is October 20.

DEFS.' STATEMENT OF NON-OPP'N TO PLS.'
MOT. TO MODIFY CMO DEADLINES
CASE NO. 5:23-cv-00964-SB-E

-1-

1  unmatched data at an individual level and thus does not store it in a way that would
2  make this request straightforward. *Id.* ¶ 10. As with the list of websites, this task
3  required multiple efforts and discussions about how best to identify, query and
4  export this data. *Id.* ¶¶ 10-11. To the best of their ability and knowledge,
5  Defendants produced a complete snapshot. Plaintiffs reached out to Defendants
6  with questions regarding the data on December 15. *Id.* ¶ 14. Defendants are
7  actively investigating and will respond as soon as reasonably possible. *Id.*

8  Finally, with respect to the custodial data collection, the parties first began
9  negotiating custodial searching in late October. *Id.* ¶ 15. At Plaintiffs' request,
10 Defendants agreed to search the data of a large number of custodians (30) and run
11 search terms in both English and Chinese. *Id.* Defendants timely initiated and are
12 in the process of collecting full custodial data for the 30 custodians, which requires
13 multiple steps and significant machine processing time. *Id.* ¶ 16. As a result, the
14 parties have not yet negotiated the final search terms. *Id.* That said, Defendants
15 are well underway in the process of reviewing the custodial documents that have
16 already been collected and hit on terms that both parties agree on and fully intend
17 to make rolling productions. *Id.* ¶ 17.

18 In conclusion, Defendants have actively participated in discovery, including
19 tremendous efforts by TikTok employees. While Defendants do not believe that
20 much of this discovery is needed to resolve this case or to determine the
21 appropriateness of class certification, they nonetheless are working with Plaintiffs
22 in good faith to resolve any discovery disputes and to provide the requested
23 information. Because Defendants firmly believe that the merits of the case are in
24 their favor, our goal has been to provide the discovery Plaintiffs seek within reason
25 and as quickly as we can reasonably provide it so that the case may be submitted to
26 the Court for a decision on the merits as soon as possible.

27
28

| | | |
|---|---|---|
| 1 | Dated: December 28, 2023 | WILSON SONSINI GOODRICH & ROSATI |
| 2 | | Professional Corporation |

By:  /s/ *Sophia M. Mancall-Bitel*
            Sophia M. Mancall-Bitel

*Attorney for Defendants*
TIKTOK INC. and BYTEDANCE INC.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants TikTok Inc. and ByteDance Inc., certifies that this brief contains 653 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 28, 2023

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Sophia M. Mancall-Bitel*
Sophia M. Mancall-Bitel

*Attorney for Defendants*
TIKTOK INC. and BYTEDANCE INC.