Ekwan E. Rhow (CA SBN 174604)
erhow@birdmarella.com
Marc E. Masters (CA SBN 208375)
mmasters@birdmarella.com
Christopher J. Lee (CA SBN 322140)
clee@birdmarella.com
BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Kalpana Srinivasan (CA SBN 237460)
Steven Sklaver (CA SBN 237612)
Michael Gervais (CA SBN 330731)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars
14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Jonathan M. Rotter (CA SBN 234137)
Kara M. Wolke (CA SBN 241521)
Gregory B. Linkh (*pro hac vice*)
GLANCY PRONGAY & MURRAY, LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
jrotter@glancylaw.com
kwolke@glancylaw.com
glinkh@glancylaw.com

Y. Gloria Park (*pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10019
Telephone: (212) 336-8330
gpark@susmangodfrey.com

Attorneys for Plaintiffs Bernadine Griffith, Patricia Shih, Rhonda Irvin, and Jacob Watters

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

BERNADINE GRIFFITH, PATRICIA SHIH; RHONDA IRVIN; JACOB WATTERS, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

TIKTOK, INC, a corporation; BYTEDANCE, INC., a corporation,

Defendants.

CASE NO. 5:23-cv-00964-SB-E

**DISCOVERY MATTER**

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF SOURCE CODE RESPONSIVE TO RFP NOS. 75, 83, AND HISTORICAL SOURCE CODE**

Magistrate Judge: Hon. Charles Eick
Date: April 19, 2024
Time: 9:30 AM
Place: Ctrm. 750

Action Filed: May 26, 2023
Trial Date: November 25. 2024

# SUPPLEMENTAL MEMORANDUM

## I. ARGUMENT

One thing is evident from Defendants' portions of the Joint Stipulation: Defendants do not dispute that at least some of the current and historical source code sought by Plaintiffs is relevant and proportional to the needs of this case. In fact, under the pressure of this motion to compel, Defendants represented to the Court that "relevant" current source code would be produced "within three weeks after Defendants complete their compliance with the March 18 Order", and that "relevant" historical source code would be produced "30 days after that to the extent prior versions of such source code are still in Defendants' possession and are reasonably accessible." Dkt. 122 at 3:23-28. Notably, however, Defendants' representation is vague and ambiguous as to whether they intend to produce all categories of source code encompassed within the valid RFPs at issue in this motion. What Defendants contemplate as "relevant" is a mystery, and Defendants cannot be allowed to pick and choose the source code they will produce based on a self-serving and undisclosed definition of relevance. Absent more clarity than contained in Defendants' last-minute about-face, this motion remains necessary.

Moreover, even assuming that Defendants intended to produce all the categories of source code requested by Plaintiffs in the RFPs at issue here, there remains a dispute about timing – which is critical in light of the firm deadlines set by Judge Blumenfeld's Case Management Order.[1] The compliance date for the March 18 Order relied upon by Defendants (above) is April 15, 2024. Twenty-one days after

---

[1] The parties are currently meeting-and-conferring on a stipulation seeking modification of Judge Blumenfeld's Case Management Order in light of Defendants' repeated failures to meet their discovery obligations, including an extension of time for class certification briefing. It is currently unknown whether the parties will reach agreement and whether modification of the order will be granted, and therefore Plaintiffs must proceed under the operative schedule ordered by the Court.

that date is May 6, 2024 – ***three days after*** the court-ordered deadline for Plaintiffs' May 3, 2024 motion for class certification. Thirty days after May 6, 2024 is June 5, 2024 – ***twelve days after*** the court-ordered deadline for Plaintiffs' May 24, 2024 reply in support of that motion. Given the potential relevance of this source code to key issues on class certification, Defendants' newly-proposed timeline is unacceptable.

Plaintiffs have provided specific examples of why the source code sought will potentially be relevant for class certification purposes – namely, to ascertain when certain particularly-invasive changes to the Pixel and its collection of private data were implemented. *See* Dkt. 122 at 16:16-24. Defendants do not dispute the potential relevance of these issues for class certification, beyond quibbling that Plaintiffs have not substantiated how "every" change to the source code is relevant. *Id.* at 20:10-12. That is a straw man. Plaintiffs do not contend that every change to the source code is relevant, but given Defendants' inability to comprehensively identify the dates of material changes, *see id.* at 16:8-24, Plaintiffs have no option other than to examine the source code and verify the dates and content of those changes themselves. Plaintiffs should not be forced to rely on Defendants' representations regarding what changes are relevant and what changes are not.

Defendants argue that the timing demanded by Plaintiffs is draconian. Plaintiffs cannot ascertain if that is so, since Defendants have provided no information concerning the state of their efforts, but if much work must be done quickly, that is a situation entirely of Defendants' own making. Plaintiffs first sought information regarding historical changes to Defendants' source code in their first set of RFPs served in June 2023, a month after filing their initial complaint. Plaintiffs served subsequent RFPs seeking Defendants' "internal" source code in November 2023. Defendants were first put on notice of the deficiencies in their source code production – including the lack of historical source code – on November 7, 2023. *See* Dkt. 122-1, Ex. A. Defendants have had nearly ***half a year*** to investigate this issue and propose a reasonable solution. Instead, they tried to run down the clock to a point where

Plaintiffs now have only an exceedingly short window of time to examine the relevant source code prior to the completion of class certification briefing. Defendants could have avoided this situation by either: (1) producing all of the requested source code in November 2023, or (2) supplementing their production within a reasonable period of time after they received the November 7, 2023 meet and confer email. They did neither, and the Court should not allow Defendants to gain a tactical advantage from their own gamesmanship.

Plaintiffs have no reason to believe that absent this Motion, Defendants would have made any effort at all to produce the relevant source code in a timely manner. Indeed, Defendants have exhibited a consistent pattern of behavior with regards to discovery in this case: they stonewall Plaintiffs for weeks or even months at a time, and then offer extremely belated compromises only ***after Plaintiffs are forced to file a motion to compel***.

That pattern of behavior has continued with the instant motion: on Wednesday, April 3 at 7:31 p.m., after the motion was filed and two days before this supplemental memorandum was due, Defendants emailed Plaintiffs to inform them for the first time that they would permit Plaintiffs' expert to conduct a source code inspection in April or May 2024. Second Declaration of Christopher J. Lee ("2nd Lee Decl.") Ex. I. Yesterday, on April 4, Plaintiffs followed up to inquire as to critical details regarding the logistics of that inspection, including but not limited to: (1) what categories of source code Plaintiffs would be given access to (code for the Pixel, code for the Events API, and server-side code), and whether that includes both current and historical source code for each such category; (2) whether Plaintiffs' experts would be permitted to install their preferred source code analysis tools on Defendants' device; (3) whether there will be any restrictions on the devices the experts can bring into the review room and whether the experts can print portions of the source code; (4) whether there will be any time restrictions for completion of the source code review; and (5) whether Plaintiffs would be provided with a source code dictionary in advance of the review

in order to focus their experts' review on certain parts of the source code at issue here. *Id.*

At 5:41 p.m. today, Defendants emailed Plaintiffs with deficient responses to each of these five questions. Rather than respond to the first question concerning what categories of source code would be made available (Pixel, Events API, servers), Defendants ignored that part of the question and only advised that they might make certain undefined categories of historical and current code available – and with no guarantee as to timing. Lee Decl. Ex. I. In other words, Defendants yet again refused to directly answer whether they will produce the requested source code for the Pixel, Events API, and server. On the second question concerning installation of Plaintiffs' experts' preferred tools and the ability of Plaintiffs' experts to print source code, Defendants were non-committal. *Id.* On the third question, Defendants refused to allow Plaintiffs' experts to bring electronic devices into the inspection location. *Id.* On the fourth question, Defendants did not respond as to whether there will be any time restrictions for Plaintiffs' experts to complete their review, and instead unhelpfully noted that review hours are to be confined to business hours. *Id.* On the fifth question, Defendants stated they do not understand the term "source code dictionary" even though that term is common in the industry. *Id.* Defendants concluded by acknowledging there may be other restrictions that they will seek to impose on the source code review, but also stated that they do not currently know what those restrictions are or when they will be able to advise Plaintiffs of such restrictions. *Id.* In sum, Defendants eleventh-hour email is once again insufficient, Plaintiffs' concerns remain unaddressed, and the pending motion remains vital.

Nonetheless, Plaintiffs will endeavor to meet-and-confer with Defendants prior to the April 19 hearing on this motion in an attempt to resolve this dispute without court intervention. If such a resolution occurs, Plaintiffs will notify the Court as soon as possible. But because (1) Defendants' proposal was only made two days ago, (2) Defendants' responses today at 5:41 p.m. are inadequate, and (3) Defendants have a

pattern of stonewalling, Plaintiffs are not optimistic that a resolution will be achieved, and thus must push forward in petitioning the Court for relief in light of the pending deadlines discussed above.

## II. CONCLUSION

Plaintiffs intend to work diligently with Defendants to alleviate the need for the Court to rule on this motion at the April 19, 2024 hearing. However, in the event no agreement is reached, Plaintiffs respectfully request that the Court grant the original relief sought in Plaintiffs' moving papers, and order Defendants to, within three calendar days of the Court's ruling:

1. Produce all source code responsive to Request for Production Nos. 75 and 83 – including historical code from January 1, 2020 to present; and

2. Supplement their previous production of source code with historical code from January 1, 2020 to present.

Should the Court be inclined to offer Defendants more time for production, Plaintiffs respectfully request that Defendants be ordered to produce the relevant source code by no later than the end of April given the May 3, 2024 class certification motion deadline.

DATED: April 5, 2024

By: */s/ Christopher J. Lee*
Christopher J. Lee

Ekwan E. Rhow (CA SBN 174604)
Marc E. Masters (CA SBN 208375)
Christopher J. Lee (CA SBN 322140)
BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor Los Angeles, California 90067-2561 Telephone: (310) 201-2100
erhow@birdmarella.com
mmasters@birdmarella.com
clee@birdmarella.com

Jonathan M. Rotter (CA SBN 234137) Kara M. Wolke (CA SBN 241521)
Gregory B. Linkh (pro hac vice) GLANCY PRONGAY & MURRAY, LLP
1925 Century Park East, Suite 2100 Los Angeles, California 90067-2561 Telephone: (310) 201-9150
jrotter@glancylaw.com
kwolke@glancylaw.com
glinkh@glancylaw.com

Kalpana Srinivasan (CA SBN 237460)
Steven Sklaver (CA SBN 237612) Michael Gervais (CA SBN 330731)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400 Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Y. Gloria Park (pro hac vice)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (310) 336-8340
gpark@susmangodfrey.com

Attorneys for Plaintiffs