VICTOR JIH, SBN. 186515
KELLY H. YIN, SBN 328380
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of The Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Facsimile: (866) 974-7329
vjih@wsgr.com; kyin@wsgr.com

LUIS LI, SBN 156081
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2900
luis.li@wsgr.com

DYLAN GRACE SAVAGE, SBN 310452
THOMAS WAKEFIELD, SBN 330121
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (424) 446-6900
dsavage@wsgr.com; twakefield@wsgr.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

BERNADINE GRIFFITH, et al.,

*Plaintiffs*,

v.

TIKTOK INC., et al.,

*Defendants*.

Case No.: 5:23-cv-00964-SB-E

**DISCOVERY MATTER**

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CURRENT AND HISTORICAL SOURCE CODE**

Magistrate Judge: Hon. Charles Eick
Date/Time: April 19, 2024 at 9:30 AM
Place: Courtroom 750
255 East Temple St., Los Angeles, CA 90012

Discovery Cutoff Date: 8/23/24
Pretrial Conference Date: 11/08/24
Trial Date: 11/25/24

The Court should deny this motion because there is no ripe discovery dispute. Plaintiffs have requested access to Defendants' source code, and Defendants informed Plaintiffs on April 3, 2024, that the relevant source code will be made available to Plaintiffs' expert at TikTok Inc.'s secure location in Los Angeles, California. This agreement extends not only to Defendants' current source code, but also to "historical" source code that is reasonably accessible. Joint Stip. at 5, 19. While certain aspects of how that access will happen have not been resolved, those aspects are nonetheless currently being negotiated. The timing of the inspection has not been finalized, since Plaintiffs still need to propose dates in April or May for when they want to inspect and review the source code. The parties are also working through what source code review tools can be used, what devices will be permitted, whether portions of source code can be printed (and, if so, the timing and protocols for printing), and other practical details for the inspection. Defendants further anticipate that modifications may be necessary to the stipulated protective order entered in this matter on August 17, 2023 (Dkt No. 33), to account for the production of source code.

One of Plaintiffs' requests, however, goes too far. They seek "all" versions of the source code. But Defendants can provide access to only the historical source code that actually exists and that they can reasonably locate. Indeed, Defendants have agreed to give Plaintiffs access to all "responsive historical code, to the extent it is accessible and can be located after conducting a reasonable search." Joint Stip. at 19. Plaintiffs also seek an order that requires Defendants to produce historical code "within three calendar days" of the order. It is unlikely that all of the available historical source code can be reasonably identified and prepared for inspection within that short timeframe, but Defendants are committed to conducting reasonable searches and producing promptly for inspection at their Los Angeles facility whatever responsive historical source code they are able to locate.

Despite these efforts to cooperate and provide Plaintiffs with the discovery they seek, Plaintiffs have nonetheless refused to withdraw the present motion. The parties have already largely agreed to the relief this motion seeks, subject only to Plaintiffs' unrealistic timing demands and finalizing the practical logistics—none of which is presently before the Court. The parties should be able to work out any remaining details. The motion should therefore be denied.

Dated: April 5, 2024

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: *<u>/s/ Dylan G. Savage</u>*
Dylan G. Savage

*Attorneys for Defendants*
TIKTOK INC. and BYTEDANCE INC.