Ekwan E. Rhow (CA SBN 174604)
erhow@birdmarella.com
Marc E. Masters (CA SBN 208375)
mmasters@birdmarella.com
Christopher J. Lee (CA SBN 322140)
clee@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS &
NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Kalpana Srinivasan (CA SBN 237460)
Steven Sklaver (CA SBN 237612)
Michael Gervais (CA SBN 330731)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars
14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Jonathan M. Rotter (CA SBN 234137)
Kara M. Wolke (CA SBN 241521)
Gregory B. Linkh (*pro hac vice*)
GLANCY PRONGAY & MURRAY,
LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
jrotter@glancylaw.com
kwolke@glancylaw.com
glinkh@glancylaw.com

Y. Gloria Park (*pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
gpark@susmangodfrey.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| BERNADINE GRIFFITH, PATRICIA SHIH; RHONDA IRVIN; JACOB WATTERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TIKTOK, INC, a corporation; BYTEDANCE, INC., a corporation,<br><br>Defendants. | CASE NO. 5:23-cv-00964-SB-E<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION TO MODIFY CASE MANAGEMENT ORDER [DKT NOS. 40 & 85] AND CONTINUE DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    May 10, 2024<br>Time:    8:30 a.m.<br>Crtrm.:  6C<br><br>Assigned to Hon. Stanley Blumenfeld, Jr.<br>Courtroom 6C<br><br>Orig. Compl.:  May 26, 2023<br>Orig. Resp. Pldg.: July 24, 2023 |

1

1   TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE

2   NOTICE that Plaintiffs will, and hereby do, move this Court for an order to modify

3   the Case Management Order [Dkt Nos. 40 & 85] to continue certain deadlines as

4   follows:

| **Event** | **Prior Dates** | **Current Dates** | **Proposed Dates** |
|---|---|---|---|
| **Trial** | 09/30/24 | 11/25/24 | 02/24/25 |
| **Pretrial Conf.** | 09/13/24 | 11/08/24 | 01/28/25 |
| **Motion to Amend Pleadings** | None | None | None |
| **Motion for Class Certification due** | 02/09/24 | 05/03/24 | 07/05/24 |
| **Opposition to Motion for Class Certification due** | 02/23/24 | 05/17/24 | 08/02/24 |
| **Reply Brief ISO Motion for Class Certification due** | 03/01/24 | 05/24/24 | 08/16/24 |
| **Hearing on Motion for Class Certification** | 03/15/24 | 06/07/24 | 09/06/24 |
| **Substantial Production Deadline** | None | None | 10/08/24 |
| **Initial Expert Disclosure due** | 04/26/24 | 07/19/24 | 10/18/24 |
| **Rebuttal Expert Disclosure due** | 05/10/24 | 08/09/24 | 11/08/24 |
| **Fact Discovery Cutoff** | 05/10/24 | 08/09/24 | 11/08/24 |
| **Expert Discovery Cutoff** | 06/07/24 | 08/23/24 | 11/22/24 |
| **Discovery Motion Hearing Cutoff** | 06/07/24 | 08/23/24 | 11/22/24 |
| **Non-Discovery Motion Hearing Cutoff** | 06/21/24 | 08/23/24 | 11/22/24 |
| **Settlement Conf. Deadline** | 07/05/24 | 08/30/24 | 12/02/24 |
| **Post-settlement Status Conference Report due** | 07/12/24 | 09/06/24 | 12/09/24 |
| **Post-Settle. Conf.** (Report due 7 days before) | 07/19/24 8:30am | 09/13/24 | 12/16/24 |
| **Trial Filings (1st Set)** | 08/16/24 | 10/11/24 | 01/07/25 |
| **Trial Filings (2nd Set)** | 08/30/24 | 10/25/24 | 01/21/25 |

1    Plaintiffs move for this relief on the basis that good cause exists for an

2  extension because, despite Plaintiffs' diligence and repeated efforts to move

3  discovery along, delays in producing key documents and information have occurred

4  and have affected Plaintiffs' motion for class certification (which is currently due on

5  May 3, 2024). Plaintiffs have met-and-conferred with Defendants, who have informed

6  Plaintiffs they will not oppose the relief sought. Declaration of Gloria Park ("Park

7  Decl.") at ¶ 14.

8    The Motion is based upon this Notice of Motion and Motion, the attached

9  Memorandum of Points and Authorities, the attached chart of completed work and

10  remaining work, the Park Declaration, all of the papers on file in this action, and upon

11  such other and further evidence or argument that the Court may consider.

12  DATED:  April 12, 2024          Marc E. Masters

13                                              Bird, Marella, Rhow, Lincenberg, Drooks &
                                                Nessim LLP

14

15

16                                     By:   _____/s/Marc E. Masters_____

17                                                   Marc E. Masters
                                                Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

UNOPPOSED MOTION TO MODIFY CASE MANAGEMENT ORDER [DKT NOS. 40 & 85] AND CONTINUE
DEADLINES

1

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES.............................................6

I.    INTRODUCTION.................................................................................6

II.   FACTUAL BACKGROUND .................................................................9

    A.   Continued Delay Concerning the One-Day Data Sample .....................9

    B.   Continued Delay Concerning Production of Custodial Documents...........................................................................................10

    C.   Delay Caused by Failure to Produce Source Code .............................12

    D.   Delay Caused by Inaccurate Discovery Start Date.............................13

    E.   Agreement with Defendants Concerning Relevant Discovery Issues ...........................................................................................13

III.  ARGUMENT ......................................................................................14

IV.   CONCLUSION ...................................................................................17

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Federal Cases**

4

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ............................................................................ 14

*Landis v. North American Co.*,
  299 U.S. 248 (1936) ......................................................................................... 14

**Other Authorities**

Fed. R. Civ. P. 16(b)(4) ........................................................................................ 14

5

UNOPPOSED MOTION TO MODIFY CASE MANAGEMENT ORDER [DKT NOS. 40 & 85] AND CONTINUE
DEADLINES

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

Plaintiffs regret that they must respectfully request that the Court modify its Case Management Order (Dkt. 40 & 85) and continue various deadlines for a second time despite Plaintiffs' diligent efforts to avoid this situation and to pursue discovery in a timely manner. This second requested modification includes moving, among others, the class certification motion deadline (by approximately two months) and the trial date (by less than three months). Good cause exists for this second requested modification because, despite Plaintiffs' diligence, there have been repeated and critical discovery delays by Defendants – including continued delays concerning discovery matters that formed the basis for the first modification motion.[1] Defendants disagree with Plaintiffs' framing of the issues in this Motion but do not oppose the relief sought.

To prepare for their May 3, 2024 class certification filing deadline and other important deadlines, Plaintiffs thus far have had to file ***four*** discovery motions seeking Magistrate Judge Eick's assistance to obtain important documents and information from Defendants. Judge Eick substantially granted all four of those motions. *See* Dkts. 64, 78, 117, 130. Despite Plaintiffs' best efforts, substantial delays have resulted due to: (1) Defendants' refusal to comply with their discovery obligations without the threat of a pending motion and adverse ruling and (2) Defendants' continued delay even after a ruling has issued.

***First***, Judge Eick granted Plaintiffs' motion concerning a one-day sample of non-TikTok user data that Defendants claim to destroy within a short period of time after collection. This data was a basis for Plaintiffs' first unopposed motion to modify the case management order because, as discussed below, such data may be important

---

[1] Plaintiffs will also file an *ex parte* application to advance the hearing date on this motion.

to class certification. Dkt. 82 at 11:10-12:18. That fact remains true today. Remarkably, after this court granted the first modification motion, Defendants continued to violate Judge Eick's order to produce that data (Dkt. 78), forcing Plaintiffs to return to Judge Eick to seek to enforce his order. Judge Eick again ordered Defendants to produce the one-day sample. Dkt. 117. Despite Plaintiffs' repeated success, the process of having to seek court intervention twice has resulted in a substantial loss of time. Instead of receiving the one-day sample on December 11, 2023, as originally ordered (Dkt. 78), Plaintiffs will not receive that data until April 15, 2024. Dkt. 117.

Moreover, on April 10, 2024, just two days before the filing of this motion, Defendants informed Plaintiffs that they have discovered yet additional sources of raw data previously undisclosed to Plaintiffs or the Court. Park Decl. ¶ 12, Ex. 6. Defendants' communications also suggest that the April 15 production will still be in violation of Judge Eick's orders to produce all data collected in a 24-hour time period. *Id.* Defendants have also ignored Plaintiffs' repeated efforts to meet and confer ***before*** April 15 to ensure that the parties are on the same page on what exactly must be produced on April 15 and to request the production of the data before April 15 if at all possible. *See* Park Decl. Ex. 7. For all these reasons, it is almost certain that Plaintiffs will require substantial time to analyze the additional data to be produced on April 15, confer with Defendants on their understanding of Judge Eick's second order (Dkt. 117), and fly their experts to Defendants' "transparency center" if they continue to insist that they will not produce the full data set as ordered and instead require Plaintiffs to travel.

***Second***, another significant discovery delay resulted from Defendants' failure to timely produce documents responsive to discovery requests, some of which Defendants received as early as June 2023. The failure to timely produce documents was also a basis for the first modification motion. Dkt. 82 at 12:19-13:26. The delay continues. In fact, before filing this second modification motion, Plaintiffs had

prepared a fifth discovery motion for Judge Eick based on Defendants having produced only 2,665 documents in response to eight sets of document requests with 110 individual requests for production since June 2023, including fewer than 100 documents from each of 20 of the 30 negotiated custodians. The parties have resolved that fifth discovery motion, at least for the time being, with Defendants' agreement (1) not to oppose this instant motion and (2) to various conditions set forth below that are designed to speed up document production and allow Plaintiffs to prepare for class certification and depositions.

*Third*, further delay resulted from Defendants' failure to produce certain source code for their Pixel, Events API, and servers, and no historical source code whatsoever for their Pixel, Events API, and servers. Plaintiffs filed a motion to compel production of the additional source code on March 29, 2024. Dkt. 122. This additional source code is potentially relevant for class certification, as it would allow Plaintiffs to determine when certain invasive changes to the relevant software were made and how Defendants use the stolen data. Judge Eick granted the motion and ordered Defendants to produce relevant source code by April 29, 2024. Dkt. 130. Despite Plaintiffs' diligent efforts, this leaves only three full business days to analyze the additional source code prior to the Court's current class certification deadline on May 3, 2024.

*Fourth*, Plaintiffs recently discovered that Defendants' representations about when they publicly released the TikTok SDK are contradicted by their own internal documents. As a result, the previously agreed-upon discovery start date of January 1, 2020 has been revised pursuant to the aforementioned agreement with Defendants, and Defendants will need to locate and produce responsive documents from this earlier time period. This process will cause further delay.

These discovery delays are the basis for Plaintiffs' requested relief. Plaintiffs are aware that continuances are generally disfavored in this Court and do not make this request lightly. However, Plaintiffs believe they should not be punished for

1   discovery delays that they tried to avoid and that were not within their control.

2   **II.    FACTUAL BACKGROUND**

3          Plaintiffs' diligence preceding the first modification/continuance motion is

4   discussed in detail in that motion. Dkt. 82 at 6:8-9:21. Unfortunately, as discussed

5   below, after the court granted that motion, the discovery delays have continued

6   despite Plaintiffs' best efforts to move discovery along and prepare for the class

7   certification motion.

8          **A.    Continued Delay Concerning the One-Day Data Sample**

9          On June 27, 2023, Plaintiffs served various RFPs for the non-TikTok user data

10  collected by the TikTok SDK and subsequently learned that Defendants are

11  continuing to "delete" such data collected through the TikTok SDK even after the

12  filing of this litigation. Dkt. 82-1 ¶ 14. Plaintiffs proposed during the course of meet-

13  and-confers that Defendants should at minimum produce "a sample of non-TikTok

14  user data that Defendants collect, generate, and process on a single day" so that

15  Plaintiffs could evaluate the implications of Defendants' continued "deletion" of non-

16  TikTok user data collected through the TikTok SDK. *Id.* ¶ 15. On November 9, 2023,

17  Plaintiffs successfully moved to compel this production, and Judge Eick ordered

18  Defendants to produce "a sample of non-TikTok user data that Defendants collect,

19  generate, and process on a single day" by December 11, 2023. *Id.*; Dkt. 78.

20         In response, Defendants produced three spreadsheets of supposedly "raw" data

21  totaling over 280,000 rows and 319 megabytes of text. Dkt. 82-1 ¶¶ 18-19. Within

22  four days of receiving that production, Plaintiffs diligently reviewed and identified

23  certain gaps in the production, including: (1) the lack of any "generated" or

24  "processed" data; (2) the lack of some "collected" data; (3) the lack of meaningful

25  values in a majority of 121 data fields produced, which contained only "Null," "0,"

26  or "blank" values. *Id.* ¶ 20.

27         After unsuccessful attempts to resolve this problem, Plaintiffs were forced in

28  February to bring a motion to enforce Judge Eick's original order. Dkt. 96 & 96-1.

9

Then, in March, following briefing on the motion to enforce the court order and just before the hearing, Defendants acknowledged their original data sample was inadequate by producing another sample from February 19-20, 2024. Park Decl. ¶ 3. However, this new data sample proved similarly inadequate and did not include the raw, processed, and generated data required by Judge Eick's original order. Accordingly, Judge Eick again ordered Defendants to produce the data sample (including raw, processed, and generated data) – this time by April 15, 2024. Dkt. 117.

Moreover, on April 10, 2024, Defendants emailed Plaintiffs to inform them for the first time that they had recently discovered another source of raw data that had previously been undisclosed to Plaintiffs and the Court. Park Decl. ¶ 12, Ex. 6. These late-breaking discoveries raise questions about the integrity and comprehensiveness of Defendants' productions to date. At bottom, despite Plaintiffs' diligent efforts to seek a sample of non-TikTok user data (i.e. the very data at the heart of this case) since August 2023, Plaintiffs still do not have a complete sample of that data and will not have it until at least April 15. Moreover, Defendants' April 10, 2024 communication raises concerns that what Plaintiffs receive on April 15 will still be incomplete. It is unfortunate that Defendants resisted Plaintiffs' efforts to avoid that very outcome by seeking an early meet and confer on the parties' understanding of Judge Eick's second order. *See* Park Decl. ¶ 13, Ex. 7.

Even if the April 15 production complies with Judge Eick's order, that leaves Plaintiffs less than three weeks before the current deadline to file a class certification motion (May 3, 2024) to analyze that data, to seek any necessary follow-on discovery, and to depose Defendants' witnesses about that data.

**B.    Continued Delay Concerning Production of Custodial Documents**

As of April 2, 2024, when Plaintiffs served their portion of a joint stipulation in support of a fifth motion to compel that they planned on filing, Defendants had produced a total of 3,839 documents. Setting aside documents that consist merely of

10

printouts of their websites (155 documents) and broken, illegible chat files that Defendants agreed to re-process and re-produce (1,019 documents), Defendants had produced just **2,665 documents**, including fewer than 100 documents each from 20 out of 30 custodians Park Decl. ¶ 5:

| Custodian | No. of Docs |
|---|---|
| Sheraz Amin | 0 |
| Zhan Wang | 0 |
| Lin Chen | 1 |
| Fan Zhang | 2 |
| Christina Leung | 3 |
| Luna Z.H. Wu | 13 |
| Puru Mehta | 13 |
| Rachel Zhang | 17 |
| Zack Zhang | 18 |
| Sandy Chang | 19 |
| Alex Zhangyuanyuan | 21 |
| James Jones | 23 |
| Yuxi Deng | 26 |
| Dexter Gao | 38 |
| Maliya Wang | 41 |
| Ananya Kacker | 46 |
| Zeno Du | 55 |
| Yunfeng Wei | 76 |
| Ruoyu Zhu | 78 |
| Ryan Walker | 78 |
| Haoyang Chen | 102 |
| Sissi Xu | 113 |
| Simran Sahni | 117 |
| Lizzie Li | 126 |
| Jimmy Morrow | 135 |
| Mefah Joyner | 145 |
| Thom Melnik | 251 |
| Becca Wong | 301 |
| Dan Kirchgessner | 362 |
| Sarah Virk | 768 |

From Plaintiffs' perspective, the delay in production was inexcusable because the parties had started negotiating search terms and custodians back in November 2023 and, by December 2023, had reached agreement on all custodians and all but one search term. Park Decl. ¶ 4. Yet as of April 2, 2024, Defendants had produced fewer than 3,000 substantive documents.

On April 5, 2024, after receiving Plaintiffs' portion of the above-mentioned joint stipulation, Defendants made another production. Park Decl. ¶ 6. This production contained 2,961 documents, but (1) 2,740 of that total consisted of the broken, illegible files that Defendants had previously agreed to re-process and re-produce, and (2) 483 of the total consisted of duplicates or near duplicates of a single draft email that Defendants have been producing over and over again in various states of completion. *Id.* Setting aside these two defective sets of documents, the April 5 production contained just 221 documents. *Id.* Given the low volume, Plaintiffs predict that Defendants still have a significant number of documents that remain to be produced.

### C.    Delay Caused by Failure to Produce Source Code

Starting in June 2023, Plaintiffs served three separate RFPs on Defendants requesting production of relevant source code, including historical source code. Dkt. 122 at 6:8-7:20. Plaintiffs diligently met-and-conferred with Defendants for months afterwards, but despite attempts at compromise, failed to obtain an agreement to produce the relevant source code. *Id.* at 9:9-11:9. Ultimately, on March 29, 2024, Plaintiffs were forced to file a motion to compel. Dkt. 122. On April 8, 2024, Judge Eick granted the motion to compel and ordered Defendants to produce the relevant source code by April 29, 2024. Dkt. 130.

The April 29, 2024 deadline leaves Plaintiffs and their technical experts with only three business days to analyze what will no doubt be an extremely voluminous source code production in advance of the current deadline to file their motion for class certification.

### D.  Delay Caused by Inaccurate Discovery Start Date

Plaintiffs recently discovered that Defendants' representations about when they publicly released the TikTok SDK are contradicted by their own internal documents. Park Decl. ¶ 10, Exs. 4, 5. Back in August 2023, during the parties' first meet and confer on Defendants' responses to the First Set of RFPs, Plaintiffs relied in good faith on Defendants' representation that the Pixel was released in 2020 to set the start date of discovery as January 1, 2020. Park Decl. ¶¶ 8, 9; Exs. 2-3. When Plaintiffs discovered that the Pixel may have been publicly available before 2020, Plaintiffs promptly reached out to Defendants, pointed them to their own documents reflecting the pre-2020 availability of the Pixel, and asked that Defendants supplement their production to start on the actual release date of the Pixel. Park Decl. ¶ 11, Ex. 5. Defendants have agreed to move up the start date of discovery to April 1, 2019, but Defendants will need time to locate and produce responsive documents from this earlier time period.

### E.  Agreement with Defendants Concerning Relevant Discovery Issues

Plaintiffs served Defendants with Plaintiffs' portion of a joint stipulation concerning a fifth discovery motion that would address the discovery delays outlined in sections B-C above. In exchange for Plaintiffs' agreement to withdraw that joint stipulation without prejudice, Defendants have agreed not to oppose this second modification motion and also have agreed to the following items designed to address the substance of the withdrawn joint stipulation:

First, Defendants agreed to provide search term hits (total and by custodian), as well as the number of documents reviewed and the number of documents produced within one week of reaching such agreement.

Second, Defendants agreed to prioritize review of custodial documents for all custodians being deposed and to make all reasonable efforts to produce all such documents at least one week prior to such custodian's deposition (whether that custodian is being deposed in his/her individual capacity or as a corporate designee).

For custodians not being deposed, Defendants agreed to produce such custodians' documents in the ordinary course and not wait for a last-minute document dump.

Third, Defendants agreed to a substantial completion date for production of documents at least one month prior to the fact discovery cutoff.

Fourth, Defendants agreed to make all reasonable efforts to produce documents in approximately equal increments every three weeks and engage in good-faith information sharing and negotiation about custodians and non-custodial sources to ensure that documents Plaintiffs wish to prioritize are not withheld until the end.

Fifth, Defendants agreed to move up the start date for discovery to April 1, 2019 from January 1, 2020.

Sixth, Defendants agreed to produce documents concerning the development of the Pixel that predate January 1, 2020.

## III.   ARGUMENT

The court has inherent authority to control its calendar. *See Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 (1936). This authority may be exercised to grant continuance of deadlines upon a showing of good cause and lack of prejudice to the opposing party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). To show good cause, the moving party must provide specific, non-conclusory reasons for granting the extension, and demonstrate that they have been diligent in their litigation conduct. *Id.* at 609.

As set forth above, Plaintiffs have been diligent in pursuing relevant discovery, including discovery relevant to their motion for class certification, including by filing, and prevailing on, multiple motions to compel. Notwithstanding Plaintiffs' diligence, additional time for discovery is necessary in order to obtain and review the one-day data sample, custodial documents from 30 custodians, source code, and documents preceding January 1, 2020. These discovery delays are the result of Defendants' non-production which necessitated Magistrate Judge Eick's assistance on four separate occasions as well as discovery disputes that were not resolved until the threat of filing

1   a fifth discovery motion and the filing of this motion.

2        As a result of these discovery delays that Plaintiffs tried to avoid, Plaintiffs still
3   lack the following information for use in their motion for class certification: (1) a
4   complete and accurate one-day sample of the non-TikTok user data collected by the
5   TikTok SDK; (2) custodial documents; (3) current and historical source code for the
6   Pixel, Events API, and servers; and (4) documents starting on the actual public release
7   date of the Pixel.

8        These four categories of information give rise to good cause for an extension
9   of the class certification motion for the following reasons:

10        The one-day sample of the non-TikTok user data that Defendants collect,
11   generate, and process may be relevant to class certification. It may address issues of
12   commonality and predominance by providing insight into the information that
13   Defendants collect from absent class members and whether that information aligns
14   with the information collected from Plaintiffs. It may also address whether common
15   issues predominate as to damages, by allowing Plaintiffs to evaluate how exactly
16   Defendants are using and benefitting from the data collected on non-TikTok users.
17   And, down the road, it may provide the best evidence to identify absent class
18   members.

19        The 30 custodians from whose files Defendants will produce documents are
20   key TikTok employees, including software engineers, with knowledge regarding the
21   development, use, and function of the TikTok SDK. Obtaining the engineers' emails,
22   chats, and documents – including from before January 1, 2020 – may aid in Plaintiffs'
23   understanding of how the TikTok Pixel and TikTok Events API function, and whether
24   and to what extent they function in a manner that is common to all proposed class
25   members. Plaintiffs also anticipate that custodial communications and documents
26   may be relevant to various other issues to be addressed at the class certification stage,
27   including the following:

28

- Defendants' disclosures and statements about the TikTok SDK to third parties (including to websites that used the TikTok SDK) may be relevant to commonality and may implicate issues about the knowledge and/or consent of those third parties in Defendants' collection of class members' data. This issue may be relevant to the class-wide applicability of the ECPA claim.

- Defendants' collection of data using the TikTok SDK and cookies from proposed class members may be relevant to determining the commonality of the fields of personally identifiable information that was collected through websites that use the TikTok SDK. This issue may be relevant to the class-wide applicability of the claims for invasion of privacy and intrusion upon seclusion.

- Defendants' aggregation, use, and valuation of data collected through the TikTok SDK may implicate issues related to the applicability of common class-wide damages.

The additional source code to be produced on April 29, 2024 is potentially relevant for Plaintiffs' class certification motion, as it may support Plaintiffs' allegation that Defendants' data collection has become more invasive over time (for example, by making the "PageView event" a non-negotiable default setting, Dkt. 122 at 16:8-24, and it may show how Defendants use the stolen data and the extent to which that use is common for all prospective class members.

A two-month extension to the class certification deadline will require a similar extension of the other deadlines to allow the parties sufficient time to conduct post-certification tasks such as additional discovery on merits issues, expert discovery, and dispositive motions. Given the highly technical and multi-lingual nature of discovery in this case, the amount of work necessary for additional fact and expert discovery is likely to exceed that of a typical class action. With respect to the proposed new trial date, the parties have accounted for pre-existing trial dates of lead counsel in other matters.

Defendants have indicated that while they do not join in this briefing, they do not oppose the relief sought by Plaintiffs. An extension will benefit Defendants by giving them sufficient time to address the concerns set forth above.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion, and modify the deadlines contained within the Case Management Order as follows:

| Event | Prior Dates | Current Dates | Proposed Dates |
|---|---|---|---|
| **Trial** | 09/30/24 | 11/25/24 | 02/24/25 |
| **Pretrial Conf.** | 09/13/24 | 11/08/24 | 01/28/25 |
| **Motion to Amend Pleadings** | None | None | None |
| **Motion for Class Certification due** | 02/09/24 | 05/03/24 | 07/05/24 |
| **Opposition to Motion for Class Certification due** | 02/23/24 | 05/17/24 | 08/02/24 |
| **Reply Brief ISO Motion for Class Certification due** | 03/01/24 | 05/24/24 | 08/16/24 |
| **Hearing on Motion for Class Certification** | 03/15/24 | 06/07/24 | 09/06/24 |
| **Substantial Production Deadline** | None | None | 10/08/24 |
| **Initial Expert Disclosure due** | 04/26/24 | 07/19/24 | 10/18/24 |
| **Rebuttal Expert Disclosure due** | 05/10/24 | 08/09/24 | 11/08/24 |
| **Fact Discovery Cutoff** | 05/10/24 | 08/09/24 | 11/08/24 |
| **Expert Discovery Cutoff** | 06/07/24 | 08/23/24 | 11/22/24 |
| **Discovery Motion Hearing Cutoff** | 06/07/24 | 08/23/24 | 11/22/24 |
| **Non-Discovery Motion Hearing Cutoff** | 06/21/24 | 08/23/24 | 11/22/24 |
| **Settlement Conf. Deadline** | 07/05/24 | 08/30/24 | 12/02/24 |
| **Post-settlement Status Conference Report due** | 07/12/24 | 09/06/24 | 12/09/24 |
| **Post-Settle. Conf.** (Report due 7 days before) | 07/19/24 8:30am | 09/13/24 | 12/16/24 |
| **Trial Filings (1st Set)** | 08/16/24 | 10/11/24 | 01/07/24 |
| **Trial Filings (2nd Set)** | 08/30/24 | 10/25/24 | 01/21/25 |

17

1    DATED: April 12, 2024

2

By:      */s/ Marc E. Masters*

         Marc E. Masters

3

4                    Ekwan E. Rhow (CA SBN 174604)

Marc E. Masters (CA SBN 208375)

5                    Christopher J. Lee (CA SBN 322140)

BIRD, MARELLA, RHOW,

6                    LINCENBERG, DROOKS & NESSIM,

LLP

7

8                    1875 Century Park East, 23rd Floor Los

Angeles, California 90067-2561 Telephone:

9                    (310) 201-2100

10                   erhow@birdmarella.com

mmasters@birdmarella.com

11                   clee@birdmarella.com

12                   Jonathan M. Rotter (CA SBN 234137) Kara

13                   M. Wolke (CA SBN 241521)

Gregory B. Linkh (pro hac vice) GLANCY

14                   PRONGAY & MURRAY, LLP

15                   1925 Century Park East, Suite 2100 Los

Angeles, California 90067-2561 Telephone:

16                   (310) 201-9150

17                   jrotter@glancylaw.com

kwolke@glancylaw.com

18                   glinkh@glancylaw.com

19

20                   Kalpana Srinivasan (CA SBN 237460)

Steven Sklaver (CA SBN 237612) Michael

21                   Gervais (CA SBN 330731)

SUSMAN GODFREY L.L.P.

22                   1900 Avenue of the Stars, Suite 1400 Los

23                   Angeles, CA 90067

Telephone: (310) 789-3100

24                   Facsimile: (310) 789-3150

25                   ksrinivasan@susmangodfrey.com

ssklaver@susmangodfrey.com

26                   mgervais@susmangodfrey.com

27

28

UNOPPOSED MOTION TO MODIFY CASE MANAGEMENT ORDER [DKT NOS. 40 & 85] AND CONTINUE
DEADLINES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Y. Gloria Park (pro hac vice)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (310) 336-8340
gpark@susmangodfrey.com

Attorneys for Plaintiffs

UNOPPOSED MOTION TO MODIFY CASE MANAGEMENT ORDER [DKT NOS. 40 & 85] AND CONTINUE
DEADLINES

1

## **CERTIFICATE OF COMPLIANCE**

2

3
        The undersigned, counsel of record for Bernadine Griffith, Patricia Shih,

4
Rhonda Irvin and Jacob Watters certifies that this brief contains 3,568 words, which

5
complies with the word limit of L.R. 11-6.1.

6

7
DATED:  April 12, 2024              Ekwan E. Rhow

8
                                    Marc E. Masters
                                    Christopher J. Lee

9
                                    Bird, Marella, Boxer, Wolpert, Nessim,
                                    Drooks, Lincenberg & Rhow, P.C.

10

11
                                    By:   _____/s/ Christopher Jumin Lee_____

12
                                          Christopher Jumin Lee
                                          Attorneys for Plaintiffs Bernadine Griffith,

13
                                          Patricia Shih, Rhonda Irvin, Jacob Watters

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNOPPOSED MOTION TO MODIFY CASE MANAGEMENT ORDER [DKT NOS. 40 & 85] AND CONTINUE
DEADLINES

# EXHIBIT 1

| Completed Work | | | |
|---|---|---|---|
| **Date** | **Party** | **Event** | **Explanation** |
| 5/26/23 | π | Complaint | |
| 6/27/23 | π | RFPs to Defendants (Set #1) | Motion to Compel granted in part; rolling production |
| 7/24/23 | Δ | Motion to Dismiss Complaint | Granted in part and denied in part |
| 8/1/23 | π, Δ | Joint Rule 26(f) Discovery Plan | |
| 8/10/23 | π, Δ | Stipulated Protective Order | |
| 8/11/23 | π, Δ | Mandatory Scheduling Conference | |
| 8/11/23 | π, Δ | Stipulated ESI Discovery Order | |
| 8/25/23 | π | ROGS to Defendants (Set #1) | Initial and Amended Responses Provided |
| 8/25/23 | π | Letter to Defendants on Duty to Preserve ESI, including ESI to identify class members; to identify information collected from class members; to identify ways in which Defendants use information collected | Letters exchanged; motion to dismiss filed and granted |
| 8/30/23 | π | Subpoena to Build-a-Bear Workshop, Inc. | Response received |
| 8/30/23 | π | Subpoena to Etsy, Inc. | Meet and confer held |
| 8/30/23 | π | Subpoena to Hulu, LLC | Meet and confer held |
| 9/1/23 | Δ | RFPs to Plaintiff Griffith (Set #1) | Meet and confer held |
| 9/1/23 | Δ | ROGS to Plaintiff Griffith (Set #1) | Meet and confer held |
| 9/1/23 | Δ | RFAs to Plaintiff Griffith (Set #1) | Meet and confer held |
| 9/8/23 | π, Δ | Mandatory Scheduling Conference and Technology Presentation | |
| 9/28/23 | π | Motion to Compel Discovery Regarding Websites with TikTok SDK Installed, Damages Calculation, and Custodians | Granted in part and denied in part |
| 10/20/23 | π | First Amended Complaint | |
| 10/20/23 | π | RFPs to Defendants (Set #2) | Meet and confer held; |
| 10/20/23 | π | ROGS to Defendants (Set #2) | Meet and confer held |
| 10/24/23 | π, Δ | Stipulated Order on Expert Discovery | |
| 10/27/23 | π | Subpoena to Feeding America | Response received |
| 10/27/23 | π | Subpoena to Rite Aid Corp. | Response received |
| 10/27/23 | π | Subpoena to Upwork Global, Inc. | Response received |
| 10/27/23 | π | Subpoena to Vitamin Shoppe, Inc. | Response received |
| 10/31/23 | π | RFPs to Defendants (Set #3) | Meet and confer held |
| 10/31/23 | π, Δ | Agreement to negotiate custodians and search terms (in English and Chinese) for RFP Nos. 5, 6, 7, 8, 21, 35, 36, 42, 43, 51, 52, 56, and 58 | Agreement reached on custodians; π awaiting from Δ agreement or hit counts on search terms |

| 11/2/23 | π | Subpoena to ByteDance, Ltd. | Meet and confer held |
|---|---|---|---|
| 11/2/23 | Δ | RFPs to Plaintiff Watters (Set #1) | Meet and confer held |
| 11/2/23 | Δ | ROGS to Plaintiff Watters (Set #1) | Meet and confer held |
| 11/2/23 | Δ | RFAs to Plaintiff Watters (Set #1) | Meet and confer held |
| 11/2/23 | Δ | RFPs to Plaintiff Shih (Set #1) | Meet and confer held |
| 11/2/23 | Δ | ROGS to Plaintiff Shih (Set #1) | Meet and confer held |
| 11/2/23 | Δ | RFAs to Plaintiff Shih (Set #1) | Meet and confer held |
| 11/2/23 | Δ | RFPs to Plaintiff Irvin (Set #1) | Meet and confer held |
| 11/2/23 | Δ | ROGS to Plaintiff Irvin (Set #1) | Meet and confer held |
| 11/2/23 | Δ | RFAs to Plaintiff Irvin (Set #1) | Meet and confer held |
| 11/2/23 | Δ | RFPs to Plaintiff Rauch (Set #1) | Plaintiff voluntarily dismissed |
| 11/2/23 | Δ | ROGS to Plaintiff Rauch (Set #1) | Plaintiff voluntarily dismissed |
| 11/2/23 | Δ | RFAs to Plaintiff Rauch (Set #1) | Plaintiff voluntarily dismissed |
| 11/8/23 | Δ | Motion to Dismiss First Amended Complaint | Granted in part and denied in part |
| 11/9/23 | π | Motion to Compel Discovery Regarding the Data Collected on Non-TikTok Users and Changes Made to the TikTok SDK | Granted |
| 11/10/23 | π | RFPs to Defendants (Set #4) | Meet and confer held |
| 11/10/23 | π | Request to produce relevant documents hyperlinked in TIKTOK-BG-000002855-TIKTOK-BG-000003217 | Production on 12/15; documents being reviewed |
| 11/30/23 | π | RFPs to Defendants (Set #5) | Meet and confer held |
| 11/30/23 | π | ROGS to Defendants (Set #3) | Meet and confer held |
| 12/1/23 | π | Subpoena to Healthline Media LLC | As this is appears to be a shell entity, subpoena was not pursued further. |
| 12/4/23 | π | Notice of Voluntary Dismissal Without Prejudice by Matthew Rauch | |
| 12/12/23 | π | Follow-up on integrity of Defendants' data identifying websites that have used the TikTok Pixel and TikTok Events API | Meet and confer held |
| 12/22/23 | π | Motion to Modify Case Management Order and Continue Deadlines | Granted |
| 12/26/23 | Δ | Answer to First Amended Complaint | |
| 12/28/23 | π | Subpoena to Sweetwater Sount Holdings | Responses and Objections Received |
| 12/29/23 | π | Notice of Class Certification 30(b)(6) Deposition | Topics Supplemented on 1/31/24 |
| 1/2/24 | π | Subpoena to Advantage Sales & Marketing LLC | Received "No Records Found" Decl. of COR Received. |

| 1/2/24 | π | Subpoena to Clear Link Technologies LLC | Received "No Records Found" Decl. of COR Received. |
|---|---|---|---|
| 1/12/24 | π | Plaintiffs' Privilege Log | Meet and confer held |
| 1/12/24 | Δ | Defendants' Privilege and Redaction Log | Meet and confer held |
| 1/19/24 | π | RFPs to Defendants (Set #6) | Meet and confer held |
| 1/19/24 | π | ROGS to Defendants (Set #4) | Meet and confer held |
| 1/30/24 | π | Subpoena to Recovery Centers of America | Responses and Objections Received |
| 1/30/24 | π | Subpoena to WebMD | Did not respond to subpoena; follow up correspondence sent by Plaintiffs. |
| 1/30/24 | π | Subpoena to Weight Watchers (WW International, Inc.) | Did not respond to subpoena; follow up correspondence sent by Plaintiffs. |
| 1/30/24 | π | Subpoena to Arizona Department of Health Services | Responses and Objections Received |
| 1/30/24 | π | Subpoena to Cerebral, Inc. | Responses and Objections Received |
| 1/30/24 | π | Subpoena to Girl Scouts of USA | Responses and Objections Received |
| 1/20/24 | π | Subpoena to Maryland Department of Health | Responses and Objections Received |
| 1/30/24 | π | Subpoena to Planned Parenthood Federation of America, Inc. | Responses and Objections Received |
| 1/31/24 | π | Notice of 30(b)(6) Deposition | Three depositions scheduled. |
| 2/7/24 | Δ | Defendants' Revised Privilege and Redaction Log | Correspondence between parties concerning revisions |
| 2/14/24 | π | Motion for the Enforcement of the November 27, 2023 Order and for Evidentiary Sanctions | Granted in part and denied in part |
| 2/22/24 | Δ | RFPs to Plaintiff Griffith (Set #2) | Responses and Objections Served |
| 3/11/24 | π | Notice of 30(b)(6) Deposition (Set #2) | Deposition scheduled |
| 3/18/24 | π | RFPs to Defendants (Set #7) | Responses and Objections Due 4/17/24 |
| 3/18/24 | π | ROGS to Defendants (Set #6) | Responses and Objections Due 4/17/24 |
| 3/25/24 | Δ | Defendants' Supplemental Redaction Log | |
| 3/26/24 | π | Notice of 30(b)(1) Deposition for Becca Wong and Yunfeng Wei | Wei deposition has been scheduled, Wong |

| | | | |
|---|---|---|---|
| | | | deposition is in the process of being scheduled. |
| 3/29/24 | π | Motion to Compel Production of Current and Historical Source Code | Motion under submission w/o oral argument |
| 4/3/24 | π | RFPs to Defendants (Set #7) | Responses and Objections Due 5/3/24 |
| | | **Remaining Work** | |
| 4/15/24 | Δ | Production of "one-day data". | On March 18, 2024, Magistrate Judge Eick ordered Defendants, by April 15, 2024, to "produce to Plaintiffs: (1) documents reflecting all raw data of domestic non-TikTok users collected by Defendants at any time during the 24-hour day of March 14, 2024; and (2) documents reflecting all uses of the data referenced in (1), supra, (including, but not limited to, use by processing, generation, aggregation, combination or reporting), which uses occurred on March 14, 2024 or at any time between March 14, 2024 and March 28, 2024." Given that Plaintiffs will not receive this data until April 15, 2024, the amount of time requested is necessary in order to permit our experts to analyze the data, and send follow |

| | | | |
|---|---|---|---|
| | | | up questions to defendants, in order to include such analysis in their report(s) submitted in connection with Plaintiffs' motion for Class Certification. |
| 8/9/24 | Δ | Rolling Document Production | Since Plaintiffs served 59 individual requests for production on Defendants in June 2023, Defendants have only produced a total of 3,839 documents. Other than documents that consist merely of printouts of their websites (155 documents) and broken, illegible files that Defendants have agreed to re-process and re-produce (1,019 documents), Defendants have produced just 2,665 documents. They have produced zero documents from two custodians, including from Sheraz Amin, the Head of North America Product Strategy and Operations, who Defendants disclosed in their initial disclosures and in an interrogatory response as a person most knowledgeable about the issues in this case. From 20 out of the 30 negotiated custodians, Defendants have |

| | | | produced fewer than 100 documents each. By December 2023, after numerous negotiations between the parties, the parties had reached agreement on search terms that Defendants were to use to comply with certain individual requests for production in the June 2023 RFPs. As of April 12, 2024, Defendants have only produced 2,665 documents. To locate and produce a reasonable number of the missing responsive documents from these 30 custodians in advance of the class certification deadline and related depositions will take additional time. Such documents may be relevant to fact and/or expert analyses in connection with Plaintiffs' Motion for Class Certification. |
|---|---|---|---|
| 8/9/24 | Δ | Document production to include documents prior to January 1, 2020. | Plaintiffs recently discovered that Defendants' representations about when they publicly released the TikTok SDK are contradicted by their own internal documents. As a result, the previously agreed-upon discovery start date of January 1, 2020 has been revised pursuant to the |

| | | | |
|---|---|---|---|
| | | | aforementioned agreement with Defendants and Defendants will need to locate and produce responsive documents from this earlier time period. Such documents may be relevant to fact and/or expert analyses in connection with Plaintiffs' Motion for Class Certification. |
| 8/9/2024 | π | Notice and Take Depositions | Defendants have proffered three 30(b)(6) deponents, and deposition have been scheduled: Dan Kirchgessner (4/17/24); Branky Shao ((4/24/24); Lizzie Li (4/25/24). The parties are working to schedule the deposition of 30(b)(1) deponent Yunfeng Wei and third-party Becca Wong. Plaintiffs are likely to notice additional 30(b)(1) deponents. No additional time is being requested on the basis of this task. |
| 8/9/2024 | Δ | Notice and Take Depositions | Plaintiffs are ready to be deposed. No additional time is being requested on the basis of this task. |