Ekwan E. Rhow (CA SBN 174604)
erhow@birdmarella.com
Marc E. Masters (CA SBN 208375)
mmasters@birdmarella.com
Christopher J. Lee (CA SBN 322140)
clee@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS &
NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Jonathan M. Rotter (CA SBN 234137)
Kara M. Wolke (CA SBN 241521)
Gregory B. Linkh (*pro hac vice*)
GLANCY PRONGAY & MURRAY, LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
jrotter@glancylaw.com
kwolke@glancylaw.com
glinkh@glancylaw.com

Kalpana Srinivasan (CA SBN 237460)
Steven Sklaver (CA SBN 237612)
Michael Gervais (CA SBN 330731)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars
14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Y. Gloria Park (*pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
gpark@susmangodfrey.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADINE GRIFFITH, et al,<br><br>Plaintiff,<br><br>vs.<br><br>TIKTOK, INC, a corporation; BYTEDANCE, INC., a corporation,<br><br>Defendants. | CASE NO. 5:23-cv-00964-SB-E<br><br>**DISCOVERY MATTER**<br><br>***EX PARTE* APPLICATION FOR LEAVE TO FILE MOTION TO ENFORCE NOVEMBER 27, 2023 AND MARCH 18, 2024 ORDERS ON SHORTENED TIME, AND FOR RELIEF FROM REQUIREMENTS OF LOCAL RULE 37-2**<br><br>[*Filed Concurrently with Declaration of Christopher J. Lee; [Proposed] Order*]<br><br>Magistrate Judge: Hon. Charles Eick<br>Action Filed:  May 26, 2023<br>Trial Date:  November 25, 2024 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Local Rule 7-19, Plaintiffs respectfully apply *ex parte* for an order advancing the hearing date and shortening time on Plaintiffs' Motion to Enforce November 27, 2023 and March 18, 2024 Orders (Dkts. 78, 117), and relieving Plaintiffs of their obligation to comply with the requirements of Local Rule 37-2 (the "Motion"). Specifically, Plaintiffs respectfully request leave for the following:

(1) Plaintiffs to be relieved from the joint stipulation requirements of Local Rule 37-2.

(2) Plaintiffs to file their moving papers within two court days of the order granting this Application;

(3) Defendants to file their opposition within two court days of the filing of Plaintiffs' moving papers;

(4) Plaintiffs to file their reply papers within one court day of the filing of Defendants' opposition;

(5) Hearing to be set at the Court's earliest convenience before May 3, 2024.

This *Ex Parte* Application ("Application") is made on the grounds that the Motion must be heard on shortened notice due to the urgent need for Plaintiffs to obtain a complete sample of non-TikTok user data defendants "collect, generate, and process" on a single day in advance of the May 3, 2024 deadline for Plaintiffs to file their motion for class certification.

Pursuant to Local Rule 7-19, this Application is made following the notification of all counsel of record on this case, as set forth in the accompanying Declaration of Christopher J. Lee. Counsel of record's names and contact information are as follows:

| | |
|---|---|
| Ekwan E. Rhow (CA SBN 174604)<br>Email: erhow@birdmarella.com<br>Marc E. Masters (CA SBN 208375)<br>Email: mmasters@birdmarella.com<br>Christopher J. Lee (CA SBN 322140)<br>Email: clee@birdmarella.com<br>BIRD, MARELLA, RHOW,<br>LINCENBERG, DROOKS &<br>NESSIM, LLP<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100<br>Facsimile: (310) 201-2110<br>**Counsel for Plaintiffs Bernadine Griffith. et al.** | Michael Gervais<br>Steven G. Sklaver<br>Kalpana Srinivasan<br>Susman Godfrey L.L.P.<br>Suite 1400<br>1900 Avenue of the Stars<br>Los Angeles, CA  90067-6029<br>Telephone: (310) 789-3130<br>Email: mgervais@susmangodfrey.com<br>Email: ssklaver@susmangodfrey.com<br>Email: ksrinivasan@SusmanGodfrey.com<br>**Counsel for Plaintiffs Bernadine Griffith, et al.** |
| Yoonhee Gloria Park<br>Susman Godfrey L.L.P.<br>One Manhattan West<br>New York, NY  10001<br>Telephone: (212) 336-8330<br>Email: gpark@susmangodfrey.com<br>**Counsel for Plaintiffs Bernadine Griffith, et al.** | Jonathan M. Rotter<br>Gregory B. Linkh<br>Kara M. Wolke<br>Glancy Prongay & Murray LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, Ca  90067-2561<br>Telephone: (310) 201-9150<br>Email: jrotter@glancylaw.com<br>Email: kwolke@glancylaw.com<br>**Counsel for Plaintiffs Bernadine Griffith, et al.** |
| Victor Jih<br>Kelly Yin<br>Shallen Torrez<br>WILSON SONSINI GOODRICH &<br>ROSATI, P.C.<br>1900 Avenue of The Stars, 28th Floor<br>Los Angeles, CA 90067<br>Telephone: (424) 446-6900<br>Facsimile: (866) 974-7329<br>Email: vjih@wsgr.com<br>kyin@wsgr.com<br>storrez@wsgr.com<br>**Counsel for Defendants TikTok, Inc. and BvteDance. Inc.** | Luis Li<br>WILSON SONSINI GOODRICH &<br>ROSATI, P.C.<br>953 East Third Street, Suite 100<br>Los Angeles, CA 90013<br>Telephone: (323)210-2900<br>Facsimile: (866) 974-7329<br>Email: luis.li@wsgr.com<br>**Counsel for Defendants TikTok, Inc. and ByteDance, Inc.** |

3

*EX PARTE* APPLICATION FOR LEAVE TO FILE MOTION TO ENFORCE NOVEMBER 27, 2023 AND MARCH 18, 2024 ORDERS ON SHORTENED TIME

| | |
|---|---|
| Dylan Grace Savage<br>Thomas Wakefield<br>WILSON SONSINI GOODRICH &<br>ROSATI, P.C.<br>One Market Plaza, Spear Tower, Suite 3300<br>San Francisco, CA 94105<br>Telephone: (415) 947-2000<br>Facsimile: (866) 974-7329<br>Email: dsavage@wsgr.com<br>twakefield@wsgr.com<br>**Counsel for Defendants TikTok, Inc.**<br>**and ByteDance, Inc.** | Anthony J. Weibell<br>MAYER BROWN LLP<br>Two Palo Alto Square<br>3000 El Camino Real, Ste 2-300<br>Palo Alto, California 94306-2112<br>Telephone: (650) 331-2030<br>Facsimile: (650) 331-4530<br>Email: aweibell@mayerbrown.com<br>**Counsel for Defendants TikTok,**<br>**Inc. and ByteDance, Inc.** |

Sophia M. Mancall-Bitel
MAYER BROWN LLP
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071
Telephone: (213)229-9500
Facsimile: (213) 625-0248
Email: smancallbitel@mayerbrown.com
**Counsel for Defendants TikTok, Inc.**
**and ByteDance, Inc.**

This Application is based upon this Notice and Application, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Christopher J. Lee, the Proposed Order, which is being lodged in accordance with Local Rule 7-20, all papers and pleadings on file in this action, and upon such further evidence and argument as may be presented to the Court in connection with this Application.

4

*EX PARTE* APPLICATION FOR LEAVE TO FILE MOTION TO ENFORCE NOVEMBER 27, 2023 AND MARCH 18, 2024 ORDERS ON SHORTENED TIME

| | |
|---|---|
| DATED: April 17, 2024 | By:    */s/ Christopher J. Lee* <br> Christopher J. Lee |

Ekwan E. Rhow (CA SBN 174604)
Marc E. Masters (CA SBN 208375)
Christopher J. Lee (CA SBN 322140)
BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
erhow@birdmarella.com
mmasters@birdmarella.com
clee@birdmarella.com

Jonathan M. Rotter (CA SBN 234137)
Kara M. Wolke (CA SBN 241521)
Gregory B. Linkh (pro hac vice)
GLANCY PRONGAY & MURRAY, LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
jrotter@glancylaw.com
kwolke@glancylaw.com
glinkh@glancylaw.com

Kalpana Srinivasan (CA SBN 237460)
Steven Sklaver (CA SBN 237612)
Michael Gervais (CA SBN 330731)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

1  
2  
3  
4  
Y. Gloria Park (pro hac vice)  
SUSMAN GODFREY L.L.P.  
One Manhattan West, 50th Floor  
New York, NY 10001  
Telephone: (212) 336-8330  
Facsimile: (310) 336-8340  
gpark@susmangodfrey.com

5   Attorneys for Plaintiffs

6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This *Ex Parte* Application seeks the Court's leave for Plaintiffs to file a Motion to enforce the Court's November 27, 2023 and March 18, 2024 Orders (Dkt. 78, 117) (together, the "Orders") on shortened time, in light of the urgent need for Plaintiffs to obtain a complete sample of non-TikTok user data defendants "collect, generate, and process" on a single day in advance of the May 3, 2024 deadline for Plaintiffs to file their motion for class certification. Specifically, Plaintiffs respectfully request leave for the following:

(1) Plaintiffs to be relieved from the joint stipulation requirements of Local Rule 37-2;

(2) Plaintiffs to file their moving papers within two court days of the order granting this Application;

(3) Defendants to file their opposition within two court days of the filing of Plaintiffs' moving papers;

(4) Plaintiffs to file their reply papers within one court day of the filing of Defendants' opposition; and

(5) Hearing to be set at the Court's earliest convenience before May 3, 2024.

### II.    RELEVANT BACKGROUND

On November 27, 2023, the Court issued an order granting Plaintiffs' motion to compel and ordering Defendants to produce by December 11, 2023, *inter alia*, "a sample of non-TikTok user data that Defendants collect, generate, and process on a single day." Dkt. 78. Defendants failed to comply with the court-ordered deadline, and Plaintiffs were forced to file a motion to enforce the Court's order. Dkt. 96-1. On March 18, 2024, the Court granted Plaintiffs' motion to enforce. The Court observed that Defendant's December 11 production was "incomplete in several respects and did not comply fully with the November 27 Order." Dkt. 117. The Court further noted that a second production "of the data collected on February 20, 2024 has [also] not

7

*EX PARTE* APPLICATION FOR LEAVE TO FILE MOTION TO ENFORCE NOVEMBER 27, 2023 AND MARCH 18, 2024 ORDERS ON SHORTENED TIME

given Plaintiffs the substantial equivalent of the documents required by the November 27 Order." *Id.*

The Court then ordered as follows:

> In an effort to give Plaintiffs the substantial equivalent of the documents required by the November 27 Order, the Magistrate Judge now orders that, on or before April 15, 2024, Defendants shall produce to Plaintiffs: (1) documents reflecting all raw data of domestic non-TikTok users collected by Defendants at any time during the 24-hour day of March 14, 2024; and (2) documents reflecting all uses of the data referenced in (1), supra, (including, but not limited to, use by processing, generation, aggregation, combination or reporting), which uses occurred on March 14, 2024 or at any time between March 14, 2024 and March 28, 2024.

*Id.*

On April 15, 2024, Defendants made a supplemental production. While Plaintiffs are in the process of reviewing the production, it is apparent that the production fails to comply with the Court's Orders for numerous reasons. First, Defendants produced only 200,000 rows of raw data from within one hour of March 28, not "all raw data of domestic non-TikTok users collected by Defendants at any time during the 24-hour day of March 14."[1] Dkt. 117; Lee Decl. ¶ 2. Second, the documents that Defendants produced to reflect certain, limited uses of data does not appear to be connected to the 200,000 rows of raw data produced, in blatant violation of the text and spirit of the Court's second Order that Defendants must produce "documents reflecting all uses of the data referenced in (1), supra," *i.e.* the raw data collected on March 14, 2024. *Id.* While review is ongoing, less than 0.05% of the processed data appear to match the raw data produced. Third, Defendants have failed

---

[1] Defendants have offered to make available the remaining raw data at TikTok's "Transparency Center." This offer does not comply with the Court's order and does not address the significant expense that Plaintiffs would incur to travel to TikTok's Transparency Center to undertake data review. In any case, even if the remaining raw data were made available in this manner, it would not cure the other defects in Defendants' production.

to produce documents "reflecting *all* uses of the data." Dkt. 117 (emphasis added). Indeed, the production contains zero documents reflecting certain uses of non-TikTok user data to which Defendants already admitted in interrogatory responses, such as those relating to improvement of TikTok's algorithms. *Id.*

### III. ARGUMENT

#### A. Plaintiffs will be prejudiced if the Motion to Enforce is heard pursuant to regular noticed motion procedures.

Pursuant to the Court's operative Case Management Order ("CMO"), Plaintiffs' Motion for Class Certification is currently due on May 3, 2024. Dkt. 85. While Plaintiffs currently have a pending Motion to modify the CMO (and to extend the deadline for the class certification motion to July 5, 2024), Dkt. 134, Plaintiffs must still prepare to move for class certification by May 3 under the currently operative CMO. Accordingly, Plaintiffs must seek an expedited briefing and hearing schedule for this second motion to enforce to have any chance of obtaining relief before the current deadline to file their class certification motion. Were Plaintiffs required to file their Motion to Enforce according to the timeline prescribed by Local Rule 37, that Motion would not be heard until mid-May at the earliest and would be rendered effectively moot for class certification purposes.

For all the reasons explained in Plaintiffs' previous briefing on this same issue, the one-day sample data that Defendants continue to withhold in defiance of the Court's Orders is potentially relevant to class certification. *See* Dkts. 72, 77, 96, 99. Plaintiffs have already been substantially and unfairly prejudiced by Defendants' repeated and brazen failures to comply with the Court's Orders. The prejudice would be compounded if Plaintiffs were forced to file their class certification motion without the opportunity to review and analyze the complete one-day sample data which the Court has now twice ordered Defendants to produce.

**B.     Plaintiffs have acted diligently and are not at fault in creating the exigency that gives rise to the need for *ex parte* relief.**

Plaintiffs seek the Court's relief to file on an expedited schedule less than 48 hours after receiving Defendants' third deficient production at the end of the day on April 15, 2024. Plaintiffs are prepared to file a motion to enforce within an additional two court days after the Court grants this Application.

While Defendants have indicated that they will oppose this Application, Lee Decl. ¶ 3, they will not be materially prejudiced by the relief requested here. Both parties will have the same amount of time (two days) to prepare their moving and opposition papers. To the extent that Defendants complain that the turnaround for these papers is short, that is entirely a problem of their own making, and in any case will not cause prejudice. Defendants have now had a full five months to produce a compliant one-day data sample and are more than familiar with Plaintiffs' positions on this issue, as the parties have already fully briefed that issue twice in connection with the prior motion to compel and motion to enforce. *See* Dkts. 72, 96.

## IV.    CONCLUSION AND RELIEF REQUESTED

Plaintiffs respectfully request leave for the following:

(1) Plaintiffs to be relieved from the joint stipulation requirements of Local Rule 37-2;

(2) Plaintiffs to file their moving papers within two court days of the order granting this Application;

(3) Defendants to file their opposition within two court days of the filing of Plaintiffs' moving papers;

(4) Plaintiffs to file their reply papers within one court day of the filing of Defendants' opposition; and

(5) Hearing to be set at the Court's earliest convenience before May 3, 2024.

DATED: April 17, 2024

By:     */s/ Christopher J. Lee*
        Christopher J. Lee

Ekwan E. Rhow (CA SBN 174604)
Marc E. Masters (CA SBN 208375)
Christopher J. Lee (CA SBN 322140)
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
erhow@birdmarella.com
mmasters@birdmarella.com
clee@birdmarella.com

Jonathan M. Rotter (CA SBN 234137)
Kara M. Wolke (CA SBN 241521)
Gregory B. Linkh (pro hac vice)
GLANCY PRONGAY & MURRAY, LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
jrotter@glancylaw.com
kwolke@glancylaw.com
glinkh@glancylaw.com

Kalpana Srinivasan (CA SBN 237460)
Steven Sklaver (CA SBN 237612)
Michael Gervais (CA SBN 330731)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

11

*EX PARTE* APPLICATION FOR LEAVE TO FILE MOTION TO ENFORCE NOVEMBER 27, 2023 AND MARCH 18, 2024 ORDERS ON SHORTENED TIME

1
2
3
4

Y. Gloria Park (pro hac vice)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (310) 336-8340
gpark@susmangodfrey.com

5   Attorneys for Plaintiffs

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EX PARTE* APPLICATION FOR LEAVE TO FILE MOTION TO ENFORCE NOVEMBER 27, 2023 AND MARCH 18, 2024 ORDERS ON SHORTENED TIME