1  VICTOR JIH, State Bar No. 186515
   KELLY H. YIN, SBN 328380
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  1900 Avenue of The Stars, 28th Floor
   Los Angeles, CA 90067
4  Telephone: (424) 446-6900
   Facsimile: (866) 974-7329
5  vjih@wsgr.com; kyin@wsgr.com

6  LUIS LI, SBN 156081
   WILSON SONSINI GOODRICH & ROSATI, P.C.
7  633 West Fifth Street, Suite 1550
   Los Angeles, CA 90071
8  Telephone: (323) 210-2900
   luis.li@wsgr.com
9
10 DYLAN GRACE SAVAGE, SBN 310452
   THOMAS WAKEFIELD, SBN 330121
11 WILSON SONSINI GOODRICH & ROSATI, P.C.
   One Market Plaza, Spear Tower, Suite 3300
12 San Francisco, CA 94105
   Telephone: (424) 446-6900
13 dsavage@wsgr.com; twakefield@wsgr.com

14 *Attorneys for Defendants*
   *TikTok Inc. and ByteDance Inc.*

15                UNITED STATES DISTRICT COURT

16                CENTRAL DISTRICT OF CALIFORNIA

17

18 BERNADINE GRIFFITH, et. al,          Case No. 5:23-cv-00964-SB-E

19            Plaintiffs,               **DEFENDANTS TIKTOK INC. AND
                                        BYTEDANCE INC.'S ANSWER TO
20      v.                              PLAINTIFFS' SECOND AMENDED
                                        COMPLAINT**
21 TIKTOK INC., et al.,

22            Defendants.
                                        Assigned to the Hon. Stanley Blumenfeld
23                                      Magistrate Judge Charles F. Eick

24

25

26

27

28

1    Defendants TikTok Inc. and ByteDance Inc. ("Defendants") hereby answer the
2  Second Amended Complaint ("SAC") filed by Plaintiffs Bernadine Griffith, Philip
3  Cantore, and Jacob Watters ("Plaintiffs").
4    To the extent the paragraphs of the SAC are grouped under headings,
5  Defendants respond generally that headings do not constitute factual averments, and
6  thus the headings are not included herein.  To the extent a response is deemed
7  necessary, Defendants deny each and every heading in the SAC.
8    Except as expressly admitted herein, Defendants deny any and all allegations
9  as set forth in the SAC, including, without limitation, any allegations in the headings
10 and/or the prayer for relief.  Defendants reserve the right to amend and/or
11 supplement their Answer as may be necessary.  Defendants further answer the
12 numbered paragraphs in the SAC as follows:

### ANSWER

14   1.    Defendants deny the allegations in Paragraph 1.
15   2.    Defendants admit that the TikTok platform was first launched in the
16 United States in 2017.  Defendants admit that millions of users in the United States
17 and worldwide have created accounts on the TikTok platform to create, view, and
18 share videos on the platform.  Defendants admit that as of 2022, more than 1
19 billion people worldwide and more than 100 million people in the United States
20 used the TikTok platform each month. Defendants otherwise deny the allegations
21 in Paragraph 2.
22   3.    Defendants respond that the Stipulated Order entered into in *United*
23 *States v. Musical.ly Inc.*, No. 2:19-cv-01439 (C.D. Cal. Feb. 27, 2019), ECF 1-1
24 speaks for itself and respectfully refer the Court to the Order for the substance
25 thereof.  Defendants further respond that the approved settlement order in *In re*
26 *TikTok Inc. Consumer Privacy Litigation*, No. 20-4699, MDL 2948, Order & Final
27 J. (N.D. Ill. Feb. 25, 2021), ECF No. 264, speaks for itself and Defendants
28

1   respectfully refer the Court to that order for the substance thereof.  Defendants

2   otherwise deny the allegations in Paragraph 3.

3        4.     Defendants admit that not all U.S. residents use the TikTok

4   platform.  Defendants admit that they are aware members of Congress have

5   introduced bills related to the TikTok platform in the past year.  Defendants

6   otherwise deny the allegations in Paragraph 4.

7        5.     Defendants admit that TikTok Inc. provides tools for website owners

8   to collect data about visits to their website and that if website owners have

9   obtained all permissions required by law, they can configure these tools to send

10   such data to TikTok Inc. for purposes of analytics and marketing to users of the

11   TikTok platform.  Defendants otherwise deny the allegations in Paragraph 5.

12        6.     Defendants deny the allegations in Paragraph 6.

13        7.     Defendants are without knowledge or information sufficient to form a

14   belief as to the truth of the allegations in Paragraph 7 and therefore deny those

15   allegations.

16        8.     Defendants are without knowledge or information sufficient to form a

17   belief as to the truth of the allegations in Paragraph 8 and therefore deny those

18   allegations.

19        9.     Defendants are without knowledge or information sufficient to form a

20   belief as to the truth of the allegations in Paragraph 9 and therefore deny those

21   allegations.

22        10.     Defendants are without knowledge or information sufficient to form a

23   belief as to the truth of the allegations in Paragraph 10 and therefore deny those

24   allegations.

25        11.     Defendants admit that TikTok Inc. is a California registered entity

26   formerly named musical.ly Inc.  Defendants admit that TikTok Inc.'s principal

27   address is in Culver City, California.  Defendants admit that in May 2019,

28   musical.ly Inc. changed its corporate name to TikTok Inc.  Defendants admit that

1  TikTok Inc. is a wholly owned subsidiary of TikTok LLC, which in turn is a
2  wholly owned subsidiary of TikTok Ltd.  Defendants admit that TikTok Ltd. is a
3  wholly owned subsidiary of ByteDance Ltd., a Cayman Islands registered
4  entity.  Defendants otherwise deny the allegations in Paragraph 11.

5    12. Defendants admit that ByteDance Inc. is and was formed as a
6  Delaware corporation.  Defendants admit that ByteDance Inc. is a wholly owned
7  subsidiary of ByteDance Ltd.  Defendants otherwise deny the allegations in
8  Paragraph 12.

9    13. Defendants admit that TikTok Inc. and ByteDance Inc. employees
10 work on the TikTok platform and the TikTok Pixel.  Defendants admit that TikTok
11 Inc. and ByteDance Inc. employees work in TikTok Inc.'s offices in the United
12 States.   Defendants otherwise deny the allegations in Paragraph 13.

13   14. Defendants deny the allegations in Paragraph 14.

14   15. Defendants deny the allegations in Paragraph 15.

15   16. Defendants do not contest subject matter jurisdiction in this
16 case.  Defendants otherwise deny the allegations in Paragraph 16.

17   17. Defendants do not contest that this Court has personal jurisdiction
18 over them in this case.  Defendants otherwise deny the allegations in Paragraph 17.

19   18. Defendants do not contest that venue is proper in this
20 District.  Defendants otherwise deny the allegations in Paragraph 18.

21   19. Defendants deny the allegations in Paragraph 19.

22   20. Defendants admit that by January 2018, the TikTok platform had over
23 54 million global monthly active users and, in September 2021, surpassed 1 billion
24 global monthly active users.  Defendants otherwise deny the allegations in
25 Paragraph 20.

26   21. Defendants admit that TikTok Inc. leases space in Silicon
27 Valley.  Defendants otherwise deny the allegations in Paragraph 21.

28   22. Defendants deny the allegations in Paragraph 22.

23.     Defendants respond that the Stipulated Order entered into in *United States v. Musical.ly Inc.*, No. 2:19-cv-01439 (C.D. Cal. Feb. 27, 2019), ECF 1-1 speaks for itself and respectfully refer the Court to the order for the substance thereof.  Defendants otherwise deny the allegations in Paragraph 23.

24.     Defendants respond that the approved settlement order in *In re TikTok Inc. Consumer Privacy Litigation*, No. 20-4699, MDL 2948, Order & Final J. (N.D. Ill. Feb. 25, 2021), ECF No. 264, speaks for itself and Defendants respectfully refer the Court to that order for the substance thereof.  Defendants otherwise deny the allegations in Paragraph 24.

25.     Defendants admit that on August 6, 2020, then-president Donald Trump issued executive order 13942, which was revoked on June 9, 2021, by President Joseph Biden, and respectfully refer the Court to that order for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 25.

26.     Defendants admit that executive order 13942 was never enforced as its implementing regulations were enjoined by two United States District Courts.  Defendants admit that the US government and certain US states and municipalities have passed legislation or orders that apply to the use of the TikTok platform on government devices.  Defendants admit that the media has reported on those efforts.  Defendants otherwise deny the allegations in Paragraph 26.

27.     Defendants admit that on February 16, 2023, US Senators Blumenthal and Moran sent a letter to Secretary of the Treasury Janet Yellen and respectfully refer the Court to the letter for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 27.

28.     Defendants admit that the press release from US Senator Bennet contains the quoted statement set forth in Paragraph 28.  Defendants admit that US Senator Schumer has been reported to have made the quoted statement set forth in Paragraph 28.  Defendants otherwise deny the allegations in Paragraph 28.

29.     Defendants admit that on June 24, 2022, Brendan Carr, a commissioner of Federal Communications Commission, issued a letter to the CEOs of Apple and Google and respectfully refer the Court to the letter for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 29.

30.     Defendants admit that congressional hearings occurred but deny any suggestion that the hearings referenced were principally focused on TikTok Inc.  Defendants likewise deny the characterization of the subject matters, as well as the quoted allegations.  Defendants otherwise deny the allegations in Paragraph 30.

31.     Defendants admit that on May 24, 2023, the New York Times reported on internal access to user data and respectfully refer the Court to the article for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 31.

32.     Defendants admit that on June 6, 2023, US Senators Blackburn and Blumenthal sent a letter to Shou Zi Chew and respectfully refer the Court to the letter for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 32.

33.     Defendants admit that TikTok Inc. responded to Senators Blackburn and Blumenthal on June 6, 2023 and respectfully refer the Court to the response for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 33.

34.     Defendants admit that on September 27, 2023, the Wall Street Journal reported on personnel moves and respectfully refer the Court to the article for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore deny those allegations.

1       38.     Defendants deny the allegations in Paragraph 38.

2       39.     Defendants admit that the term "SDK" is sometimes used with the

3   meaning set forth in Paragraph 39.  Defendants otherwise deny the allegations in

4   Paragraph 39.

5       40.     Defendants are without knowledge or information sufficient to form a

6   belief as to the truth of the allegations in Paragraph 40 and therefore deny those

7   allegations.

8       41.     Defendants are without knowledge or information sufficient to form a

9   belief as to the truth of the allegations in Paragraph 41 and therefore deny those

10  allegations.

11      42.     Defendants are without knowledge or information sufficient to form a

12  belief as to the truth of the allegations in Paragraph 42 and therefore deny those

13  allegations.

14      43.     Defendants are without knowledge or information sufficient to form a

15  belief as to the truth of the allegations in Paragraph 43 and therefore deny those

16  allegations.

17      44.     Defendants admit that TikTok Inc. offers a TikTok Pixel and Events

18  API as a part of the "TikTok for Business" product line.  Defendants otherwise

19  deny the allegations in Paragraph 44.

20      45.     Defendants deny the allegations in Paragraph 45.

21      46.     Defendants deny the allegations in Paragraph 46.

22      47.     Defendants deny the allegations in Paragraph 47.

23      48.     Defendants admit that when a website owner embeds the baseline

24  TikTok Pixel code on a webpage, it can transmit certain information to TikTok Inc.

25  including the Timestamp, User Agent, URL, Referrer URL, User Language, and

26  Pixel Session ID.  Defendants otherwise deny the allegations in Paragraph 48.

27      49.     Defendants deny the allegations in Paragraph 49.

28

1   50.   Defendants admit that website owners can configure the TikTok Pixel

2   code to transmit certain types of information.  Defendants otherwise deny the

3   allegations in Paragraph 50.

4   51.   Defendants admit that, in addition to the PageView event, there are 14

5   other standard events that website owners may configure, as listed, in addition to

6   any custom events the website owners create.  Defendants otherwise deny the

7   allegations in Paragraph 51.

8   52.   Defendants deny the allegations in Paragraph 52.

9   53.   Defendants deny the allegations in Paragraph 53.

10   54.   Defendants deny the allegations in Paragraph 54.

11   55.   Defendants are without knowledge or information sufficient to form a

12   belief as to the truth of the allegations in Paragraph 55 and therefore deny those

13   allegations.

14   56.   Defendants deny the allegations in Paragraph 56.

15   57.   Defendants admit that TikTok Inc. offers an Events API for

16   companies to establish a server-to-server connection apart from the

17   website.  Defendants otherwise deny the allegations in Paragraph 57.

18   58.   Defendants admit that the quotes and excerpt in Paragraph 58 appear

19   on the TikTok website.  Defendants otherwise deny the allegations in Paragraph

20   58.

21   59.   Defendants admit that the TikTok Pixel is or was installed on more

22   than 500,000 websites.  Defendants otherwise deny the allegations in Paragraph

23   59.

24   60.   Defendants admit that on September 29, 2022, Consumer Reports

25   reported on websites that have installed the TikTok Pixel and respectfully refer the

26   Court to the article for the contents thereof.  Defendants admit that webpages for

27   the Girl Scouts, WebMD, and RiteAid have used the TikTok Pixel.  Defendants are

28   without knowledge or information sufficient to form a belief as to use of the

1    TikTok Pixel by Recovery Centers of America and therefore deny those

2    allegations.  Defendants otherwise deny the allegations in Paragraph 60.

3        61.    Defendants admit that TikTok Inc. made the statement quoted by

4    Consumer Reports.  Defendants otherwise deny the allegations in Paragraph 61.

5        62.    Defendants admit that Pangle and the Global App Bundle allow

6    advertisers to display ads off of the TikTok platform outside of the United

7    States.  Defendants otherwise deny the allegations in Paragraph 62.

8        63.    Defendants admit that on March 11, 2023, The Verge reported on

9    Cerebral's use of the TikTok Pixel and respectfully refer the Court to the article for

10    the contents thereof.  Defendants otherwise deny the allegations in Paragraph 63.

11        64.    Defendants admit that on March 21, 2023, The Wall Street Journal

12    reported on the TikTok Pixel and respectfully refer the Court to the article for the

13    contents thereof.  Defendants otherwise deny the allegations in Paragraph 64.

14        65.    Defendants admit that on February 26, 2022, Wired reported on

15    digital fingerprinting and respectfully refer the Court to the article for the contents

16    thereof.  Defendants otherwise deny the allegations in Paragraph 65.

17        66.    Defendants deny the allegations in Paragraph 66.

18        67.    Defendants admit that the TikTok platform makes available content

19    that may be of interest to TikTok users.  Defendants otherwise deny the allegations

20    in Paragraph 67.

21        68.    Defendants deny the allegations in Paragraph 68.

22        69.    Defendants deny the allegations in Paragraph 69.

23        70.    Defendants deny the allegations in Paragraph 70.

24        71.    Defendants deny the allegations in Paragraph 71.

25        72.    Defendants deny the allegations in Paragraph 72.

26        73.    Defendants admit that on October 13, 2015, TechCrunch reported on

27    internet user data and respectfully refer the Court to the article for the contents

28    thereof.  Defendants otherwise deny the allegations in Paragraph 73.

74.     Defendants admit that the Organization for Economic Cooperation and Development ("OECD") reported on the valuation of data and respectfully refer the Court to the cited papers for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 74.

75.     Defendants admit that Professor Shoshanna Zuboff has published a book titled *The Age of Surveillance Capitalism* and respectfully refer the Court to the book for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 75.

76.     Defendants admit that Professor Paul M. Schwartz published an article in the Harvard Law Review and respectfully refer the Court to that article for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 76.

77.     Defendants admit that Professors Acquisti, Taylor, and Wagman published an article in the Journal of Economic Literature and respectfully refer the Court to the article for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 77.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the articles identified in Paragraph 78 and therefore deny those allegations.  Defendants otherwise deny the allegations in Paragraph 78.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore deny those allegations.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore deny those allegations.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore deny those allegations.

82.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore deny those allegations.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore deny those allegations.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny that they are required to respond to the statements of law in Paragraph 86.  To the extent any response is required, Defendants deny the allegations in Paragraph 86.

87.     Defendants deny that they are required to respond to the statements of law in Paragraph 87.  To the extent any response is required, Defendants deny the allegations in Paragraph 87.

88.     Defendants deny that they are required to respond to the statements of law in Paragraph 88.  To the extent any response is required, Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

1      100.   Defendants deny the allegations in Paragraph 100.

2      101.   Defendants deny the allegations in Paragraph 101.

3      102.   Defendants deny the allegations in Paragraph 102.

4      103.   Defendants deny the allegations in Paragraph 103.

5      104.   Defendants deny the allegations in Paragraph 104.

6      105.   Defendants deny the allegations in Paragraph 105.

7      106.   Defendants deny the allegations in Paragraph 106.

107.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore deny those allegations.

108.   Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Ms. Griffith's online activity and why she chose not to be a TikTok user.  Defendants otherwise deny the allegations in Paragraph 108.

109.   Defendants admit that the TikTok Pixel has been installed on Rite Aid webpages.  Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Ms. Griffith's online activity.  Defendants otherwise deny the allegations in Paragraph 109.

110.   Defendants admit that the TikTok Pixel has been installed on Hulu webpages.  Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Ms. Griffith's online activity.  Defendants otherwise deny the allegations in Paragraph 110.

111.   Defendants admit that the TikTok Pixel has been installed on Etsy webpages.  Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Ms. Griffith's online activity.  Defendants otherwise deny the allegations in Paragraph 111.

112.   Defendants admit that the TikTok Pixel has been installed on Build-a-Bear webpages.  Defendants are without knowledge or information sufficient to

admit or deny the allegations regarding Ms. Griffith's online activity. Defendants otherwise deny the allegations in Paragraph 112.

113. Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Ms. Griffith's online security choices and activity. Defendants otherwise deny the allegations in Paragraph 113.

114. Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Ms. Griffith's alleged marketing of her data or her participation in focus groups and surveys. Defendants otherwise deny the allegations in Paragraph 114.

115. Defendants admit that the TikTok Pixel is or was installed on more than 500,000 websites. Defendants otherwise deny the allegations in Paragraph 115.

116. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore deny those allegations.

117. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and therefore deny those allegations.

118. Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Ms. Shih's online activity and why she chose not to be a TikTok user. Defendants otherwise deny the allegations in Paragraph 118.

119. Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Ms. Shih's online activity. Defendants otherwise deny the allegations in Paragraph 119.

120. Defendants admit that the TikTok Pixel has been installed on Hulu webpages. Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Ms. Shih's online activity. Defendants otherwise deny the allegations in Paragraph 120.

121.   Defendants admit that the TikTok Pixel has been installed on Etsy webpages.  Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Ms. Shih's online activity.  Defendants otherwise deny the allegations in Paragraph 121.

122.   Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Ms. Shih's online security choices and activity.  Defendants otherwise deny the allegations in Paragraph 122.

123.   Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Ms. Shih's alleged marketing of her data or her participation in consumer surveys.  Defendants otherwise deny the allegations in Paragraph 123.

124.   Defendants admit that the TikTok Pixel is or was installed on more than 500,000 websites.  Defendants otherwise deny the allegations in Paragraph 124.

125.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and therefore deny those allegations.

126.   Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Mr. Cantore's online activity and why he chose not to be a TikTok user.  Defendants otherwise deny the allegations in Paragraph 126.

127.   Defendants admit that the TikTok Pixel has been installed on Vitamin Shoppe webpages.  Defendants are without knowledge or information sufficient to admit or deny the allegations regarding Mr. Cantore's online activity.  Defendants otherwise deny the allegations in Paragraph 127.

128.   Defendants deny the allegations in Paragraph 128.

Defs.' Answer to Pls.' SAC
Case No.: 5:23-cv-00964-SB-E

- 13 -

1   129.   Defendants admit that the TikTok Pixel is or was installed on more

2   than 500,000 websites.  Defendants otherwise deny the allegations in Paragraph

3   129.

4   130.   Defendants are without knowledge or information sufficient to form a

5   belief as to the truth of the allegations in Paragraph 130 and therefore deny those

6   allegations.

7   131.   Defendants are without knowledge or information sufficient to admit

8   or deny the allegations regarding Mr. Watters' online activity and why he chose

9   not to be a TikTok user.  Defendants otherwise deny the allegations in Paragraph

10  131.

11  132.   Defendants are without knowledge or information sufficient to admit

12  or deny the allegations regarding Mr. Watters' online activity.  Defendants

13  otherwise deny the allegations in Paragraph 132.

14  133.   Defendants are without knowledge or information sufficient to admit

15  or deny the allegations regarding Mr. Watters' online security choices and

16  activity.  Defendants otherwise deny the allegations in Paragraph 133.

17  134.   Defendants are without knowledge or information sufficient to admit

18  or deny the allegations regarding Mr. Watters' attempts to participate in surveys.

19  Defendants otherwise deny the allegations in Paragraph 134.

20  135.   Defendants admit that the TikTok Pixel is or was installed on more

21  than 500,000 websites.  Defendants otherwise deny the allegations in Paragraph

22  135.

23  136.   Defendants incorporate by reference all responses previously made

24  herein.

25  137.   Defendants admit that Plaintiffs purport to bring a class action and

26  seek to represent putative classes.  Defendants otherwise deny the allegations of

27  Paragraph 137.

28

138.   Defendants admit that Plaintiffs purport to bring a class action and seek to represent putative classes.  Defendants otherwise deny the allegations of Paragraph 138.

139.   Defendants admit that Plaintiffs purport to represent a class covering the time period identified in Paragraph 139.  Defendants otherwise deny the allegations in Paragraph 139.

140.   Defendants admit that Plaintiffs purport to reserve the right to modify or redefine the putative classes.  Defendants otherwise deny the allegations in Paragraph 140.

141.   Defendants admit that Plaintiffs purport to exclude from the putative classes the individuals identified in Paragraph 141.  Defendants otherwise deny the allegations in Paragraph 141.

142.   Defendants deny the allegations in Paragraph 142.

143.   Defendants deny the allegations in Paragraph 143.

144.   Defendants deny the allegations in Paragraph 144.

145.   Defendants deny the allegations in Paragraph 145.

146.   Defendants deny the allegations in Paragraph 146.

147.   Defendants deny the allegations in Paragraph 147.

148.   Defendants admit that TikTok Inc. is a California registered entity and that TikTok Inc.'s principal address is in Culver City, California.  Defendants admit that ByteDance Inc.'s principal place of business is in California.  Defendants otherwise deny the allegations in Paragraph 148.

149.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and therefore deny those allegations.

150.   Defendants deny the allegations in Paragraph 150.

151.   Defendants incorporate by reference all responses previously made herein.

152.    Defendants deny that they are required to respond to the statements of law in Paragraph 152.  To the extent any response is required, Defendants deny the allegations in Paragraph 152.

153.    Defendants deny that they are required to respond to the statements of law in Paragraph 153.  To the extent any response is required, Defendants deny the allegations in Paragraph 153.

154.    Defendants deny that they are required to respond to the statements of law in Paragraph 154.  To the extent any response is required, Defendants deny the allegations in Paragraph 154.

155.    Defendants deny that they are required to respond to the statements of law in Paragraph 155.  To the extent any response is required, Defendants deny the allegations in Paragraph 155.

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

163.    Defendants incorporate by reference all responses previously made herein.

164.    Defendants deny that they are required to respond to the statements of law in Paragraph 164.  To the extent any response is required, Defendants deny the allegations in Paragraph 164.

165.    Defendants deny that they are required to respond to the statements of law in Paragraph 165.  To the extent any response is required, Defendants deny the allegations in Paragraph 165.

166.    Defendants deny the allegations in Paragraph 166.

1   167.   Defendants deny the allegations in Paragraph 167.

2   168.   Defendants deny the allegations in Paragraph 168.

3   169.   Defendants deny the allegations in Paragraph 169.

4   170.   Defendants incorporate by reference all responses previously made

5   herein.

6   171.   Defendants deny the allegations in Paragraph 171.

7   172.   Defendants deny the allegations in Paragraph 172.

8   173.   Defendants deny the allegations in Paragraph 173.

9   174.   Defendants deny the allegations in Paragraph 174.

10   175.   Defendants incorporate by reference all responses previously made

11   herein.

12   176.   Defendants deny that they are required to respond to the statements of

13   law in Paragraph 176.  To the extent any response is required, Defendants deny the

14   allegations in Paragraph 176.

15   177.   Defendants deny that they are required to respond to the statements of

16   law in Paragraph 177.  To the extent any response is required, Defendants deny the

17   allegations in Paragraph 177.

18   178.   Defendants deny the allegations in Paragraph 178.

19   179.   Defendants deny the allegations in Paragraph 179.

20   180.   Defendants deny that they are required to respond to the statements of

21   law in Paragraph 180.  To the extent any response is required, Defendants deny the

22   allegations in Paragraph 180.

23   181.   Defendants deny the allegations in Paragraph 181.

24   182.   Defendants deny the allegations in Paragraph 182.

25   183.   Defendants deny the allegations in Paragraph 183.

26   184.   Defendants deny the allegations in Paragraph 184.

27   185.   Defendants deny the allegations in Paragraph 185.

28   186.   Defendants deny the allegations in Paragraph 186.

1    187.   Defendants incorporate by reference all responses previously made
2    herein.

3    188.   Defendants deny the allegations in Paragraph 188.

4    189.   Defendants deny the allegations in Paragraph 189.

5    190.   Defendants deny the allegations in Paragraph 190.

6    191.   Defendants deny the allegations in Paragraph 191.

7    192.   Defendants deny the allegations in Paragraph 192.

8    193.   Defendants deny the allegations in Paragraph 193.

9    194.   Defendants deny the allegations in Paragraph 194.

10   195.   Defendants deny the allegations in Paragraph 195.

11   196.   Defendants incorporate by reference all responses previously made
12   herein.

13   197.   Defendants deny that they are required to respond to the statements of
14   law in Paragraph 197.  To the extent any response is required, Defendants deny the
15   allegations in Paragraph 197.

16   198.   Defendants deny that they are required to respond to the statements of
17   law in Paragraph 198.  To the extent any response is required, Defendants deny the
18   allegations in Paragraph 198.

19   199.   Defendants deny that they are required to respond to the statements of
20   law in Paragraph 199.  To the extent any response is required, Defendants deny the
21   allegations in Paragraph 199.

22   200.   Defendants deny the allegations in Paragraph 200.

23   201.   Defendants deny the allegations in Paragraph 201.

24   202.   Defendants deny the allegations in Paragraph 202.

25   203.   Defendants deny the allegations in Paragraph 203.

26   204.   Defendants deny that they are required to respond to the statements of
27   law in Paragraph 204.  To the extent any response is required, Defendants deny the
28   allegations in Paragraph 204.

1      205.   Defendants deny the allegations in Paragraph 205.

2      206.   Defendants deny the allegations in Paragraph 206.

3      207.   Defendants deny the allegations in Paragraph 207.

4      208.   Defendants admit that the TikTok Pixel includes "Search" as an

5   optional event that can be configured by website owners.  Defendants otherwise

6   deny the allegations in Paragraph 208.

7      209.   Defendants deny the allegations in Paragraph 209.

8      210.   Defendants deny the allegations in Paragraph 210.

9      211.   Defendants deny the allegations in Paragraph 211.

10     212.   Defendants incorporate by reference all responses previously made

11  herein.

12     213.   No response is required to Paragraph 213 because Plaintiffs' Unjust

13  Enrichment claim under California Law was dismissed in the Court's order dated

14  December 13, 2023.  ECF No. 81.  To the extent a response is required,

15  Defendants deny the allegations in Paragraph 213.

16     214.   No response is required to Paragraph 214 because Plaintiffs' Unjust

17  Enrichment claim under California Law was dismissed in the Court's order dated

18  December 13, 2023.  ECF No. 81.  To the extent a response is required,

19  Defendants deny the allegations in Paragraph 214.

20     215.   No response is required to Paragraph 215 because Plaintiffs' Unjust

21  Enrichment claim under California Law was dismissed in the Court's order dated

22  December 13, 2023.  ECF No. 81.  To the extent a response is required,

23  Defendants deny the allegations in Paragraph 215.

24     216.   No response is required to Paragraph 216 because Plaintiffs' Unjust

25  Enrichment claim under California Law was dismissed in the Court's order dated

26  December 13, 2023.  ECF No. 81.  To the extent a response is required,

27  Defendants deny the allegations in Paragraph 216.

28

217.   No response is required to Paragraph 217 because Plaintiffs' Unjust Enrichment claim under California Law was dismissed in the Court's order dated December 13, 2023.  ECF No. 81.  To the extent a response is required, Defendants deny the allegations in Paragraph 217.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to Plaintiffs' SAC and each claim therein.  Defendants also reserve all defenses available under the Federal Rules of Civil Procedure and the laws of the State of California, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## First Affirmative Defense

### (Consent)

Plaintiffs' claims are barred, in whole or in part, because of users' consent to, or authorization of, Defendants' alleged conduct either by affirmative consent to those websites' privacy policies or by their continued use of those websites.  By choosing to visit the relevant websites, Plaintiffs further gave implied consent to the collection of information about their visit in the manner provided by the website.

## Second Affirmative Defense

### (Waiver)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver. Plaintiffs visited and continued to visit the relevant websites knowing that those websites collected information about those visits that was shared with third parties like Defendants.

## Third Affirmative Defense

### (Intervening Actor)

Defendants have no liability to Plaintiffs because the alleged harm was the proximate result of actions by others, not Defendants.  Specifically, it is the operators of the websites at issue who choose to use the tools provided by

1  Defendants and who choose how to configure those tools.  Defendants' contracts

2  with the operators of websites at issue who use Defendants' tools require

3  Defendants to obtain all consent required by law and to otherwise ensure the tools

4  have been configured according to law.

## **Fourth Affirmative Defense**

### **(Statute of Limitations)**

7    Plaintiffs' claims are barred, in whole or in part, by applicable statutes of

8  limitation.  The statute of limitations for a CIPA violation is one year.  The statute of

9  limitations for constitutional privacy, intrusion upon seclusion, or an ECPA

10  violation two years.  The statute of limitations for conversion or statutory larceny is

11  three years.  The Class Period extends back to 2020.  Thus, Plaintiffs who visited the

12  websites more than one to three years ago have untimely claims.

## **Fifth Affirmative Defense**

### **(Laches)**

15    Plaintiffs' claims are barred, in whole or in part, by the doctrine of

16  laches.  Plaintiffs have used the internet for years, browsing websites with

17  knowledge that the websites they visited were collecting information about those

18  visits and sharing that information with third parties like Defendants, yet Plaintiffs

19  have waited years to take any action on those facts.

## **Sixth Affirmative Defense**

### **(Estoppel)**

22    Plaintiffs' claims are barred, in whole or in part, by the doctrine of

23  estoppel.  Plaintiffs have used the internet for years, browsing websites with

24  knowledge that the websites they visited were collecting information about those

25  visits and sharing that information with third parties like Defendants, yet Plaintiffs

26  continued to visit those websites even though they could have changed their Internet

27  browsing behavior.  The operators of those websites and Defendants reasonably

28  relied on Plaintiffs behavior to the extent they engaged in the conduct alleged.

**Seventh Affirmative Defense**

**(Unclean Hands)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.  On information and belief, Plaintiffs visited some or all of the websites in order to create a claim and be a member or named representative of the putative class.

**Eighth Affirmative Defense**

**(Section 230)**

To the extent Plaintiffs seek to hold Defendants liable for the representations made by the relevant websites visited by Plaintiffs, including representations about what information was or was not collected about Plaintiffs' visits to those websites, Plaintiffs' claims are barred, in whole or in part, by the Communications Decency Act, 47 U.S.C. § 230(c)(1), because Defendants are a provider of an interactive computer service.

**Ninth Affirmative Defense**

**(Failure to Mitigate)**

Plaintiffs' claims are barred, in whole or in part, to the extent they failed to mitigate damages, if they suffered any.  Plaintiffs have used the internet for years, browsing websites with knowledge that the websites they visited were collecting information about those visits and sharing that information with third parties like Defendants, yet Plaintiffs continued to visit those websites even though they could have changed their Internet browsing behavior.  Plaintiffs could have used any number of tools available to them to prevent the information being collected by these websites of which they complain, including browser plugins that alert them to such data collection and block it.

## **Tenth Affirmative Defense**

### **(Eighth Amendment)**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek excessive damages in violation of the Eighth Amendment of the United States Constitution.  CIPA imposes a $5,000 penalty for each violation of the statute.  Plaintiffs purport to represent a class of millions of Americans, many of whom likely visited multiple sites with the TikTok Pixel installed or made multiple visits to the same site with the TikTok Pixel installed.  To the extent Plaintiffs seek $5,000 for each website visit, those damages are excessive and violate Defendants' Eighth Amendment rights.

## **Eleventh Affirmative Defense**

### **(Justification)**

To the extent Defendants engaged in any of the acts alleged by Plaintiffs, they were justified in doing so because Plaintiffs visited the websites at issue and requested to experience those websites in the way they were programmed with all of the benefits that come with that.  One of those benefits is that the website would share information about the visit in a way that would allow the website to improve its functionality and enable users to be shown ads and marketing that were of greater value to users than the ads and marketing they would have otherwise experienced.  Plaintiffs could not have experienced this benefit unless certain details about their visit were shared with TikTok.

## **Twelfth Affirmative Defense**

### **(Contract with Third Parties)**

Plaintiffs' claims are barred in whole or in part by contracts they entered into with third parties.  Defendants' contracts with websites that use the TikTok Pixel or Events API require the websites to assume the responsibility of providing notice of the use of those tools and to obtain consent where required.

Defs.' Answer to Pls.' SAC
Case No.: 5:23-cv-00964-SB-E

- 23 -

1

## **PRAYER FOR RELIEF**

2
WHEREFORE, Defendants respectfully requests the following relief:

3
      1.     That Plaintiffs take nothing by way of their complaint;

4
      2.     That no class be certified in this action;

5
      3.     That judgment be entered in favor of Defendants, denying Plaintiffs'

6
prayers for relief and claims with prejudice;

7
      4.     That Defendants be awarded their costs of suit, including reasonable

8
attorney's fees; and

9
      5.     That the Court award Defendants such other and further relief as the

10
Court deems just and proper.

11

## **JURY DEMAND**

12
     Defendants demand a trial by jury of all issues so triable pursuant to Federal

13
Rule of Civil Procedure 38.

17
Dated:  April 22, 2024          WILSON SONSINI GOODRICH & ROSATI

18
                                     Professional Corporation

20
                                     By:*/s/   Thomas Wakefield*
                                        Thomas Wakefield

22
                                     *Attorneys for Defendants*

23
                                     TikTok Inc. and ByteDance Inc.