UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | ED CV 23-964-SB(Ex) | Date | August 13, 2024 |
|---|---|---|---|

| Title | BERNADINE GRIFFITH v. TIKTOK, INC., ET AL. |
|---|---|

Present: The Honorable   Charles F. Eick, United States Magistrate Judge

| Valencia Munroe | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**  **Attorneys Present for Defendants:**
None                                   None

**Proceedings:**      (IN CHAMBERS)

    The Magistrate Judge has read and considered all papers filed in support of and in opposition to "Plaintiffs' Motion for Sanctions for Data Spoliation" ("the Motion"), filed August 2, 2024. The previously noticed August 23, 2024 hearing is vacated. The Magistrate Judge has taken the Motion under submission without oral argument.

    By way of background, Defendants receive from third-party websites on an ongoing basis assertedly huge quantities of electronically stored information ("ESI"). Within a short time after receipt, Defendants customarily delete those portions of the ESI that do not match any TikTok user. In August of 2023, Plaintiffs and Defendants exchanged correspondence regarding Defendants' ESI retention/destruction policy regarding ESI related to non-TikTok users. Plaintiffs demanded that Defendants refrain from deleting any ESI relating to non-TikTok users. Defendants refused to modify their ESI retention/destruction policy, claiming that retaining such ESI on an ongoing basis would be unduly burdensome and costly. Defendants proposed that, if such preservation were to occur, the cost of retaining the ESI should be shifted to Plaintiffs.

    On November 9, 2023, Plaintiffs filed a discovery motion seeking, <u>inter alia</u>, an order compelling Defendants to "suspend the deletion of non-TikTok user data until further notice" (ECF Doc. 74-1, p. 22). In an order filed November 27, 2023, the Magistrate Judge compelled Defendant to produce to Plaintiff a sample of the non-TikTok user ESI received by Defendants in a single day, but declined to order Defendants to "suspend the deletion of non-TikTok user data until further notice" (ECF Doc. 78). Thereafter, over a number of months and a number of motions, the parties proceeded with discovery on a sampling basis (<u>see</u> ECF Docs. 117, 145,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV 23-964-SB(Ex) | Date | August 13, 2024 |
|---|---|---|---|
| Title | BERNADINE GRIFFITH v. TIKTOK, INC., ET AL. | | |

161). Throughout this time, as Plaintiffs were aware, Defendants continued to delete ESI related to non-TikTok users shortly after Defendants' receipt of such ESI (see, e.g., ECF Doc. 204-11). Yet, Plaintiffs never renewed their request for an order that Defendants "suspend the deletion of non-TikTok user data. . . ."

In the present Motion, Plaintiffs seek sanctions under the Court's "inherent power" for Defendants' alleged "spoliation" of ESI related to non-TikTok users (ECF Doc. 206-1, p. 33) (citation and quotations omitted). The sanctions sought would exclude potential defense arguments from the District Judge's consideration when the District Judge adjudicates the pending class certification motion, as well as when the District Judge adjudicates the merits of the case. As a practical matter, the sanctions sought also would require the District Judge to accept Plaintiffs' position(s) on several disputed issues, including Plaintiffs' calculation of damages.

Initially, the Magistrate Judge observes that the Motion's invocation of the "inherent power" of the Court as the basis for the requested sanctions is misplaced. "In the past, two sources provide[d] a court with authority to sanction a party for spoiling evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who fails to obey an order to provide or permit discovery." Nguyen v. Lotus by Johnny Dung, Inc., 2019 WL 1950294, at *4 (C.D. Cal. Mar. 14, 2019) (citation and quotations omitted). "However, Rule 37(e) of the Federal Rules of Civil Procedure was amended to establish the findings necessary to support certain curative measures for failure to preserve electronically stored information. This amendment forecloses reliance on inherent authority or state law to determine when certain measures should be used to address spoliation of electronically stored information. See Fed. R. Civ. P. 37(e), Advisory Committee Note to 2015 Amendment (emphasis added)." Id. at *4 (quotations omitted); accord Jones v. Riot Hospitality Group LLC, 95 F.4th 730, 735 (9th Cir. 2024) (declining to apply an inherent authority-based analysis regarding terminating sanctions for spoliation of ESI because "we deal here with Rule 37(e)(2)"). Prior to Jones v. Riot Hospitality Group LLC, there was some disagreement in this district regarding whether Rule 37(e) now provides the exclusive authority for the imposition of sanctions for the spoliation of ESI. See Colonies Partners, L.P. v. County of San Bernardino, 2020 WL 1496444, at *2 n.2 (C.D. Cal. Feb. 27, 2020), adopted, 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020) (citing cases); see also MGA Ent., Inc. v. Harris, 2023 WL 2628225, at *3-4 (C.D. Cal. Jan. 5, 2023). After Jones v. Riot Hospitality, there should be no further disagreement. See also Advisory Committee Note to 2015 Amendment to Rule 37. Rule 37(e) provides the exclusive authority for the imposition of sanctions for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | ED CV 23-964-SB(Ex) | Date | August 13, 2024 |
|---|---|---|---|
| Title | BERNADINE GRIFFITH v. TIKTOK, INC., ET AL. | | |

spoliation of ESI.  Although the Motion mentions Rule 37 generally, the Motion never mentions Rule 37(e) specifically.  Neither Plaintiffs nor Defendants discuss how the standards set forth in Rule 37(e) supposedly justify (or supposedly fail to justify) the sanctions requested.

Even more significantly, the Motion is misdirected to the Magistrate Judge.  The sanctions requested would restrict severely that which the District Judge could consider when adjudicating disputed issues on class certification, summary judgment and at trial.  Such sanctions should be reserved for the consideration of the District Judge, rather than the Magistrate Judge, and should be reserved for a determination on a fuller evidentiary record in the context of the proceeding(s) to which the sanctions would apply.  See, e.g., Tesoriero v. Carnival Corp., 2017 WL 8895347, at *24 (S.D. Fla. Sept. 22, 2017), adopted, 2018 WL 1894717 (S.D. Fla. Mar. 23, 2018), aff'd on other grounds, 965 F.3d 1170 (11th Cir. 2020), cert. denied, 141 S. Ct. 2516 (2021); Baskerville v. Albertson's, LLC, 2016 WL 7030446, at *2–3 (D. Nev. Jan. 7, 2016).

Accordingly, the Motion is denied without prejudice.

cc:   Judge Blumenfeld
      All Counsel of Record                                 Initials of Deputy Clerk  VMUN