UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADINE GRIFFITH et al., | Case No. 5:23-cv-00964-SB-E |
| Plaintiffs, | |
| v. | ORDER STRIKING MOTION FOR DISCOVERY SANCTIONS [DKT. NO. 262] |
| TIKTOK, INC. et al., | |
| Defendants. | |

On October 4, Plaintiffs filed a motion for spoliation sanctions under Fed. R. Civ. P. 37(e)(1), Dkt. No. 262, together with a "joint stipulation" presenting both sides' arguments in the form typically presented to the magistrate judge for discovery disputes, Dkt. No. 264-1. Plaintiffs set the motion for hearing on October 25, a date that was less than 28 days after the date of filing and which had been closed for new motions for a week. *Cf.* L.R. 6-1 ("The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing."); Dkt. No. 9 at 9–10 ("A motion filed on a closed hearing date will be stricken or continued at the Court's discretion. *A party that waits too long and files a motion to be heard on a date that turns out to be unavailable risks having the motion stricken and not considered at all.*") (emphasis in original). Plaintiffs acknowledge the motion's untimeliness and note the Court's standing order warning that untimely motions may be stricken but ask the Court to consider the motion nevertheless. Dkt. No. 262 at 2.

The crux of Plaintiffs' motion is their contention that Defendants have been spoliating evidence by continuing to delete data of non-users of TikTok after 14 days throughout the pendency of this litigation pursuant to Defendants' data retention policy. This is not a new issue. Plaintiffs sent Defendants a notice to preserve non-users' data in August 2023, well more than a year ago. In November 2023, Plaintiffs asked Magistrate Judge Charles Eick for an order requiring

Defendants to "suspend the deletion of non-TikTok user data until further notice
and at least until Plaintiffs have had a chance to review the data that Defendants
are collecting and assess the impact of its deletion." Dkt. No. 74-1 at 18. Judge
Eick denied Plaintiffs' request later that month, although he ordered the production
of a one-day sample of the data. Dkt. No. 78 (denying without prejudice all relief
sought that was not addressed in the order).[1] Judge Eick explained that a one-day
sample—not, as Plaintiffs now suggest, all data collected from non-users—was
"relevant and proportional to the needs of the case." *Id.*

The parties had further discussions about deletion of the data over the
following year. In April 2024, Plaintiffs proposed that Defendants stipulate not to
use the absence of non-user data to challenge class certification or otherwise
"advance any position" that relies on non-preservation of the data. Dkt. No. 262-8.
Defendants did not agree. In July, Defendants provided a cost-shifting proposal
estimating that it would cost approximately $2.6 million to preserve the unmatched
data that otherwise would be deleted. Dkt. No. 262-12. Plaintiffs rejected the
proposal, refusing to pay the cost of maintaining the data they wanted preserved.
Dkt. No. 262-13.

In early August, Plaintiffs filed a motion for data spoliation sanctions,
seeking an order precluding Defendants from relying on the absence of data in
various ways—essentially the same restrictions that Plaintiffs has sought in their
proposed stipulation eight months earlier. Dkt. No. 206-1 (unredacted motion);
Dkt. No. 204-18 (proposed order). Judge Eick denied the motion on August 13.
Dkt. No. 219. Judge Eick recounted his earlier denial of Plaintiffs' request and his
order for Defendants to provide a one-day sample of the data and explained that
the parties had proceeded accordingly:

> Thereafter, over a number of months and a number of motions, the
> parties proceeded with discovery on a sampling basis. Throughout
> this time, as Plaintiffs were aware, Defendants continued to delete ESI
> related to non-TikTok users shortly after Defendants' receipt of such

---

[1] Judge Eick later reiterated that he had "declined to order Defendants to 'suspend
the deletion of non-TikTok user data until further notice.'" Dkt. No. 219 (citing
Dkt. No. 78). Plaintiffs' argument that the earlier order "was silent on whether or
not Defendants had a duty to preserve data" and that Judge Eick's order at Dkt. No.
219 "mischaracterizes" his earlier order is without merit. Dkt. No. 264-1 at 26.
Defendants were entitled to rely on Judge Eick's denial of Plaintiffs' request to
order them to preserve the data.

ESI.  Yet, Plaintiffs never renewed their request for an order that
Defendants "suspend the deletion of non-TikTok user data. . . ."

*Id*. at 1–2 (internal citations omitted).  Judge Eick then denied the motion without
prejudice because (1) it relied on the wrong legal standard and did not address Rule
37(e), the exclusive authority for sanctions in this context, and (2) "the Motion is
misdirected to the Magistrate Judge" because "[t]he sanctions requested would
restrict severely that which the District Judge could consider when adjudicating
disputed issues on class certification, summary judgment and at trial."  *Id*. at 2–3.

Plaintiffs did not promptly seek relief from this Court, which was then
considering Plaintiffs' motion for class certification.  Instead, Plaintiffs waited
seven and a half weeks before refiling an updated version of the same motion for
discovery sanctions on October 4, set for hearing before this Court on October 25,
a closed hearing date.  Dkt. No. 262.  In the meantime, the Court denied Plaintiffs'
motion for class certification on September 9 and denied Plaintiffs' request for a
third continuance of the case deadlines on September 12.  Dkt. Nos. 242, 248.

Plaintiffs have not offered any explanation for their delay—much less a
showing of good cause.  Their spoliation motion largely recycles the arguments
they filed with Judge Eick two months earlier and states that the required
conference of counsel "took place on May 14, 2024"—nearly five months before
the motion was filed.  Dkt. No. 262 at 2.  Moreover, the motion seeks sanctions for
deletion of data that Plaintiffs have known was ongoing for more than a year, and
Judge Eick denied Plaintiffs' request for an order preventing Defendants from
continuing to delete the data more than ten months ago.  Plaintiffs' delay in
seeking discovery sanctions until the end of litigation, after the Court denied class
certification, is unreasonable and unfair to Defendants, who have reasonably relied
on Judge Eick's ruling.  *See Cottle-Banks v. Cox Commc'ns, Inc.*, No. 10-CV-
2133, 2013 WL 2244333, at *16 (S.D. Cal. May 21, 2013) ("Federal district courts
have held that an unreasonable delay can render a spoliation motion untimely.")
(collecting cases).  Accordingly, consistent with the Court's warning about
untimely filings, which Plaintiffs acknowledge in the motion itself, Plaintiffs'
motion is stricken as untimely.

Even if the Court were to rule on the merits of Plaintiffs' motion, Plaintiffs
would not be entitled to spoliation sanctions.  Plaintiffs' request is predicated on
the assertion that Defendants had an obligation to preserve vast volumes of
unmatched user data (in violation of their data retention policy).  *See* Fed. R. Civ.
P. 37(e) (authorizing sanctions when "electronically stored information *that should*

3

*have been preserved* in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it") (emphasis added).  But Judge Eick determined nearly a year ago when he ordered Defendants to produce a one-day sample of the data that they did not need to change their retention policy, Dkt. No. 78, and Plaintiffs did not seek review or reconsideration of that ruling.  To be sure, Defendants have not perfectly complied with their discovery obligations, but they have now produced multiple samples, and Judge Eick determined in May 2024 that they had "substantially . . . complied" with his orders and that their incomplete compliance did not warrant imposition of sanctions.  Dkt. No. 161.

Moreover, Plaintiffs have not shown that Judge Eick's approach was unreasonable.  It is not genuinely disputed that the data preservation Plaintiffs sought would have cost millions of dollars, and Plaintiffs were unwilling to pay for it.  Plaintiffs emphasize that they are three "ordinary individuals" who lack the resources to pay for the data storage.  That argument is in some tension with their approach to this case; even after denial of class certification, they obtained new expert reports totaling nearly 300 pages from experts who are being compensated at rates of between $750 and $1,075 per hour.  But accepting Plaintiffs' framing and focusing only on the named plaintiffs as individuals, the cost of preserving the data is vastly disproportionate to the value of their claims; their own expert approximates their restitutionary damages as $93 each and their unjust enrichment damages as $10.24 each.  Dkt. No. 254-3 ¶¶ 118, 120, 122.  Defendants also raised privacy and security concerns about preserving the data.  In any event, on this record, the Court finds that sanctions are not warranted for the deletion of data that Judge Eick did not require Defendants to retain.[2]

Regardless of Plaintiffs' motion, the Court does not intend to permit Defendants "to treat the two-day sample produced as if it constituted the universe of non-TikTok user data that they collected," as Plaintiffs fear, Dkt. No. 264-1 at 27, nor does the Court understand Defendants to be making any such argument. The Court and all parties recognize that the samples produced by Defendants are

---

[2] Plaintiffs also suggest that Defendants at a minimum should have retained the data collected from lead plaintiffs' browsing activity.  Defendants assert that it would have been impossible to identify or extract such data, and Plaintiffs have not shown otherwise.  Plaintiffs' expert's identification of the lead plaintiffs' data from the samples produced by Defendants relied on information provided by the lead plaintiffs, and it is not clear on this record that Defendants had the ability to do what Plaintiffs suggest they should have done.

just that—samples.  Neither side has argued that the samples are nonrepresentative.
Thus, it is reasonable to infer that the deleted data was similar to the data in the
samples, and the Court does not understand Defendants to argue otherwise.  On the
other hand, Plaintiffs have not shown any basis for the Court to infer that the
deleted data contained evidence necessary to support their claims that is materially
different from the data in the sample, and the Court will not allow Plaintiffs to
circumvent their burden by effectively requesting an assumption that the deleted
data would supply missing elements (to the extent that elements are missing, which
the Court does not now decide) as a sanction for Defendants' nonpreservation of
data that Judge Eick did not order them to preserve.

Date: October 10, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge

5