VICTOR JIH, SBN 186515
vjih@wsgr.com
KELLY H. YIN, SBN 328380
kyin@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
1900 Avenue of The Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Facsimile: (866) 974-7329

LUIS LI, SBN 156081
luis.li@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90071
Telephone: (323) 210-2900

SHERYL S. BASSIN, NY Registration No. 4662797
sbassin@wsgr.com
(admitted *pro hac vice*)
DYLAN G. SAVAGE, SBN 310452
dsavage@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas.
40th Floor
New York, NY 10019
Telephone: (212) 999-5800

THOMAS WAKEFIELD, SBN 330121
twakefield@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (424) 446-6900

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BERNADINE GRIFFITH, et al., Individually and on behalf of all others similarly situated,

*Plaintiffs,*

v.

TIKTOK INC., a corporation; BYTEDANCE, INC. a corporation,

*Defendants.*

Case No. 5:23-cv-0964-SB-E

**DISCOVERY MATTER**

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RE: PRIVILEGE ISSUES**

Magistrate Judge: Hon. Charles Eick
Date: November 1, 2024
Time: 9:30 A.M.

Action filed: May 26, 2023
Trial Date: Jan. 21, 2025

Plaintiffs filed a motion to waive privilege over thousands of documents that were in the process of being logged imminently. As Plaintiffs knew, Defendants were working to review and log thousands of documents quickly, many of which are in Mandarin, including prioritizing review of certain documents for custodians with upcoming depositions while also responding to numerous other motions Plaintiffs have filed. But as promised, Defendants completed privilege and redaction logs for all documents withheld or redacted for privilege since the last logs were served in August[1] and served them on October 10 and 11. To the extent that additional documents are reviewed and withheld for privilege, Defendants will promptly log them.

Defendants' latest logs moot almost all of the issues in Plaintiffs' motion:

- **<u>Unlogged documents.</u>** Defendants have now served logs covering all documents reviewed and either withheld or redacted for privilege since August. If Defendants assert privilege over any documents identified as the review concludes, Defendants will quickly and promptly log them too. Defendants also served an additional redaction log covering documents produced on October 11 as of this memo's filing.

[1] As of the filing of this supplemental memo or imminently thereafter, Defendants will have served another supplemental privilege log covering documents that were reviewed and withheld for privilege after serving the prior log on October 10 as well as additional documents that were left off the October 10 log as a result of vendor error.

- **<u>Recipient Information.</u>** The latest privilege and redaction logs contained a column for recipient information that Plaintiffs requested. Despite having no obligation to provide this information for redaction logs, *Daniels v. G4S Secure Sols. USA, Inc.*, 2021 WL 3744201, at *2 (C.D. Cal. July 2, 2021), Defendants will do so as a courtesy to Plaintiffs and expect to serve them next week.
- **<u>"Missing" documents.</u>** Specific documents described by Plaintiffs as "missing" from Defendants' logs were included in Defendants' October 10 and 11 logs. Defendants also explained how any omission was because the document had either already been logged or unintentionally omitted due to vendor technical error.
- **<u>Clawback.</u>** The October 10 and 11 logs do not list the document clawed back at the deposition of Becca Wong deposition because Defendants no longer seek to claw it back.

The only "live" issues in Plaintiffs' motion are their arguments that privilege should be waived for documents where Defendants have identified "Legal" as the source of privilege and that 15 redacted documents should be subject to in camera review. As Defendants explained, the privilege is traceable to "Legal," *i.e.* in-house counsel. That is permissible and results from the way non-lawyers speak, especially for a rapidly growing company like TikTok. *See In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2017 WL 6757558, at *6 (N.D. Fla. Dec. 29, 2017) ("[I]t is not

uncommon within a complex organization that . . . communications among corporate employees . . . frequently will simply refer to the request as coming from [] counsel as opposed to a specific attorney or law firm."). By contrast, Plaintiffs' extreme position would create a default rule of waiver that would routinely apply to privileged communications because their log entries do not reference a specific lawyer by first *and last* name. The Ninth Circuit rejected this exact sort of broad *per se* waiver rule in *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1147-49 (9th Cir. 2005) ("[W]e also reject a *per se* waiver rule that deems a privilege waived[.]").

In camera review of the 16 documents identified by Plaintiffs is also unjustified. Defendants reproduced two of them with fewer redactions (Joint Stip. Ex. 9 PRIV-5, PRIV-13) and one without any redactions (*id*. PRIV-14) on October 14 as promised. Joint Stip. at 32. At a minimum, there is no basis for in camera review of those three documents, but there is also no basis for the other thirteen either because their log entries are sufficient as Defendants explained in detail. *See* Joint Stip. at 33-36. Were the Court to review these documents in camera, it would reach the same conclusion, but it need not waste the time.

The significant and ongoing efforts described above establish Defendants' good-faith attempt at compliance with all privilege log requirements, and that is enough to deny Plaintiffs' request for waiver here. *See Humphreys v. Regents of the Univ. of California*, 2006 WL 1409336, at *1 (N.D. Cal. May 23, 2006).

Dated: October 18, 2024

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Dylan G. Savage*
Dylan G. Savage

*Attorney for Defendants*
TikTok Inc. and ByteDance Inc.