| | |
|---|---|
| VICTOR JIH, SBN 186515<br>vjih@wsgr.com<br>KELLY H. YIN, SBN 328380<br>kyin@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1900 Avenue of The Stars, 28th Floor<br>Los Angeles, CA 90067<br>Telephone: (424) 446-6900<br>Facsimile: (866) 974-7329<br><br>LUIS LI, SBN 156081<br>luis.li@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>953 East Third Street, Suite 100<br>Los Angeles, CA 90013<br>Telephone: (323) 210-2900 | SHERYL S. BASSIN, NY SBN 4662797<br>sbassin@wsgr.com<br>(admitted *pro hac vice*)<br>DYLAN G. SAVAGE, CA SBN 310452<br>dsavage@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1301 Avenue of the Americas.<br>40th Floor<br>New York, NY 10019<br>Telephone: (212) 999-5800<br>Facsimile: (866) 974-7329<br><br>THOMAS WAKEFIELD, SBN 330121<br>twakefield@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>One Market Plaza, Spear Tower, Suite 3300<br>San Francisco, CA 94105<br>Telephone: (424) 446-6900 |

*Attorneys for Defendants*
*TikTok Inc. and ByteDance Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADINE GRIFFITH; PATRICIA SHIH; PHILIP CANTORE; JACOB WATTERS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>TIKTOK INC., et al.,<br><br>    Defendants. | Case No. 5:23-cv-00964-SB-E<br><br>**DEFENDANTS' UNOPPOSED REQUEST TO CONTINUE HEARING**<br><br>Judge Hon. Stanley Blumenfeld, Jr.<br>Date: October 25, 2024<br>Time: 8:30 A.M.<br>Place: Courtroom 6C<br><br>Action Filed: May 26, 2023<br>Trial Date: January 20, 2025 |

1  Defendants TikTok Inc. and ByteDance Inc. respectfully request that the
2  hearing on Plaintiffs' Motion for Reconsideration of the Order Denying Motion for
3  Class Certification, or for Leave to File a Renewed Motion for Class Certification
4  (Dkt. 252, the "Motion") be continued to November 1, 2024, and heard on the same
5  calendar as Defendants' Motion for Summary Judgment. This request is made
6  because Plaintiffs unilaterally selected a hearing date that conflicts with pre-existing
7  court appearances by Defendants' lead counsel, thereby denying Defendants their
8  choice of counsel. Good cause exists for the continuance. On October 21, 2024,
9  counsel for Plaintiffs stated that, while they are fine with the current schedule, they
10 do not oppose continuing this hearing to a later date, specifically to November 8.
11 Declaration of Victor Jih ("Jih Decl.") ¶ 8.

12 Plaintiffs filed the Motion on September 23, 2024, and noticed a hearing date
13 of October 25, 2024. Unbeknownst to Plaintiffs, this date created professional
14 conflicts for Defendants' two lead counsel.

- Victor Jih is lead trial counsel in the case captioned *Disney Platform Distribution Inc. et al. v. DeMartini et al.*, Case No. 24CV02313 (Santa Barbara Cty. Sup. Ct.). Jih Decl. ¶ 2. Mr. Jih is scheduled to argue the Petition for a Writ of Mandate on October 25, 2024 in Santa Barbara, California. *Id.* ¶ 3. The hearing date for the petition was set on July 1, 2024. *Id.* ¶ 4. The petition involves an administrative record of thousands of pages. *Id.* ¶ 5.

- Luis Li is lead trial counsel in the case captioned *I-Mab Biopharama v. Inhibrix, Inc. et al.*, C.A. No. 22-276 (CJB) (D. Del.). Declaration of Luis Li. ("Li Decl.") ¶ 2. Wilson Sonsini was hired as lead trial counsel in August 2024, and has been diligently preparing for trial since. *Id.* Mr. Li is scheduled to begin jury selection on October 25, 2024 in the United States District Court for the District of Delaware in Wilmington, DE. *Id.* The trial

is expected to last until November 1, 2024. *Id.* The trial schedule was not finalized until the October 18, 2024 Pre-Trial Conference. *Id.*

Defendants want either Mr. Jih or Mr. Li to represent them at the hearing and argue in opposition to Plaintiffs' Motion. Jih Decl. ¶ 6. Even if neither argues, all other partners who have appeared in this matter also have conflicts on October 25, 2024. One partner will be defending a deposition in this matter in San Francisco, California on October 25, 2024. *Id.* ¶ 7. Another partner is participating in a mediation on October 25, 2024. *Id.* Given the unavailability of all of Defendants' senior counsel, Defendants believe that a continuance is appropriate.

While Plaintiffs were unaware of these conflicts when setting this hearing, Plaintiffs' October 25 hearing date has the effect of denying Defendants their choice of counsel on an important motion. This is reason enough to continue the hearing. "Selecting a lawyer in whom a litigant has confidence is an important client prerogative." *In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002); *cf. United States v. Cardozo*, 68 F.4th 725, 739-40 (1st Cir. 2023) ("The choice of counsel is an intensely personal choice, and courts should afford wide latitude to parties with respect to such choices."). "Parties normally have the right to counsel of their choice." *Cole v. U.S. Dist. Court*, 366 F.3d 813, 817 (9th Cir. 2004).

A short continuance will not prejudice any party. The parties are already set to appear before this Court regarding Defendants' Motion for Summary Judgment on November 1, 2024 at 8:30 A.M. To the extent the Court believes that the Motion should be considered before the Motion for Summary Judgment, the Defendants would not object to the Court hearing the Motion first and the Motion for Summary Judgment second, and issuing sequenced orders accordingly.

Defendants recognize that this request comes only four days before the scheduled hearing on the Motion, but Defendants have acted diligently in an attempt to coordinate with counsel for Plaintiffs to move the hearing. Counsel for Defendants first contacted lead counsel for Plaintiffs on October 8, 2024 regarding

1  the hearing date, but lead counsel for Plaintiffs has been in a multi-month trial in
2  Riverside, California. Li Decl. ¶ 3. In the intervening weeks, the parties have been
3  unable to reach agreement to move the hearing date. *Id.* ¶ 4. Defendants held out
4  hope that Plaintiffs would stipulate to move the hearing to November 1, and did not
5  intentionally delay this request. *See, e.g.*, *Thomas v. Evans*, 2008 WL 20244954, at
6  *2 (N.D. Cal. May 9, 2008) ("defendants have not delayed the proceedings" by
7  "attempting to meet and confer"). Nonetheless, counsel for Defendants apologize to
8  the Court for any inconvenience caused by this request, and recognize that they
9  should have notified the Court of the conflict sooner.

   Defendants have conferred with Plaintiffs pursuant to Local Rule 7-3. Jih
Decl. ¶ 8. Plaintiffs have stated that they can keep the current schedule but do not
oppose a continuance to accommodate Defendants. *Id.* If a continuance is granted,
Plaintiffs are not available for a hearing on the motion for reconsideration on
November 1 due to scheduling conflicts; they are available on November 8 and are
amenable to keeping the hearing on summary judgment on November 1 and moving
the hearing on the motion for reconsideration to November 8 or, alternatively, to
moving both summary judgment and reconsideration hearings to November 8. *Id.*

   Plaintiffs' November 8 proposal works for Defendants, though it falls after
the Court's November 1 Non-Discovery Motion Hearing Cutoff. Dkt. 142.
Defendants are amenable to either November 1 or November 8, or any other date the
Court is available. Should the Court be disinclined to continue the hearing,
Defendants respectfully request permission to appear remotely and with priority on
October 25, 2024. *Id.* ¶ 9.

   For the foregoing reasons, Defendants respectfully request the entry of the
attached [Proposed] Order granting Defendants' Request to Continue Hearing.

| | | |
|---|---|---|
| 1 | Dated: October 21, 2024 | WILSON SONSINI GOODRICH & ROSATI |
| 2 | | Professional Corporation |
| 3 | | By: */s/ Luis Li* |
| 4 | | Luis Li |
| 5 | | *Attorney for Defendants* |
| 6 | | TikTok Inc. and ByteDance Inc. |