Ekwan E. Rhow (CA SBN 174604)
erhow@birdmarella.com
Marc E. Masters (CA SBN 208375)
mmasters@birdmarella.com
Christopher J. Lee (CA SBN 322140)
clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Jonathan M. Rotter (CA SBN 234137)
Kara M. Wolke (CA SBN 241521)
Gregory B. Linkh (*pro hac vice*)
GLANCY PRONGAY & MURRAY, LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
jrotter@glancylaw.com
kwolke@glancylaw.com
glinkh@glancylaw.com

*Attorneys for Plaintiffs*

Kalpana Srinivasan (CA SBN 237460)
Steven Sklaver (CA SBN 237612)
Michael Gervais (CA SBN 330731)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars
14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Y. Gloria Park (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1301 Ave. of the Americas
32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
gpark@susmangodfrey.com

John W. McCauley (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jmccauley@susmangodfrey.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BERNADINE GRIFFITH, *et al.*, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

TIKTOK, INC, a corporation; and BYTEDANCE, INC., a corporation,

Defendants.

CASE NO. 5:23-cv-00964-SB-E

**NOTICE OF MOTION AND MOTION FOR REVIEW OF MAGISTRATE JUDGE'S NONDISPOSITIVE RULING AT ECF 358; MEMORANDUM OF POINTS AND AUTHORITIES [L.R. 72-2.1]**

Date: December 13, 2024
Time: 8:30 a.m.
Crtrm.: 6C

Assigned to Hon. Stanley Blumenfeld, Jr.

Action Filed: May 26, 2023
Trial Date: Jan. 20. 2025

**REDACTED**

**Redacted Version of Document Proposed To Be Filed Under Seal**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that Plaintiffs Bernadine Griffith, Patricia Shih, Jacob Watters will, and hereby do, move this Court for review of Magistrate Judge Eick's Order, ECF 358, denying Plaintiffs' Motion to Compel Regarding Privilege Issues, ECF 284. Plaintiffs seek review of Judge Eick's determination that there was no deemed waiver of the privileges asserted, and conclusion that an *in camera* inspection of withheld documents or withheld portions of produced documents is not warranted.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 7, 2024. The Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Jonathan M. Rotter, the accompanying exhibits, all of the papers on file in this action, and upon such other and further evidence or argument that the Court may consider.

# TABLE OF CONTENTS

Page


MEMORANDUM OF POINTS AND AUTHORITIES .......... 7

I. INTRODUCTION .......... 7

II. BACKGROUND .......... 7

III. THE MOTION .......... 9

IV. LEGAL STANDARDS .......... 11

A. Standard For Review of a Nondispositive Ruling of a Magistrate Judge .......... 11

B. Standard For Withholding and Logging Documents .......... 11

C. Standard For Waiver of Privilege .......... 13

V. ARGUMENT .......... 14

A. Defendants' Failure to Timely Provide Adequate Privilege Logs Is a Deemed Privilege Waiver. .......... 14

B. Defendants' Descriptions of Privilege Are Insufficient and Do Not Enable Plaintiffs to Assess the Claims. .......... 16

C. Improper or Unjustified Redactions Do Not Bear Any Facial Indicia of Privileged Materials .......... 18

1. Documents that Do Not Involve an Attorney .......... 18

2. Documents that Involve an Attorney but Relate to Business, Not Legal Matters .......... 20

VI. CONCLUSION .......... 27

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Abilify (Aripiprazole) Prod. Liab. Litig.*,
2017 WL 6757558 (N.D. Fla. Dec. 29, 2017)....18

*Anaya v. CBS Broad., Inc.*,
251 F.R.D. 645 (D.N.M. 2007)....14

*Applied Med. Resources Corp. v. Ethicon, Inc.*,
2005 WL 6567355 (C.D. Cal. May 23, 2005)....12

*Brunswick Corp. v. Doff*,
638 F.2d 108 (9th Cir. 1981)....12

*Burlington Northern & Santa Fe Railway Co. v. United States District Court*,
408 F.3d 1142 (9th Cir.)....13, 14, 15, 16

*United States v. ByteDance, et al.*,
No. 2:24-cv-06535-ODW-RAO (C.D. Cal.)....15

*Centerline Hous. P'ship I, L.P.-Series 2 v. Palm Communities*,
2021 WL 4895746 (C.D. Cal. Sept. 2, 2021)....12, 19

*United States v. Chen*,
99 F.3d 1495 (9th Cir. 1996)....12

*United States v. Chevron Corp.*,
1996 WL 264769 (N.D. Cal. Mar. 13, 1996)....13, 20, 21

*United States v. Chevron Texaco Corp.*,
241 F. Supp. 2d 1065 (N.D. Cal. 2002)....20

*Clavo v. Zarrabian*,
2003 WL 24272641 (C.D. Cal. Sep. 24, 2003)....20

*Genentech, Inc. v. Trustees of Univ. Pennsylvania*,
2011 WL 5079531 (N.D. Cal. Oct. 24, 2011)....26

*In re Google RTB Consumer Priv. Litig.*,
2022 WL 17072016 (N.D. Cal. Nov. 17, 2022)....18

*Grimes v. City & Cty. of San Francisco*,
951 F.2d 236 (9th Cir. 1991) .......... 11

*In re Human Tissue Prod. Liab. Litig.*,
2009 WL 1097671 (D.N.J. Apr. 23, 2009) .......... 27

*Johnson v. Ford Motor Co.*,
309 F.R.D. 226 (S.D. W.Va. 2015) .......... 12

*Leonen v. Johns-Manville*,
135 F.R.D. 94 (D.N.J. 1990) .......... 20

*Loop AI Labs Inc. v. Gatti*,
2016 WL 2908415 (N.D. Cal. May 13, 2016) .......... 13, 15, 19

*Maki v. United States*,
2008 WL 1756330 (W.D. Va. Apr. 16, 2008) .......... 12

*United States v. Martin*,
278 F.3d 988 (9th Cir. 2002) .......... 11, 12

*In re Napster, Inc., Copyright Litig.*,
2005 WL 6569723, . (N.D. Cal. Apr. 12, 2005) .......... 20

*Phillips v. C.R. Bard, Inc.*,
290 F.R.D. 615 (D. Nev. 2013) .......... 20

*Porter v. City & Cty. of San Francisco*,
2018 WL 4215602 (N.D. Cal. Sept. 5, 2018) .......... 13, 15

*Robinson v. Texas Auto. Dealers Ass'n*,
214 F.R.D. 432 (E.D. Tex. 2003) .......... 14

*Sherman v. Regents of Univ. of Cal.*,
2022 WL 875652 (N.D. Cal. Mar. 24, 2022) .......... 16

*In re Telescopes Antitrust Litig.*,
2022 WL 17331257 (N.D. Cal. Nov. 29, 2022) .......... 18

*TikTok v. Garland*,
No. 24-01113 (D.C. Cir.) .......... 15

*Urban Box Office Network, Inc. v. Interfase Managers, L.P.*,
2006 WL 1004472 (S.D.N.Y. Apr. 18, 2006) .......... 20

*Veolia Water Sols. & Techs. Support v. Siemens Indus., Inc.*,
63 F. Supp. 3d 558 (E.D.N.C. 2014) ........................................................ 27

*In re Viaxx Prod. Liab. Litig.*,
501 F. Supp. 2d 789 (E.D. La. 2007) ....................................................... 27

*Visa U.S.A., Inc. v. First Data Corp.*,
2004 WL 1878209 (N.D. Cal. Aug. 23, 2004) ............................................ 20

*Wisk Aero LLC v. Archer Aviation Inc.*,
2022 WL 524065 (N.D. Cal. Feb. 22, 2022) ............................................... 12

*S.E.C. v. Yorkville Advisors, LLC*,
300 F.R.D. 152 (S.D.N.Y. 2014) ................................................................. 17

**Federal Statutes**

28 U.S.C. § 636(b)(1)(A) P. 72(a) ................................................................ 11

**Other Authorities**

Fed. R. Civ. P. 26(b)(5)(A) .......................................................................... 12

Fed. R. Civ. P. 26(b)(5)(A), (2) .................................................................... 16

Fed. R. Civ. P. Rule 34 ................................................................................. 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants' belated and insufficient privilege and redaction logs have prevented Plaintiff from obtaining the evidence to which they are entitled in this case.

Pursuant to the local rules and this Court's referral of discovery, Plaintiffs submitted their privilege withholding and redaction disputes to the Magistrate Judge ("Motion"), ECF 338. After 44 pages of briefing in the joint stipulation and supplemental memoranda (excluding exhibits), and nearly 90 minutes of oral argument, Judge Eick issued the order at issue, the entire substantive analysis of which is contained in the following single paragraph:

> . . . The Magistrate Judge is unable to conclude that an application of the "Burlington" factors "in the context of a holistic reasonableness analysis" warrants a deemed waiver of the privileges asserted. *See Burlington Northern & Santa Fe Railway Co. v. United States District Court*, 408 F.3d 1142 (9th Cir.), *cert. denied*, 546 U.S. 939 (2005). Further, the Magistrate Judge has concluded that an in camera inspection of withheld documents or withheld portions of produced documents is not warranted. *See In Re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992); *see also United States v. Zolin*, 491 U.S. 554, 572 (1989).

ECF 358 at 1. It is impossible to tell from that paragraph whether the conclusion is right or wrong. But in fact, the Court should have deemed privilege waived, especially as to the withheld documents that remained unlogged even at the time of the hearing, and the Court should have inspected *in camera* the 16 documents Plaintiffs proposed.[1]

## II. BACKGROUND

Plaintiffs brought the Motion to address Defendants' improper withholding and redaction of documents based on vague, sweeping claims of privilege and inadequate privilege and redaction logs. The Motion was brought against a background of

[1] After Plaintiffs filed the Motion, Defendants produced three of the 16 documents with fewer or no redactions. *See* ECF 284-1 at p.5.

massively delayed discovery by Defendants. Plaintiffs flagged Defendants' late production for this Court in a previously filed unopposed motion to modify the case management order. *See* ECF 251. This Motion highlights yet another consequence of Defendants' failure to abide by the parties' agreements and dump the vast majority of documents produced at the end of discovery: The late productions begot even later privilege and redaction logs.

As of the date Plaintiffs provided their portion of the Joint Stipulation in support of the Motion to Defendants, Defendants' last privilege log entry, served June 17, 2024, was for TIKTOK-BG-000153024, *see* Mot. Ex. 2 (ECF 338-1) at 26. Since then, Defendants had produced ***2.9 million pages*** without logging a single document withheld from that giant production. Similarly, Defendants' latest redaction log entry was for TIKTOK-BG-000220390, i.e., ***2,859,755 pages behind*** at the time Plaintiffs' portion of the joint stipulation was due (out of a total production of 3,080,145 pages). Ex. 3 to Joint Stipulation, ECF 284-4 at 26; Declaration of Gregory B. Linkh In Support of Joint Stipulation Regarding Motion ("Linkh Decl."), ECF 284-2, ¶ 16. Logs provided after the briefing deadline are untimely and impracticably late for Plaintiffs to analyze and challenge for use in, e.g., opposition to Defendants' Motion for Summary Judgment, which was due before the Motion. This is exactly why the parties agreed that Defendants would not wait to dump documents on Plaintiffs at the last minute; Defendants' brazen violation of that agreement has left Plaintiffs with insufficient opportunity to review not only the documents but also the corresponding privilege and redaction logs that followed the eleventh-hour dumps.

Plaintiffs raised concerns about Defendants' privilege and redaction logs repeatedly. On February 22, 2024, Plaintiffs wrote Defendants to challenge (1) their production of redacted documents that are not reflected on redaction logs, (2) their improper redaction of documents that have no indicia of privilege, and (3) their logs' improper references to "Legal" with no identification of actual attorneys. Mot. Exs. 4, 5 (ECF 284-5 & 284-6). In March, Defendants purported to have rectified these

defects by (1) re-evaluating their assertions of privilege and either withdrawing in full or in part certain redactions, *see* Mot. Ex. 6 (ECF 284-7, D. Savage Mar. 14, 2024 email), and supplementing their redaction logs with all documents with redactions, *see* Mot. Ex. 7 (ECF 284-8, D. Savage Mar. 25, 2024 email).

As Defendants' document production continued, Plaintiffs learned that Defendants had continued to engage in the same tactics to which Plaintiffs had objected back in February. In fact, the Court can see some of these defects in the sixteen documents for which Plaintiffs seek *in camera* review. *See, e.g.*, Mot. Ex. 9 (ECF 284-9) at PRIV-6, PRIV-7, PRIV-10, PRIV-11, PRIV-12. On August 2, 2024, Plaintiffs again wrote to Defendants, noting that Defendants had promised, but failed, to correct deficiencies in their privilege and redaction logs. Mot. Ex. 8 (ECF 338-2, C. Lee Aug. 28 email). Those deficiencies included withholding and redacting documents without identifying them on a log, redacting comments made by non-attorneys that do not appear to correspond with attorneys, vaguely stating that communications were with "Legal" without identifying the names or positions of actual attorneys, failing to identify recipients of documents, and failing to describe the nature of documents or communications in a manner that would enable Plaintiffs to assess the claim. *Id*.

Defendants continued to provide piecemeal privilege and redaction logs even after the fact discovery cutoff and even after the filing of and hearing on the Motion. On October 10, the night before the fact discovery cutoff, Defendants served a 193-page privilege log. Ex. 34. On October 11, the night of fact discovery cutoff, Defendants served a 23-page redaction log. Defendants' last logs were served the evening of November 1 ***after*** the hearing on the Motion. Declaration of Jonathan Rotter submitted herewith at ¶¶3-4, Exs. 44 and 45.

## III. THE MOTION

The Motion before the Magistrate Judge argued that the purpose of providing logs is to enable the receiving party to assess and, where appropriate, challenge, the

producing party's withholding of documents. Defendants' conduct ran out the clock before the October 11 discovery cutoff and prevented Plaintiffs from challenging their privilege assertions and redactions. The Motion raised the following issues:

First, Defendants failed to produce logs corresponding with the vast majority of their productions. While Defendants informed Plaintiffs that they would attempt to provide logs the week of October 7 (after Plaintiffs' provision of their portion of the Joint Stipulation, which under the Court's schedule could not be delayed), such logs would arrive too late and provide inadequate time for Plaintiffs to review them and raise appropriate challenges. Plaintiffs thus requested an order that Defendants, by waiting until the very last week of fact discovery to serve logs for documents, had waived any protections for documents withheld or redacted without a log entry as of October 3, 2024.

Second, Defendants had not provided redaction logs for certain redacted documents. Plaintiffs requested an order that Defendants waived any protections for these redactions and that the documents be produced in unredacted form.

Third, the limited set of timely logged documents contained hundreds of suspect entries with inadequate descriptions of privilege that leave Plaintiffs unable to evaluate the propriety of Defendants' withholding. Further, many entries identify no lawyer at all—not as an author, recipient,[2] or in the privilege description. For such entries that identify no lawyer and lack adequate descriptions, Plaintiffs requested that the privilege be deemed waived and the underlying documents be produced.

Fourth, Defendants have made redactions, with insufficient justification, on documents that bear no facial indicia that the redacted material contains attorney-client communications. Plaintiffs respectfully asked the Court to conduct an *in*

[2] The Motion pointed out that Defendants' logs lacked a field to identify recipients. The supplemental log served on November 1, 2024, the morning of the hearing, contained the recipients field. Defendants' logs are still deficient for the other reasons described in the Motion and as described here.

*camera* review of 16 exemplar documents and order Defendants to produce any documents it finds to have been improperly withheld. *See* Ex. 9 to Joint Stipulation, ECF 284-9 (chart of 16 documents); *see also* Exs. 12-13 (ECF 338-3 & 338-4), 15-16 (ECF 338-6 & 338-7), 19-26 (ECF 338-10 through 338-18), 29-32 (ECF 338-21 through 338-24).

## IV. LEGAL STANDARDS

### A. Standard For Review of a Nondispositive Ruling of a Magistrate Judge

Pretrial orders of a magistrate judge "are reviewable under the 'clearly erroneous and contrary to law' standard." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); *see also* Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies only to the magistrate judge's *findings of fact*. The magistrate judge's legal conclusions are freely reviewable *de novo* to determine whether they are 'contrary to law.'" Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 16-F (citing *Power-Share, Inc. v. Syntel, Inc.*, 597 F3d 10, 15 (1st Cir. 2010); *Perry v. Schwarzenegger*, 268 FRD 344, 348 (N.D. Cal. 2010)).

Here, Judge Eick made no findings of fact, instead reaching only the legal conclusion, without explanation, that the standards set by the cited cases had not been met. Accordingly, the District Court must review the motion *de novo*.

### B. Standard For Withholding and Logging Documents

In the Ninth Circuit, an eight-part test governs the determination of whether the attorney-client privilege applies to a particular document. *See United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002). The privilege applies "(1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived." *Id.* The party

asserting the privilege bears the burden of showing it applies. *Id.* "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (citation omitted).

"To qualify for the work product protection," Defendants "must demonstrate the documents were prepared in anticipation of litigation or for trial." *Centerline Hous. P'ship I, L.P.-Series 2 v. Palm Communities*, 2021 WL 4895746, at *9 (C.D. Cal. Sept. 2, 2021).

When a party withholds information from discovery on the basis of attorney-client privilege or work-product protection, "the party must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

Blanket assertions of privilege are insufficient. *Brunswick Corp. v. Doff*, 638 F.2d 108, 110 (9th Cir. 1981); *Maki v. United States*, 2008 WL 1756330, at *4 (W.D. Va. Apr. 16, 2008) ("bald assertion that certain documents were 'prepared at the request' of counsel . . . does not meet its burden of establishing that these documents are privileged from discovery under the attorney-client privilege"). "Rather, the party's privilege log 'must set forth specific facts which, taken as true, establish the elements of the privilege for each document for which privilege is claimed.'" *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 232-33 (S.D. W.Va. 2015) (citation omitted).

The mere fact that "an attorney" is "one of several recipients" is not sufficient to distinguish the documents withheld from "ordinary business communication, to which the privilege does not apply." *Applied Med. Resources Corp. v. Ethicon, Inc.*, 2005 WL 6567355, at *2 (C.D. Cal. May 23, 2005); *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) ("That a person is a lawyer does not, ipso facto, make all communications with that person privileged."); *Wisk Aero LLC v. Archer Aviation Inc.*, 2022 WL 524065, at *4 n.3 (N.D. Cal. Feb. 22, 2022) ("As in-house counsel,

Bibbes's communications may include 'dual-purpose communications,' involving 'both legal and non-legal analyses.'") (quoting *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021)); *United States v. Chevron Corp.*, 1996 WL 264769, at *4 (N.D. Cal. Mar. 13, 1996) ("a corporation must make a ***clear showing*** that in-house counsel's advice was given in a professional legal capacity" (emphasis in original)).

**C. Standard For Waiver of Privilege**

The Ninth Circuit set forth a multifactor test to determine whether a litigant has waived privilege. The factors to consider are as follows:

> [T]he degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). "These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Id.* "Finally, the application of these factors shall be subject to any applicable local rules, ***agreements or stipulations among the litigants***, and discovery or protective orders." *Id.* (emphasis added).

Courts in this circuit have not hesitated to find waiver under this *Burlington* standard. *See, e.g.*, *Loop AI Labs Inc. v. Gatti*, 2016 WL 2908415, at *3 (N.D. Cal. May 13, 2016) (finding waiver); *Porter v. City & Cty. of San Francisco*, 2018 WL 4215602, at *5-7 (N.D. Cal. Sept. 5, 2018) (same); *see also* ECF 317 (supplemental

memorandum) at pp. 1-3; *Robinson v. Texas Auto. Dealers Ass'n*, 214 F.R.D. 432, 456 (E.D. Tex. 2003), *rev'd on other grounds*, 2003 WL 21911333 (5th Cir.)) (cited in Motion, ECF 284-1 at 15).

## V. ARGUMENT

### A. Defendants' Failure to Timely Provide Adequate Privilege Logs Is a Deemed Privilege Waiver.

"The law is well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 651 (D.N.M. 2007); *see also Burlington*, 408 F.3d at 1149 (affirming district court's finding of waiver where privilege log filed five months after the Rule 34 time limit of 30 days). It is necessary to find waiver where a privilege log is updated only in response to a motion to compel "to prevent gamesmanship." *Robinson*, 214 F.R.D. at 456, *rev'd on other grounds*, 2003 WL 21911333 (5th Cir.)). "If a party is allowed to withhold documents without giving opposing parties notice that the documents exist but are being withheld, the opposing party will obviously be unable to contest the validity of a privilege or protection asserted for those documents." *Id*. "Amending the privilege log to fully disclose the scope of withheld documents after a motion to compel documents in the privilege log has already been filed is too late to serve that purpose. If the existence of all the documents that would be most enticing to the opposing party is not known, no motion to compel may ever be filed." *Id*.

That is what happened here. At the time Plaintiffs provided their portion of the joint stipulation on October 3, 2024—which was the latest Plaintiffs could do so to have the motion heard before the motion cutoff—Defendants had failed to produce logs corresponding to documents withheld for approximately 93% of pages of their production. On October 10, 2024, Defendants served a 193-page privilege log. Mot. Ex. 34 (ECF 319-2). On October 11, the night of fact discovery cutoff, Defendants served a 23-page redaction log. Mot. Ex. 35 (ECF 319-3). On October 16, Defendants

confirmed that these logs are ***still*** incomplete and that they expect to serve an additional redaction log ***after*** the close of fact discovery. Mot. Ex. 42 (ECF 317-2). Indeed, Defendants had not completed their logs even on the November 1, 2024 date the motion was heard. Nov. 1, 2024 Hrg. Tr. (attached as Ex. 46) at 36-38. By this point, Plaintiffs had already taken the depositions of fact witnesses and/or 30(b)(6) corporate representatives Becca Wong, Branky Shao, Daniel Kirschgessner, Lizzie Li, Simran Sahni, Sheraz Amin, and Yun-Feng Wei. In other words, Plaintiffs were forced to take half of their fact depositions, and all 30(b)(6) depositions, before Defendants produced the vast majority of the documents in this case, and before Plaintiffs had the opportunity to challenge claims of privilege.

Because Defendants' gamesmanship and violation of the parties' production schedule has prevented Plaintiffs from having the timely opportunity to review logs and challenge any improperly withheld or redacted documents, the Court should find that Defendants have waived any applicable privilege due to their unreasonable delays under *Burlington*, given that Defendants produced logs so late that Plaintiffs were unable to "assess the applicability of the claimed privilege or protection" before "fact discovery closed." *Loop AI Labs*, 2016 WL 2908415, at *3 (applying first two *Burlington* factors and finding waiver).

Further supporting a finding of waiver is the fact that Defendants are "sophisticated corporate litigant[s] and a repeat player in [privacy] lawsuits and regulatory actions . . . that is the subject of the underlying lawsuit,"[3] *Burlington*, 408 F.3d at 1149, and they were already on notice—as of February 2024—that they had failed to include all documents produced with redactions in their redaction logs, *Porter*, 2018 WL 4215602, at *7 (citing, in favor of waiver, that the party was already

[3] Second Amended Complaint (Dkt. 137) at ¶¶ 23-24; *see also United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal.); *TikTok v. Garland*, No. 24-01113 (D.C. Cir.).

on notice of risk of privilege waiver). These circumstances justify the finding of waiver under *Burlington*, 408 F.3d at 1149-50; *see also Sherman v. Regents of Univ. of Cal.*, 2022 WL 875652, at *4 (N.D. Cal. Mar. 24, 2022) (questioning counsel's statement that "they 'worked diligently' to produce a log after the close of discovery" where "they provide no evidence or explanation of such diligence" but finding "in any event, the log itself is insufficient to support their assertions of privilege").

**B. Defendants' Descriptions of Privilege Are Insufficient and Do Not Enable Plaintiffs to Assess the Claims.**

Equally troubling as the documents withheld or redacted without being logged are the inadequate descriptions of privilege in the logs that were produced by Defendants. The privilege and redaction logs are deficient in at least three ways: (1) the generic descriptions of privilege do not "enable other parties to assess the claim," as required by Rule 26(b)(5)(A), (2) the entries contain no information regarding the recipients of these purportedly privileged documents, and (3) many entries do not reference a lawyer at all but reference only "Legal" or only "legal advice" without any further description.

The following are examples of entirely generic, nonspecific descriptions of privilege littered throughout Defendants' logs:

| Privilege ID | Date Created | Custodian | Author(s) | Privilege Description | Privilege Claim | Page # in Ex. 2 |
|---|---|---|---|---|---|---|
| TIKTOK-BG-000134093 | 4/28/2022 0:47 | Sandy Chang | Lizzie Li | Communication seeking legal advice regarding the Pixel | Attorney-client privilege | 6 |
| TIKTOK-BG-000129380 | 5/5/2023 17:05 | Rachel Zhang | Rachel Zhang | Communication seeking legal advice regarding data storage | Attorney-client privilege | 5 |
| TIKTOK-BG-000139029 | 3/2/2022 15:46 | Sara Virk | Becca Wong | Communication seeking legal advice regarding cookies | Attorney-client privilege | 9 |
| TIKTOK-BG-000139271 | 1/5/2022 9:02 | Sandy Chang | Rose Suman | Communication in furtherance of providing legal advice regarding client communication | Attorney-client privilege | 10 |
| TIKTOK-BG-000141334 | 2/9/2022 0:37 | Yuxi Deng | Moritz Bartsch | Communication seeking legal advice regarding privacy | Attorney-client privilege | 14 |
| TIKTOK- | 7/20/2022 | Yuxi Deng | Sandy | Communication seeking | Attorney-client | 14 |

| | | | | | | |
|---|---|---|---|---|---|---|
| BG-000141349 | 4:28 | | Chang | legal advice regarding product design | privilege | |
| TIKTOK-BG-000144886 | 9/15/2021 9:42 | Sissi Xu | Anni Zhang | Legal advice regarding advertiser communication | Attorney-client privilege | 15 |
| TIKTOK-BG-000142214 | 4/12/2022 5:47 | Maliya Wang | Roger Luo | Communication seeking legal advice regarding product support | Attorney-client privilege | 16 |
| TIKTOK-BG-000138272 | 7/8/2022 20:06 | Sheraz Amin | Blake Holesovsky | Communication seeking legal advice regarding business terms | Attorney-client privilege | 23 |

"Pixel," "data storage," and "cookies" are what this entire case is about; descriptions of privilege that merely state that some document reflects legal advice about the "Pixel," without more, is wholly inadequate to enable Plaintiffs to determine whether documents are indeed properly withheld.

On the morning of the hearing on the Motion, November 1, 2024, Defendants served an updated log with an additional field reflecting the recipients of purportedly privileged communication. Rotter Decl. ¶ 2, Ex. 43. That late production prejudiced Plaintiffs' ability to address the updated log in the briefing or at the hearing, and therefore should not be considered. *See S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 162-168 (S.D.N.Y. 2014) (holding that SEC's initial privilege logs in civil enforcement action failed to provide adequate description of subject matter, authors, and recipients of withheld documents, thus resulting in waiver of any applicable privilege, and refusing to consider untimely revised privilege logs).

But even if Defendants' grossly late logs were considered, it confirms that there are many redactions that are communications between nonlawyers, raising the likelihood that the redacted material has been improperly withheld. For instance, page 32 of the log, Ex. 43, lacks a single lawyer name. For entries that do not identify any lawyer in the custodian, author, or description fields and that also suffer from generic, insufficient descriptions of purported privilege, Plaintiffs request that the Court order the corresponding documents to be produced. In the alternative, Plaintiffs request that the Court order Defendants to provide them for *in camera* review.

### C. Improper or Unjustified Redactions Do Not Bear Any Facial Indicia of Privileged Materials.

#### 1. Documents that Do Not Involve an Attorney

The attorney-client privilege protects confidential disclosures made by a client to an attorney to obtain legal advice, as well as an attorney's advice in response to such disclosures. *Baxter*, 2008 WL 5214330, at *2 (citation omitted). The privilege is limited to "only those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege." *Id.* Accordingly, at minimum, a privilege log must identify "the attorney and client involved." *In re Telescopes Antitrust Litig.*, 2022 WL 17331257, at *2 (N.D. Cal. Nov. 29, 2022) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)). "Suffice it to say that for each privilege claim, the privilege log should disclose the attorney and client involved in the communication." *Id.* at *4; *see also In re Google RTB Consumer Priv. Litig.*, 2022 WL 17072016, at *5 & n.3 (N.D. Cal. Nov. 17, 2022) (ordering Google to provide supplemental information as to 18 disputed privilege log entries, including "the attorney(s) involved" and specifying that the "disclosures should identify an individual or individuals, not 'Google,' if known").[4]

Numerous entries in Defendants' privilege logs do not meet the basic requirement of identifying the attorneys involved in the purported claim of privilege. For example, the chart of sample entries discussed above, contains no reference to attorneys anywhere. As additional examples, PRIV-7, PRIV-9, PRIV-10, PRIV-11, PRIV-12, PRIV-13, PRIV-14, PRIV-15, and PRIV-16 (attached as Mot. Exs. 21 (ECF 338-12), 23-30 (ECF 338-14 through 338-22)), for which Plaintiffs request *in camera*

[4] Defendants' citation to *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2017 WL 6757558 (N.D. Fla. Dec. 29, 2017), does not help their case. In that rare case in which a court accepted privilege log entries without a specific attorney identified, the log entry otherwise made it "evident that the information being compiled or discussed by corporate employees was information requested by or generated by an attorney." *Id.* at *6. That is not the case here.

review, also do not mention any attorneys in the entries.

Likewise, to qualify for work product protection, Defendants "must demonstrate the documents were prepared in anticipation of litigation or for trial." *Centerline*, 2021 WL 4895746, at *9. Certain entries in Defendants' privilege logs claim "work product" privilege without identifying any litigation or trial for which the documents were supposedly prepared:

| **Privilege ID** | **Date Created** | **Custodian** | **Author(s)** | **Privilege Description** | **Privilege Claim** | **Page # in Ex. 2** |
|---|---|---|---|---|---|---|
| TIKTOK-BG-000138903 | 8/4/2022 20:28 | Simran Sahni | Maliya Wang | Communication seeking legal advice regarding 3P and 1P cookies | Work product | 10 |
| TIKTOK-BG-000147852 | 9/21/2022 22:18 | Zeno Du | Christian Bingham | Communication in furtherance of seeking legal advice regarding cookies | Attorney-client communication/work product | 24 |
| TIKTOK-BG-000147917 | 1/11/2023 20:42 | Zeno Du | Christian Bingham | Communication in furtherance of providing legal advice regarding cookies | Attorney-client communication/work product | 25 |
| TIKTOK-BG-000134097 | 4/28/2022 15:34 | Sandy Chang | Maliya Wang | Communication seeking legal advice regarding the Pixel | Attorney-client privilege/work product | 6 |
| TIKTOK-BG-000143169 | 6/9/2022 20:56 | Becca Wong | Becca Wong | Communication reflecting legal advice regarding the Pixel from **Legal** | Attorney-client privilege; work product | 20 |

In addition, hundreds of entries in Defendants' October 10, 2024 privilege log describe withheld documents only as "Reflecting legal advice regarding Pixel from Legal" and identify no attorney at all in any field (custodian, from/author, recipient, or privilege description). *See* Mot. Ex. 34 (ECF 319-2). These are the kinds of "plainly deficient" entries that prevent Plaintiffs from actually "assess[ing] whether the assertion of privilege or protection is justified." *Loop*, 2016 WL 2908415, at *3. The *Burlington* factors would plainly result in waiver here, where Defendants have failed to log purportedly privileged documents and/or they have produced logs so late that Plaintiffs would be unable to "assess the applicability of the claimed privilege or protection" before "fact discovery closed." *Id.*

### 2. Documents that Involve an Attorney but Relate to Business, Not Legal Matters

It is black-letter law that "[c]ommunications which relate to business rather than legal matters do not fall within the protection of the privilege." *Leonen v. Johns-Manville,* 135 F.R.D. 94, 98 (D.N.J. 1990). To show that a communication relates to legal advice, the proponent of the privilege must demonstrate that the "primary purpose" of the communication was securing legal advice. *United States v. Chevron Texaco Corp*., 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002); *see also Visa U.S.A., Inc. v. First Data Corp.*, 2004 WL 1878209, at *4 (N.D. Cal. Aug. 23, 2004) (rejecting a "because of" standard and applying a "primary purpose" standard). A defendant must "distinguish between legal advice, which is privileged, and advice concerning matters of business strategy that happens to be provided by a lawyer, which is not." *In re Napster, Inc., Copyright Litig.*, 2005 WL 6569723, at *5 n.1. (N.D. Cal. Apr. 12, 2005), *rev'd on other grounds,* 479 F.3d 1078, 1090 (9th Cir. 2007). Importantly, "[w]here there are several possible interpretations of a document based upon the surrounding circumstances, the party asserting the privilege must produce evidence sufficient to satisfy a court that legal, not business, advice is being sought." *Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, 2006 WL 1004472, at *6 (S.D.N.Y. Apr. 18, 2006).

Privilege does not attach to communications merely because an attorney was involved—that attorney must be acting in counsel's professional capacity as a lawyer for the corporation and providing legal advice for the privilege to apply. *See Chevron*, 1996 WL 264769, at *4 (noting a company must "make a ***clear showing*** that in-house counsel's advice was given in a professional legal capacity"); *Phillips v. C.R. Bard, Inc*., 290 F.R.D. 615, 630 (D. Nev. 2013) ("the court agrees that merely copying or 'cc-ing' legal counsel, in and of itself, is not enough to trigger the attorney-client privilege"); *Clavo v. Zarrabian*, 2003 WL 24272641, at *2 (C.D. Cal. Sep. 24, 2003) ("The mere transmittal of documents to a lawyer is insufficient to bring documents

under the umbrella of the attorney-client privilege.").

Defendants have redacted or withheld numerous documents that were apparently created primarily for business purposes and not to communicate or seek confidential legal advice. For instance, PRIV-06 (Ex. 20) is a document titled [redacted] which plainly is a [redacted] document not created for the primary purpose of seeking legal advice. Yet, Defendants redacted a snippet of the document and claimed that the redacted portion is "legal advice regarding cookies" from in-house counsel Jurgen Van Staden:

[redacted]

*See* Ex. 3, also reproduced at Ex. 9. There is no indication from the face of the document that the redacted portion is legal advice. Even the comment in the document in the vicinity of the redaction makes clear that whatever was redacted was a [redacted]—i.e. a decision by [redacted]. And even if the redacted portion is indeed a comment from Mr. Van Staden, it is clear that this document was created primarily for business purposes, and therefore, not protected by the attorney-client privilege. Defendants' now-withdrawn clawback involving communication with Mr. Van Staden, *see infra*, further reflect Defendants' admission that not all communications with him are privileged because he is a lawyer. TikTok has failed to "make a clear showing that in-house counsel's advice was given in a professional legal capacity." *Chevron*, 1996 WL 264769, at *4.

TIKTOK-BG-000168981 (Chinese version attached as Mot. Ex. 27 (ECF 338-19); English translation as Mot. Ex. 28 (ECF 338-20)) is another example of Defendants' improper redaction. The document, titled [redacted] is, on its face, a [redacted] document created primary for a business, not legal, purpose. Yet Defendants redacted comments on page 44 of the document (or page 47 in the translated version of the document) made by [redacted], none of whom were identified as lawyers on Defendants' logs.

[redacted]

Further, Defendants failed to log the document in their redaction logs altogether, until the log served *the morning of the November 1 hearing*, leaving Plaintiffs with no way to evaluate whether the redactions are indeed privileged.[5]

Perhaps the two strongest pieces of evidence that Defendants have improperly withheld or redacted non-privileged documents come from (1) the same document of which Defendants have produced different versions with ***different redactions*** and (2) a clawback request that Defendants sought to make during a deposition.

[5] That log provided the following descriptions: [redacted] Ex. 43 at 39.

*First*, Defendants have produced the same documents with different redactions throughout discovery. After Plaintiffs challenged the propriety of Defendants' redactions in February, they "reevaluated some of [their] privilege determinations" and re-produced certain documents with no or fewer redactions. *See* Mot. Ex. 6 (ECF 284-7, D. Savage Mar. 14 Email). The redactions that Defendants originally made and then withdrew reveal that Defendants' representations about their withheld documents are false. Compare, for example, a document that Defendants originally produced with redactions, under the guise of "legal advice regarding Events API," with an unredacted version of the same:

[redacted]

**TIKTOK-BG-000009259 (with redaction) (Ex. 17)**

[redacted]

**TIKTOK-BG-000009259 (without redaction) (Ex. 18)**

There was nothing privileged about the portions of these documents that Defendants originally redacted.

Even within the thousands of documents that Defendants dumped on Plaintiffs on October 11, the very last day of discovery, Defendants produced different versions of the same documents with ***different redactions***. Here is one example:

[redacted]

**TIKTOK-BG-003133049 (produced Oct. 11, 2024) (Mot. Ex. 36, ECF 319-4)**

[redacted]

**TIKTOK-BG-003137988 (produced Oct. 11, 2024) (Mot. Ex. 37, ECF 319-5)**

These continued inconsistencies raise serious questions about Defendants' privilege review process and confirm again that their representations about their withheld documents are false.

*Second*, yet another example of Defendants' improper privilege assertion is the privilege dispute that came up during Becca Wong's deposition, when Defendants attempted to claw back portions of a document—namely, a Q&A to aid TikTok employees in answering questions about the Pixel from advertisers. TikTok sought to claw this document back because it contained two comment exchanges between in-house counsel Mr. Van Staden and non-lawyer Ms. Wong:

[redacted]

**TIKTOK-BG-000002638, Comment C44**

[redacted]

**TIKTOK-BG-000002638, Comment C65**

Ex. 10 (clawback letter); Ex. 11 (slipsheet of TIKTOK-BG-000002638).[6]

The comments are plainly not privileged, which Defendants were eventually forced to concede. ECF 321 at 2:16-18. [redacted] These are technical communications not involving any legal advice and are not privileged. *See e.g.*, *Genentech, Inc. v. Trustees of Univ. Pennsylvania,* 2011

[6] Defendants produced this document as an Excel spreadsheet that cannot readily be saved in a PDF format that also preserves the comment exchanges at issue. Plaintiffs are happy to submit the spreadsheet to the Court by email or another mechanism at the Court's preference and convenience.

WL 5079531, at *2 (N.D. Cal. Oct. 24, 2011) (communications from in-house counsel regarding intellectual property were not privileged because their purpose was to "secure information for the purpose of presenting a business case to the Board of Directors"); *Veolia Water Sols. & Techs. Support v. Siemens Indus., Inc.*, 63 F. Supp. 3d 558, 569 (E.D.N.C. 2014) (privilege claim invalid where document does not "suggest that legal advice is being sought, as opposed to providing the document for other corporate or intellectual property management purposes"); *In re Human Tissue Prod. Liab. Litig.*, 2009 WL 1097671, at *4 (D.N.J. Apr. 23, 2009) (communications regarding "business and strategic advice" are not privileged); *In re Viaxx Prod. Liab. Litig.*, 501 F. Supp. 2d 789, 797 (E.D. La. 2007) ("[M]odern corporate counsel have become involved in all facets of the enterprises for which they work. As a consequence, in-house legal counsel participates in and renders decisions about business, technical, scientific, public relations, and advertising issues, as well as purely legal issues.").

Although Defendants withdrew their clawback after the filing of the Motion, as Plaintiffs reiterated to Judge Eick, the clawback was emblematic of a bigger issue of Defendants' faulty understanding of privilege: The fact that Defendants apparently believed this document to be privileged provides further evidence of their incorrect assertions of privilege more generally.

## VI. CONCLUSION

This is an important case potentially implicating the privacy of over 100 million Americans (even though it will be tried on behalf of three individuals). The issues raised by this motion go to whether trial will be based on a full and fair record or whether, conversely, Defendants will have been able to improperly conceal key evidence through spurious claims of privilege.

The decision under review was contrary to law. The Court should grant the motion.

Dated: November 14, 2024

By: */s/ Jonathan M. Rotter*

Ekwan E. Rhow (CA SBN 174604)
Marc E. Masters (CA SBN 208375)
Christopher J. Lee (CA SBN 322140)
**BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
erhow@birdmarella.com
mmasters@birdmarella.com
clee@birdmarella.com

Jonathan M. Rotter (CA SBN 234137)
Kara M. Wolke (CA SBN 241521)
Gregory B. Linkh (*pro hac vice*)
**GLANCY PRONGAY & MURRAY, LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
jrotter@glancylaw.com
kwolke@glancylaw.com
glinkh@glancylaw.com

Kalpana Srinivasan (CA SBN 237460)
Steven Sklaver (CA SBN 237612)
Michael Gervais (CA SBN 330731)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Y. Gloria Park (pro hac vice)
**SUSMAN GODFREY L.L.P.**
One Manhattan West
50th Floor
Telephone: (212) 336-8330
Facsimile: (310) 336-8340
gpark@susmangodfrey.com

John W. McCauley (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jmccauley@susmangodfrey.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Plaintiffs certifies that this brief contains 5742 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 14, 2024

Jonathan Rotter
**GLANCY PRONGAY & MURRAY, LLP**

By: /s/ Jonathan M. Rotter
Jonathan Rotter
Attorney for Plaintiffs