UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADINE GRIFFITH et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TIKTOK, INC. et al.,<br><br>Defendants. | Case No. 5:23-cv-00964-SB-E<br><br>ORDER FOR SUPPLEMENTAL FILING RE MOTION FOR SUMMARY JUDGMENT |

In their reply brief in support of summary judgment, Defendants assert that "Plaintiffs refused discovery into their browsing history beyond [the six websites identified in the complaint] until after summary judgment was filed." Dkt. No. 350 at 1; *see also id.* at 2 ("After Defendants filed this motion, and at the close of discovery, they produced their history."). Defendants contend that "[h]aving argued that their browsing data is irrelevant and not made it available as evidence on summary judgment, they cannot now claim the opposite." *Id*. at 2. Defendants do not cite to any evidence of Plaintiffs refusing to produce discovery, and it is unclear whether Defendants' factual representation is disputed.

Accordingly, so that the Court can determine whether there is a genuine dispute of fact on this issue, the parties shall promptly meet and confer and no later than November 26, 2024, shall file a joint supplemental filing stating (1) whether Defendants requested Plaintiffs' browsing history during discovery, (2) whether, before the summary judgment motion was filed, Plaintiffs produced their browsing history as to websites other than the six identified in the complaint, and (3) if Plaintiffs did not produce that history before the summary judgment motion was filed, whether they claimed it was irrelevant. The Court does not expect there to be a dispute as to these three factual questions, which should have objective answers within the personal knowledge of counsel on both sides, but in the event of a dispute, each side shall briefly state its position and provide a supporting

declaration. Plaintiffs shall also cite their best legal authority for why the Court should allow them to rely on evidence they refused to produce, in the event the Court determines that is what they are trying to do. Each side shall be limited to one page to state its position, and any supporting declarations shall be limited to three pages.

Date: November 21, 2024

Stanley Blumenfeld, Jr.
United States District Judge