Ekwan E. Rhow (CA SBN 174604)
erhow@birdmarella.com
Marc E. Masters (CA SBN 208375)
mmasters@birdmarella.com
Christopher J. Lee (CA SBN 322140)
clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Jonathan M. Rotter (CA SBN 234137)
Kara M. Wolke (CA SBN 241521)
Gregory B. Linkh (*pro hac vice*)
GLANCY PRONGAY & MURRAY, LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
jrotter@glancylaw.com
kwolke@glancylaw.com
glinkh@glancylaw.com

*Attorneys for Plaintiffs*

Kalpana Srinivasan (CA SBN 237460)
Steven Sklaver (CA SBN 237612)
Michael Gervais (CA SBN 330731)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars
14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Y. Gloria Park (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1301 Ave. of the Americas
32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
gpark@susmangodfrey.com

John W. McCauley (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jmccauley@susmangodfrey.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BERNADINE GRIFFITH, *et al.*, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

TIKTOK, INC, a corporation; and BYTEDANCE, INC., a corporation,

Defendants.

CASE NO. 5:23-cv-00964-SB-E

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR REVIEW OF MAGISTRATE JUDGE'S NONDISPOSITIVE RULING AT ECF 358**

Date: December 13, 2024
Time: 8:30 a.m.
Crtrm.: 6C

Assigned to Hon. Stanley Blumenfeld, Jr.

Action Filed: May 26, 2023
Trial Date: Jan. 21. 2025

Given that the issues have been briefed in Plaintiffs' Motion for Review of Magistrate Judge's Nondispositive Ruling at ECF 358 ("Motion") and the underlying papers before Judge Eick, Plaintiffs submit this reply solely to point out the double standard in timely discovery compliance Defendants seek to apply to Plaintiffs versus themselves. This double standard is reflected in Defendants' reply brief in support of summary judgment, Dkt. 350, and in their opposition to this Motion, Dkt. 375.

In their summary judgment reply, Defendants urged the Court to disregard Plaintiffs' data produced on September 20 and supplemented on September 30—well before the October 11 fact discovery cutoff. Dkt. 350 at 1-2; Dkt. 376 at 3; Dkt. 376-1 at ¶¶ 8-9. In their opposition to the Motion, Defendants urge the Court to overlook their privilege logs served on October 10, 11, 18, and November 1—on the last days of and ***after*** the fact discovery cutoff. Dkt. 375 at 13. In other words, for summary judgment, Defendants seek waiver for data produced on September 20, "a date of [their] unilateral choosing"; for the privilege Motion, Defendants excuse delays in privilege logs produced ***after*** fact discovery. Dkt. 375 at 2. Defendants also seek to characterize their production logs as timely because they were served "[b]y the close of discovery." *Id.* at 13. (It is puzzling how they can make this representation while admitting in the very next sentence that they produced supplemental logs on October 18 and November 1. *See id.*) By the same measure, Plaintiffs' data should also be timely. It cannot be that a September 20 production from Plaintiffs is too late and should result in waiver while a November 1 production from Defendants is excusable.

The Court should apply the same standard for timeliness to both parties. As described in the Motion, Defendants' privilege logs were untimely.[1]

---

[1] Defendants' tardy logs were not the first or second instance of untimely production by Defendants in this case. Defendants' produced their data sample eight months after the deadline set by the Court. Dkt. 78; Dkt. 117. They produced the vast majority of their documents after the class certification hearing despite having been requested long before. Dkt. 284-1 at 1-2; 244-1 at 5; Dkt. 252 at 4-7.

Dated: November 27, 2024

By: */s/ Jonathan M. Rotter*

Ekwan E. Rhow (CA SBN 174604)
Marc E. Masters (CA SBN 208375)
Christopher J. Lee (CA SBN 322140)
**BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
erhow@birdmarella.com
mmasters@birdmarella.com
clee@birdmarella.com

Jonathan M. Rotter (CA SBN 234137)
Kara M. Wolke (CA SBN 241521)
Gregory B. Linkh (*pro hac vice*)
**GLANCY PRONGAY & MURRAY, LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
jrotter@glancylaw.com
kwolke@glancylaw.com
glinkh@glancylaw.com

Kalpana Srinivasan (CA SBN 237460)
Steven Sklaver (CA SBN 237612)
Michael Gervais (CA SBN 330731)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Y. Gloria Park (pro hac vice)
**SUSMAN GODFREY L.L.P.**
One Manhattan West
50th Floor
Telephone: (212) 336-8330
Facsimile: (310) 336-8340
gpark@susmangodfrey.com

John W. McCauley (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jmccauley@susmangodfrey.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Plaintiffs certifies that this brief contains 373 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Jonathan M. Rotter*
Jonathan M. Rotter

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On November 27, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 27, 2024.

*/s/ Jonathan M. Rotter*
Jonathan M. Rotter